UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------X

PARENT COMPANY PLAINTIFFS

William A. Niese; James R. Simpson; W. Thomas Johnson, Jr.;
Richard T. Schlosberg, III; Efrem Zimbalist, III; Fred A.
Abatemarco; Gerald J. Alcantar; Richard S. Alfano;
C. Michael Armstrong; Gary M. Arnold; John M. Arthur;
William H. Barlow; David S. Barrett; Bruce E. Barwick; Todd
A. Becker; George Bell; Susan P. Bell; Horst A. Bergmann;
Edward L. Blood; Gregory L. Bowlin; Robert F. Brandt; Alan L.
Brauer; Leo Brennan; Kenneth H. Brief; Robert N. Brisco;
Patricia G. Campbell; Dian S. Carpenter; John S. Carroll;
Kathleen M. Casey; Rajender K. Chandhok; Randolph R.
Charles; Janet T. Clayton; Patrick A. Clifford; Andrew W.
Clurman; C. Shelby Coffey, III; Stuart K. Coppens; George J.
Cotliar; William D. Crawford; Barbara R. DeYoung; John F.
Dill; Ann E. Dilworth; Kathryn M. Downing; Beverly Dreher;
Elizabeth V. Drewry; Michael S. Dubester; John M. Dyer;
Robert F. Erburu; David A. Esgro; Joanne K. Falk; Peter J.
Fernald; James E. Fitzgerald; Michael J. Forgione; Donald H.
Forst; Douglas Fox; Vance I. Furukawa; Debra A. Gastler; Gary
P. Goldstein; Edward J. Gottsman; Marian Lewis (for the estate
of Kenneth Graham); Robert T. Grant; Richard Guerrero; Lee J.
Guittar; James F. Guthrie; Delynn T. Guttry; Kenneth L.
Halajian; Charlotte H. Hall; Jean Halle; Michael J. Haugh; Janis
Heaphy; James D. Helin; Curtis A. Hessler; James H. Higby;
Lawrence M. Higby; Raymond Holton; Karen Laukka Horn;
Leslie M. Howard; Mark E. Howe; Joseph M. Hughes; Alberto
Ibarguen; James Imbriaco; Steven L. Isenberg; William R.
Isinger; Raymond Jansen, Jr.; Edward E. Johnson; Robert M.
Johnson; Mary E. Junck; Scott W. Kabak; Judith S. Kallet;
William F. Keller; Joan Kellermann (for the estate of Donald S.
Kellermann); Victoria King; Jason E. Klein; Jeffrey S. Klein;
Susan K. Klutnick; James L. Kopper; Sally Kuekes; Mark H.
Kurtich; Kimberly McCleary LaFrance; Jeffrey W. Lankey;
David A. Laventhol;
R. Marilyn Lee Schneider; Martin P. Levin; Jesse E. Levine;
Nancy Lobdell; Robert G. Magnuson; Anthony J. Marro; Donald
S Maxwell; Kathleen G. McGuinness; John C. McKeon; Jack E.
Meadows; Stephen C. Meier; Janie Molvar; Roger H. Molvar;
Durham J. Monsma; John T. Nash; Nicholas H. Niles; James H.
Norris; James H. Nuckols; Nancy W. O'Neill; Robert T.
O'Sullivan; Francis P. Pandolfi; Michael C. Parks; Jeffrey N.

Case No. 11 - cv - 4538

NOTICE OF
REMOVAL OF
ACTION PURSUANT
TO 12 U.S.C. § 632,
28 U.S.C. §§ 1334,
1441, 1446 and 1452

: (repeated down right margin)

Paro; John F. Patinella; Janette O. Payne; Carol Perruso; Victor
A. Perry; Maureen G. Peterson; Martha A. Petty; Jack L. Plank;          :
Elizabeth F. Redmond; S. Keating Rhoads; Michael R. Riley;              :
Michael G. Rose; William J. Rowe; Jerome S. Rubin; Alexander
Sann; Geraldine Scally; Herbert K. Schnall; Charles I. Schneider;       :
Hilary A. Schneider; Howard S. Schneider; Brian J. Sellstrom;
James D. Shaw; Dennis A. Shirley; Gary K. Shorts; Louis Sito;           :
Richard W. Stanton; Judith L. Sweeney; Stender E. Sweeney;
James S. Toedtman; Sharon S. Tunstall; Michael S. Udovic;               :
Michael J. Valenti; Karen J. Wada; Claudia A. Wade; James W.
Wallace; Michael E. Waller; Larry W. Wangberg; Howard                   :
Weinstein; William D. Wiegand; Mary A. Wild; Mark H. Willes;
Phillip L. Williams; Hazel E. Wilson; Julia C. Wilson; Harold F.        :
Woldt, Jr.; Leo Wolinsky; Donald F. Wright; John W. Young;
John J. Zakarian; Norene Zapanta (trustee for Dr. Edward                :
Zapanta Trust);

                                                                        :

SUBSIDIARY PLAINTIFFS (without duplicates)
                                                                        :

Sharon M. Bowen; James Willard Colston; Grace E. Crowder;
John Darnall; Kenneth G. Davis; Mary M. Downes; Paul H.                 :
Egan; Arnold J. Kleiner; John R. Murphy; Barbara Sample (for
the estate of Jack W. Neely); Carolyn Selzer; William F.
Thomas; Caroline Thorpe; Robert E. Trainor; Herbert J. Vida

                                                                        :

                    Plaintiffs,
                                                                        :

              -against-
                                                                        :

AllianceBernstein L.P.; Alpine Associated LLC; Alpine
Associates LLC; Amalgamated Bank; Assent LLC; Bank of                   :
America, N.A.; LaSalle Bank, N.A.; Barclays Capital Inc.;
BlackRock Institutional Trust; BMO Nesbitt Burns Employee               :
Co-Investment Fund I Management (U.S.) mc.; BMO Nesbitt
Burns Corp.; BMO Nesbitt Burns Trading Corp. S.A.; BNP                  :
Paribas Securities Corp.; BNP Paribas Prime Brokerage, Inc.;
Brown Brothers Harriman & Co.; Brown Brothers Harriman &               :
Co., Inc.; BZV Securities Inc.; Cantor Fitzgerald & Co.; Charles
Schwab & Co., Inc.; CIBC World Markets Corp.; CIBC World                :
Markets Inc.; Citibank, N.A.; Citigroup Global Markets Inc.;
Clearview Correspondent Services, LLC; Comerica Bank;                   :
Commerz Markets LLC; Credit Agricole Securities (USA) Inc.;
Credit Suisse - Investment Banking and Security Investment
Division; Credit Suisse (USA), Inc.; Credit Suisse Securities           :
(USA) LLC; Crowell, Weedon & Co.; D.A. Davidson & Co.;

2

D.E. Shaw Investment Management, L.L.C.; Deutsche Bank -           :
Private Banking and Investment Banking Investments Division;
Eaton Vance Management; Eaton Vance Management, Inc.;             :
Edward D. Jones & Co., L.P.; EWT, LLC; Fiduciary Trust
Company; Fifth Third Bank; First Option Consulting, Inc.; First   :
Option Debt Solutions Ltd.; First Option Funding Corp.; First
Southwest Company; GAMCO Investors, Inc.; Glenmede Trust          :
Company, N.A.; Goldman Sachs Execution & Clearing, L.P.;
Goldman, Sachs & Co.; Greywolf Capital Management L.P.;           :
Interactive Brokers Inc.; Jeffries & Company, Inc.; Key Bank,
N.A.; Legent Clearing LLC; LPL Financial Corporation;            :
Manufacturers and Traders Trust Company; Merrill Lynch,
Pierce, Fenner & Smith Incorporated; Merrill Lynch Capital        :
Corporation; Merrill Lynch & Co., Inc.; Mesirow Financial, Inc.;
Mizuho Trust & Banking Co. (USA); Morgan Stanley & Co.           :
Incorporated; Morgan Stanley Smith Barney LLC; Morgan,
Keegan & Company, Inc.; National Financial Services LLC;         :
Natixis Bleichroeder Inc.; Natixis Securities North America Inc.;
Neuberger Berman Inc.; Neuberger Berman LLC; Newedge             :
USA, LLC; Nomura Securities International, Inc.; Oppenheimer
& Co. Inc.; OptionsXpress, Inc.; Penson Financial Services, Inc.; :
Perry Capital L.L.C.; Pershing LLC; PrimeVest Financial
Services, Inc.; RABO Capital Services Inc.; Raymond, James &     :
Associates, Inc.; Raymond James Ltd. (USA), Inc.; Raymond
James Financial Services, Inc.; RBC Capital Markets, LLC; RBS    :
Securities Inc.; Schultze Asset Management, LLC; Scotia Capital
(USA) Inc.; Scott Trade, Inc.; SG Americas Securities, LLC;       :
State Street Bank & Trust Company; Sterne, Agee & Leach, Inc.;
Stifel, Nicolaus & Company Incorporated; Swiss American          :
Advisors, LLC; Swiss American Corporation; Swiss American
Express, Ltd.; Terra Nova Financial, LLC; The Bank of New        :
York Mellon Corporation; Mellon Trust of New England,
National Association; The Depository Trust & Clearing            :
Corporation; TradeStation Securities, Inc.; U.S. Bank, N.A.;
UBS Financial Services, Inc.; Wachovia Bank, N.A.; Wells         :
Fargo Bank, N.A.; William Blair & Company, L.L.C.; Martha P.
Pope as Executrix of Estate of Leavitt J. Pope;                  :

and                                                              :

IIA SPX1; A/C CSFB Prop Trading US; Alberta - WCB;              :
Alexandra Global Master Fund Ltd; Allianz Invest KagSiemens;
Am Master Fund 111, LP; Amida Partners Master Fund Ltd;        :
Attn Intl Program Trades; B Trade Services LLC; Bessemer
Trust Company; Blackport Capital Fund Ltd; Canadian Imperial    :

3

$55Arb; Carlyle Multi-Strategy Master Fund Ltd.; CBS Master
Trust; Cedar Grove Cem Assn Perp Care; CIM XVI LLC; CMA  :
Omnibus; Collective Trust Of The Bank of New York;
Consolidated Edison Of NY K801; Convertibles Strategic Hold;
Credit Suisse First Boston; D. E. Shaw Valence Portfolio LLC;
DB AG Equity Swaps Offshore - Consolidated Account I; DBSO
Securities Ltd.; De Shaw Oculus Port LLC - USA; Delos
Insurance Company; Deutsche Bank Secs Inc; Dr. David L.
Hoexter IRA R/O; Drawbridge Global Macro Master Fund Ltd.;
Dreyfus Index Funds, Inc Dreyf; Dreyfus Stock Index Fund, Inc.;
E-Connectivity Avg Px; Eric D. Werthman; Fao Deephaven; Fao
Havens Advisors LLC; First Investors Life Series Fund - Utilities
Series; First Investors Life Series Fund-Blue Chip Series; Firstar
Trust Company; Flexible US Equity Managers; Forestal Funding
Master Trust; Gabelli Asset Management Company; Gabelli
Asset Management Company; Gabelli Avg Price 2; Gabelli
Equity Trust Inc; Gabelli Funds, Inc.; Gabelli Funds, Inc. - The
Gabelli Equity Inc. Fd; Gabelli Funds, Inc. - Gabelli ABC Fund;
Gabelli Funds, Inc. - Gabelli Funds Inc.; Gabelli Funds, Inc. -
The Gabelli Asset Fund; Gabelli Funds, Inc. - The Gabelli Equity
Inc. Fd; Gabelli Funds, Inc. -The Gabelli Global Multimed Tr;
Gabelli Global Deal Fund; Gabelli Value Fund Inc; Gabelli
Value Fund, Inc.; GMIMCO Trust; Goldentree Master Ftmd II,
Ltd.; Goldentree Master Fund Ltd.; Goldentree Multistrategy
Offshore Fund; Greenock Multi-Strategy Master Fund Ltd.;
Gryphon Hidden Value VIII LP; Gryphon Hidden Values VIII
Ltd; Halcyon Diversified Fund LP; Havens Partners Enhanced
Fund, L.P.; Havens Partners, L.P.; Himan Brown; Hudson Bay
Fund LP; Hudson Bay Master Fund Ltd; IBM Personal Pension
Plan Trust; Instinet Corp NY; Investment Tech Group Inc;
Iolaire Investors LLP; Irving H. Picard, Esq. Trustee; ITG Inc;
Jianshi Mao; Labranche Structured Products LLC; Legg Mason
Partners; Lispenard Street Credit Master Fund; Loeb Arbitrage
Management LP; Mary F Brown; Mergers Invtmt Trd; Met Life;
Metropolitan Life; Millenco LLC; Ms Select-Value Added
Market; New York City Deferred Compensation Plan; New York
State Teachers Retire; Nicholas H. Werthman; NYC District
Council Carpenters Pension; NYC Employees Retirement
System; O'Shaughnessy; Paris Trading; Pension Commingle
Fund; Polly H. Howells; Pond View Credit (Master) LP - Tradi;
Prime Broker CSSI Stock Split and Reorg Processing Account;
Prism Partners Offshore; Putnam Lovell NBF Securities Inc;
QES QVT Fund LP; Rabo Capital Services, Inc.; Rief Rmp LLC;
RiefTrading LLC; Sandelman Partners; SBI Swaps; Securities
Lending Ops - P&L 74878; Spear Leeds And Kellogg; State

4

Street Lux; Stock Borrow - P&L 74878; Stock Borrowed-Ny;
Strategic Funds, Inc.; Suttonbrook Capital Portfolio LP; TBK
Partners, LLC; The Dreyfus/Laurel Funds Inc; TIAA-CREF;
Time Warner Inc Master Pension; TMS/ITS SETT A/C FOR
HFF I LLC; Traits Omni; TRE Pension Eft Acct PPS; Tweedy,
Browne Value Fund; Value Line, Inc; Vanderbilt Partners, LLC;
White Mountains Reinsurance Company; William J Brown; and
John Doe 1 through John Doe 2000,

                        Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X


## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Bank of America, N.A., LaSalle Bank, N.A.,

Merrill Lynch, Pierce, Fenner & Smith Incorporated, Merrill Lynch Capital Corporation,

Merrill Lynch & Co., Inc., Citibank, N.A., and Citigroup Global Markets, Inc. (the

"Removing Defendants") file this Notice of Removal pursuant to 12 U.S.C. § 632, 28

U.S.C. §§ 1334, 1441, 1446, and 1452, and Local Civil Rule 81.1, and remove to this

Court the above-entitled action from the Supreme Court of the State of New York,

County of New York, and all claims and causes of action asserted therein. This Court has

original jurisdiction over this matter pursuant to 12 U.S.C. § 632 and 28 U.S.C. § 1334.

In support of this Notice of Removal, the Removing Defendants state as follows:

1.      This action was commenced on June 2, 2011, by the filing of a summons

and complaint (the "complaint" or "Compl.") in the Supreme Court of the State of New

York, County of New York.

2.      Upon information and belief, plaintiffs have not completed service of process on all defendants.  On June 3, 2011, plaintiffs informed the Removing Defendants that certain actions, including this one, had been filed.

3.      In accordance with 28 U.S.C. § 1446(a), Local Civil R. 81.1, and Fed. R. Bankr. P. 9027(a)(1), true and correct copies of all process, pleadings and orders filed in the Supreme Court of the State of New York, County of New York to date are attached as Exhibit A to this Notice of Removal.

4.      Since December 8, 2008, Tribune Company ("Tribune") and certain of its subsidiaries (together, the "Debtors") have been embroiled in a Chapter 11 bankruptcy proceeding pending in the Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").  Compl. ¶ 1 & n.1; Compl. ¶ 69.  In that bankruptcy proceeding, the Official Committee of Unsecured Creditors (the "UCC"), filed claims against Tribune shareholders to avoid as intentional fraudulent conveyances all proceeds that the shareholders had received in connection with Tribune's 2007 leveraged buyout (the "LBO").  First Amended Complaint, Official Committee of Unsecured Creditors of Tribune Company v. Fitzsimons, Case No. 08-13141 (KJC), Adv. Proceeding No. 10-54010 (KJC) (Bankr. D. Del. filed Dec. 7, 2010), docket item 61 (the "UCC Complaint").

5.      Like the UCC's action in the Bankruptcy Court, plaintiffs here seek to set aside and recover as allegedly fraudulent conveyances the same funds that were transferred to Tribune's shareholders as part of the LBO.  Plaintiffs bring their claims pursuant to the state laws of Illinois and Delaware.  Compl. ¶¶ 23, 28.

**Procedural Background**

6.       In 2007, as part of the LBO, Tribune entered into two strategic transactions commonly referred to as Step One and Step Two.  In Step One, Tribune's employee stock ownership plan (the "ESOP") purchased approximately 50% of the outstanding shares of Tribune common stock at $34 per share in a tender offer.  The purchase was financed by an $8.028 billion Credit Agreement (the "Credit Agreement," attached as Exhibit B).  The complaint alleges that shareholders were paid $4.3 billion during Step One.  Compl. ¶¶ 36-37.  In Step 2, Tribune survived a merger with a Delaware corporation wholly owned by the ESOP.  Upon completion of the merger, the remaining holders of Tribune's issued and outstanding common stock received $34 per share and, in exchange, the shares were cancelled.  The Step Two merger was financed through additional borrowings under the Credit Agreement and a bridge loan agreement.  The complaint alleges that shareholders were paid $4.0 billion during Step Two.  Compl. ¶¶ 38-40.

7.       On December 8, 2008, the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the Bankruptcy Court.  Compl. ¶ 1 & n.1; Compl. ¶ 69.  Whether the Debtors made fraudulent conveyances during the LBO has been a critical issue in the bankruptcy cases since the start of those proceedings.

8.       To help assess the fraudulent conveyance and other issues, the Court appointed an Examiner to evaluate whether the Debtors' estates held any potential claims and causes of action in connection with the LBO.  Agreed Order Directing The Appointment Of An Examiner, In re Tribune Co., Case No. 08-13141 (KJC) (Bankr. D. Del. Apr. 20, 2010), docket item 4120.  The Examiner conducted a thorough

7

investigation, requesting and reviewing hundreds of pages of briefing and tens of thousands of pages of documents. The Examiner also interviewed 38 witnesses. On July 26, 2010, the Examiner filed a four-volume report summarizing his conclusions. The Examiner's report largely focused on fraudulent conveyance issues, including the Debtors' intent in making the conveyances, their solvency, capital adequacy, and ability to repay debts at the time of the LBO, and transferees' defenses to any potential fraudulent conveyance claims. Examiner's Report of Kenneth N. Klee, as Examiner, In re Tribune Co., Case No. 08-13141 (KJC) (Bankr. D. Del. Aug. 3, 2010), docket items 5247-50.

9.      After a lengthy court-ordered mediation, certain parties agreed to settle some of the fraudulent conveyance claims. This settlement is embodied in a plan of reorganization proposed by the Debtor, the UCC, and certain senior lenders. One other plan, proposed by holders of certain Tribune debt, also is before the Bankruptcy Court. At its core, that plan seeks to litigate these fraudulent conveyance claims.

10.     Beginning on March 7, 2011, the Bankruptcy Court conducted an eleven-day confirmation hearing as to the two remaining proposed plans of reorganization. Sixteen witnesses testified, and over one thousand pages of briefs and objections were filed. A central issue at the confirmation hearing was whether the conveyances related to Step One and Step Two could be avoided as fraudulent conveyances and, if so, the value of those claims. Proponents of each plan put on expert witnesses on this issue.

11.     After post-hearing briefing, the Bankruptcy Court heard closing arguments on June 27, 2011. No plan has yet been confirmed.

12.     Fraudulent conveyance issues also have been central to adversary proceedings filed in the Bankruptcy Court. On December 7, 2010, the UCC filed an adversary proceeding in the Bankruptcy Court asserting thirty-six claims against various defendants. See UCC Complaint. Count thirteen seeks to avoid the conveyances made to Tribune's shareholders in connection with the LBO for the purchase, repurchase, or redemption of the outstanding shares as an intentional fraudulent conveyance. Id. at 97.

13.     Because fraudulent conveyance claims have been subject to the automatic stay of 11 U.S.C. § 362, the Bankruptcy Court had to issue an order, at plaintiffs' request, to permit them to file this and other actions against Tribune's former shareholders. Order, In re Tribune Co., Case No. 08-13141 (KJC) (Bankr. D. Del. Apr. 25, 2011), docket item 8740 (the "Claims Order"). The Claims Order, attached as Exhibit B to the complaint, lifted the automatic stay to the limited extent of allowing certain creditors, including plaintiffs in this action, to file state law constructive fraudulent conveyance claims against shareholders to attempt to recover conveyances the shareholders had received in connection with the LBO, without ruling on the standing of such creditors to bring these claims. Id. Plaintiffs were permitted only to amend their complaint, complete service, and conduct limited discovery as necessary to prevent statutes of limitations or other time-related defenses from barring the claims. Claims Order ¶ 6. The action was to be automatically stayed in accordance with 11 U.S.C. § 362 and the Claims Order, and plaintiffs were required to move to stay any actions not automatically stayed.

14.     Upon information and belief, in accordance with the Claims Order, these plaintiffs and others have filed at least 48 actions with similar allegations in state and

federal courts across the country (the "State Law Constructive Fraudulent Conveyance Actions").

15.     On June 13, 2011, plaintiffs moved the Bankruptcy Court to lift the stay to permit them to take steps to consolidate the federal actions pursuant to the federal rules for multi-district litigation ("MDL").  28 U.S.C. § 1407.  In response, on June 21, 2011, the Removing Defendants cross-moved the Bankruptcy Court to lift the stay to permit defendants in state court actions to remove those actions to federal court.  On June 29, 2011, the Bankruptcy Court entered an order granting the relief sought by both the plaintiffs and the Removing Defendants.  The Removing Defendants now file this Notice of Removal, so as to facilitate consolidation of this action with other State Law Constructive Fraudulent Conveyance Actions before an MDL court.

## Grounds for Removal

16.     Removal is appropriate here on two independent bases.  First, removal is appropriate under 28 U.S.C. § 1452(a) because this Court has original bankruptcy jurisdiction under 28 U.S.C. § 1334(b).  Second, removal is appropriate under the Edge Act, 12 U.S.C. § 632, because several of the defendants are United States corporations and this action arises out of transactions involving international banking and international or foreign financial operations.

### A.     Bankruptcy Jurisdiction

17.     Under 28 U.S.C. § 1452(a) "[a] party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title."  Under 28 U.S.C. § 1334(b), this Court has original jurisdiction

"of all civil proceedings arising under title 11, or arising in or related to cases under title 11."

18.     This case "arises in" the Tribune Chapter 11 Case and "aris[es] under" the Bankruptcy Code.  Plaintiff's avoidance claims "arise in" the Tribune Chapter 11 Case because, as "proceedings to determine, avoid, or recover fraudulent conveyances," they are "core proceedings."  28 U.S.C. § 157(b)(2)(H).  They also "arise in" the Tribune Chapter 11 Case because the conveyances sought to be avoided are also the subject of an adversary proceeding for fraudulent conveyance in the Chapter 11 case.

19.     The claims "arise under" the Bankruptcy Code because 11 U.S.C. § 544(b) provides the exclusive cause of action for asserting state-law avoidance claims in connection with bankruptcy cases—subject to the specific limitations imposed by Congress, including the bar on avoiding settlement payments under 11 U.S.C. § 546(e).  See Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 8 (2003) ("When the federal statute completely preempts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law.").

20.     This case also is "related to" the Tribune Chapter 11 Case because the causes of action are stayed by the Bankruptcy Court's Claims Order.  Claims Order ¶¶ 3, 6.  The case also is "related to" the Tribune Chapter 11 Case because it has a close nexus to the bankruptcy proceedings and the proposed Tribune Plans of reorganization.  The central factual issues in this action are identical to those at issue in the Bankruptcy Court's consideration of the proposed plans of reorganization.

**B.**     **Edge Act Jurisdiction**

21.     The Edge Act provides that the district courts of the United States have
original jurisdiction over "all suits of a civil nature at common law or in equity to which
any corporation organized under the laws of the United States shall be a party, arising out
of transactions involving international or foreign banking . . . or out of other international
or foreign financial operations . . . ."  12 U.S.C. § 632.

22.     It further provides that "any defendant in any such suit may, at any time
before the trial thereof, remove such suits from a State court into the district court of the
United States for the proper district by following the procedure for the removal of causes
otherwise provided by law." 12 U.S.C. § 632.

23.     Plaintiffs filed the Complaint against many national banking associations
incorporated under the laws of the United States (the "National Bank Defendants").
These include, but are not limited to, defendants Bank of America, N.A., Citibank, N.A.,
JPMorgan Chase Bank, N.A.

24.     Additionally, this action is a suit "of a civil nature at common law or in
equity" that arises out of transactions involving "international or foreign banking" or
"other international or foreign financial operations." Bank of Am. Corp. v. Lemgruber,
385 F. Supp. 2d 200, 214 (S.D.N.Y. 2005) ("A suit satisfies the jurisdictional
prerequisites of Section 632 if any part of it arises out of transactions involving
international or foreign banking.") (quoting In re Lloyd's Am. Trust Fund Litig., 928 F.
Supp. 333, 338 (S.D.N.Y. 1996)).  Plaintiffs' claims against the defendants arise out of
the Tribune LBO, which undoubtedly involved international banking transactions.  The
approximately $8.3 billion in payments allegedly made to the Tribune shareholders

(including payments to the National Bank Defendants) were funded with secured loans provided by a group of United States and foreign banks. See Credit Agreement (listing foreign companies Barclays Bank PLC and Sumitomo Mitsui Banking Corp. as Credit Agreement Lenders). Proceeds were distributed globally, including to foreign bank accounts via wire transfers from United States banks. Moreover, plaintiffs seek to recover proceeds from the two transactions from foreign shareholders, including, but not limited to, Alberta – WCB, Allianz Invest KAG – Siemens, and State Street Lux.

### Timeliness

25.    The complaint was filed on June 2, 2011. The Removing Defendants have timely filed this notice of removal "within thirty days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading" in accordance with 28 U.S.C. § 1446(b) and Fed. R. Bankr. P. 9027(a)(3). Further, this notice is timely because, pursuant to 12 U.S.C. § 632, removal under the Edge Act may be made at any time before trial.

26.    Pursuant to 28 U.S.C. § 1446(d) and Fed. R. Bankr. P. 9027(b)-(c), Removing Defendants will file a copy of this Notice of Removal with the Clerk of Court for the Supreme Court of the State of New York, County of New York. The Removing Defendants also will promptly serve a copy of this Notice on counsel for plaintiffs and (to the extent they have entered an appearance or are otherwise known) counsel for other parties to the removed case.

### Intradistrict Assignment

27.    Pursuant to 28 U.S.C. § 1446(a), venue in this action is proper in this Court as the division within which the state court action was brought.

WHEREFORE, the Removing Defendants hereby remove this action for the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York.

Dated: July 1, 2011
     New York, New York

Respectfully submitted,

O'MELVENY & MYERS LLP
Daniel L. Cantor, Esq.
Daniel S. Shamah, Esq.
Times Square Tower, Esq.
7 Times Square
New York, New York 10036
Telephone: (212) 326-2000
dcantor@omm.com
dshamah@omm.com

-and-

Evan M. Jones, Esq.
400 South Hope Street
Los Angeles, California 90071
Telephone: (213) 430-6236
ejones@omm.com

*Attorneys for Bank of America, N.A., LaSalle Bank, N.A.*

Madlyn Gleich Primoff
Jane W. Parver
Daniel Boglioli
KAYE SCHOLER LLP
425 Park Avenue
New York, New York 10022
Tel: (212) 836-8000

*Attorneys for Defendants Merrill Lynch,*
*Pierce, Fenner & Smith Incorporated,*
*Merrill Lynch Capital Corporation, and*
*Merrill Lynch & Co., Inc.*

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Andrew Gordon (agordon@paulweiss.com)
Stephen J. Shimshak (sshimshak@paulweiss.com)
Elizabeth McColm (emccolm@paulweiss.com)
1285 Avenue of the Americas
New York, NY 10019-6064
(212) 373-3000

*Attorneys for Citibank, N.A., and Citigroup Global
Markets Inc.*

[EXHIBIT A – COPY OF ALL PROCESS AND PROCEEDINGS]

FILED: NEW YORK COUNTY CLERK 06/02/2011

NYSCEF DOC. NO. 1

INDEX NO. 651516/2011

RECEIVED NYSCEF: 06/02/2011

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK - COMMERCIAL DIVISION**
------------------------------------------------------------X

PARENT COMPANY PLAINTIFFS

William A. Niese; James R. Simpson; W. Thomas Johnson,
Jr.; Richard T. Schlosberg, III; Efrem Zimblast, III; Fred A.
Abatemarco; Gerald J. Alcantar; Richard S. Alfano;
C. Michael Armstrong; Gary M. Arnold; John M. Arthur;
William H. Barlow; David S. Barrett; Bruce E. Barwick;
Todd A. Becker; George Bell; Susan P. Bell; Horst A.
Bergmann; Edward L. Blood; Gregory L. Bowlin; Robert F.
Brandt; Alan L. Brauer; Leo Brennan; Kenneth H. Brief;
Robert N. Brisco; John E. Bryson; Patricia G. Campbell;
Dian S. Carpenter; John S. Carroll; Kathleen M. Casey;
Rajender K. Chandhok; Randolph R. Charles; Janet T.
Clayton; Patrick A. Clifford; Andrew W. Clurman; C.
Shelby Coffey, III; Stuart K. Coppens; George J. Cotliar;
William D. Crawford; Barbara R. DeYoung; John F. Dill;
Ann E. Dilworth; Kathryn M. Downing; Beverly Dreher;
Elizabeth V. Drewry; Michael S. Dubester; John M. Dyer;
Robert F. Erburu; David A. Esgro; Joanne K. Falk; Peter J.
Fernald; James E. Fitzgerald; Michael J. Forgione; Donald
H. Forst; Douglas Fox; Vance I. Furukawa; Debra A.
Gastler; Gary P. Goldstein; Edward J. Gottsman; Marian
Lewis (for the estate of Kenneth Graham); Robert T. Grant;
Richard Guerrero; Lee J. Guittar; James F. Guthrie; Delynn
T. Guttry; Kenneth L. Halajian; Charlotte H. Hall; Jean
Halle; Michael J. Haugh; Janis Heaphy; James D. Helin;
Curtis A. Hessler; James H. Higby; Lawrence M. Higby;
Raymond Holton; Karen Laukka Horn; Leslie M. Howard;
Mark E. Howe; Joseph M. Hughes; Alberto Ibarguen; James
Imbriaco; Steven L. Isenberg; William R. Isinger; Raymond
Jansen, Jr.; Edward E. Johnson; Robert M. Johnson; Mary E.
Junck; Scott W. Kabak; Judith S. Kallet; William F. Keller;
Joan Kellermann (for the estate of Donald S. Kellermann);
Victoria King; Jason E. Klein; Jeffrey S. Klein; Susan K.
Klutnick; James L. Kopper; Sally Kuekes; Mark H. Kurtich;
Kimberly McCleary LaFrance; Jeffrey W. Lankey; David A.
Laventhol; R. Marilyn Lee Schneider; Martin P. Levin;
Jesse E. Levine; Nancy Lobdell; Robert G. Magnuson;
Anthony J. Marro; Donald S Maxwell; Kathleen G.
McGuinness; John C. McKeon; Jack E. Meadows; Stephen
C. Meier; Janie Molvar; Roger H. Molvar; Durham J.
Monsma; John T. Nash; Nicholas H. Niles; James H. Norris;
James H. Nuckols; Nancy W. O'Neill; Robert T. O'Sullivan;
Francis P. Pandolfi; Michael C. Parks; Jeffrey N. Paro; John

Index No. _____

**SUMMONS**

F. Patinella; Janette O. Payne; Carol Perruso; Victor A. Perry;
Maureen G. Peterson; Martha A. Petty; Jack L. Plank;
Elizabeth F. Redmond; S. Keating Rhoads; Michael R. Riley;
Michael G. Rose; William J. Rowe; Jerome S. Rubin;
Alexander Sann; Geraldine Scally; Herbert K. Schnall;
Charles I. Schneider; Hilary A. Schneider; Howard S.
Schneider; Brian J. Sellstrom; James D. Shaw; Dennis A.
Shirley; Gary K. Shorts; Louis Sito; Richard W. Stanton;
Judith L. Sweeney; Stender E. Sweeney; James S.
Toedtman; Sharon S. Tunstall; Michael S. Udovic; Michael
J. Valenti; Karen J. Wada; Claudia A. Wade; James W.
Wallace; Michael E. Waller; Larry W. Wangberg; Howard
Weinstein; William D. Wiegand; Mary A. Wild; Mark H.
Willes; Phillip L. Williams; Hazel E. Wilson; Julia C.
Wilson; Harold F. Woldt, Jr.; Leo Wolinsky; Donald F.
Wright; John W. Young; John J. Zakarian; Norene Zapanta
(trustee for Dr. Edward Zapanta Trust);

SUBSIDIARY PLAINTIFFS (without duplicates)

Sharon M. Bowen; James Willard Colston; Grace E. Crowder;
John Darnall; Kenneth G. Davis; Mary M. Downes; Paul
H. Egan; Arnold J. Kleiner; John R. Murphy; Barbara Sample
(for the estate of Jack W. Neely); Carolyn Selzer; William F.
Thomas; Caroline Thorpe; Robert E. Trainor; Herbert J. Vida.

Plaintiffs,

-against-

AllianceBernstein L.P.; Alpine Associated LLC; Alpine
Associates LLC; Amalgamated Bank; Assent LLC; Bank of
America, N.A.; LaSalle Bank, N.A.; Barclays Capital Inc.;
BlackRock Institutional Trust; BMO Nesbitt Burns Employee
Co-Investment Fund I Management (U.S.) Inc.; BMO
Nesbitt Burns Corp.; BMO Nesbitt Burns Trading Corp.
S.A.; BNP Paribas Securities Corp.; BNP Paribas Prime
Brokerage, Inc.; Brown Brothers Harriman & Co.; Brown
Brothers Harriman & Co., Inc.; BZV Securities Inc.; Cantor
Fitzgerald & Co.; Charles Schwab & Co., Inc.; CIBC World
Markets Corp.; CIBC World Markets Inc.; Citibank, N.A.;
Citigroup Global Markets Inc.; Clearview Correspondent
Services, LLC; Comerica Bank;
Commerz Markets LLC; Credit Agricole Securities (USA)
Inc.; Credit Suisse -- Investment Banking and Security
Investment Division; Credit Suisse (USA), Inc.; Credit
Suisse Securities (USA) LLC; Crowell, Weedon & Co.; D.A.

Davidson & Co.; D.E. Shaw Investment Management, L.L.C.;    :
Deutsche Bank – Private Banking and Investment Banking      :
Investments Division; Eaton Vance Management;               :
Eaton Vance Management, Inc.; Edward D. Jones & Co.,        :
L.P.; EWT, LLC; Fiduciary Trust Company; Fifth Third        :
Bank; First Option Consulting, Inc.; First Option Debt      :
Solutions Ltd.; First Option Funding Corp.; First           :
Southwest Company; GAMCO Investors, Inc.;                   :
Glenmede Trust Company, N.A.; Goldman Sachs                 :
Execution & Clearing, L.P.; Goldman, Sachs & Co.;           :
Greywolf Capital Management L.P.; Interactive Brokers Inc.; :
Jeffries & Company, Inc.; Key Bank, N.A.; Legent Clearing   :
LLC; Lehman Brothers, Inc.; LPL Financial Corporation;      :
Manufacturers and Traders Trust Company; Merrill Lynch, Pierce, :
Fenner & Smith Incorporated; Merrill Lynch Capital Corporation; :
Merrill Lynch & Co., Inc.; Mesirow Financial, Inc.; Mizuho  :
Trust & Banking Co. (USA); Morgan Stanley & Co.             :
Incorporated; Morgan Stanley Smith Barney LLC;              :
Morgan, Keegan & Company, Inc.; National Financial         :
Services LLC; Natixis Bleichroeder Inc.; Natixis Securities North :
America Inc.; Neuberger Berman Inc.; Neuberger Berman LLC;  :
Newedge USA, LLC; Nomura Securities International, Inc.;    :
Oppenheimer & Co. Inc.; OptionsXpress, Inc.; Penson Financial :
Services, Inc.; Perry Capital L.L.C.; Pershing LLC; PrimeVest :
Financial Services, Inc.; RABO Capital Services Inc.; Raymond, :
James & Associates, Inc.; Raymond James Ltd. (USA), Inc.;   :
Raymond James Financial Services, Inc.; RBC Capital Markets, :
LLC; RBS Securities Inc.; Schultze Asset Management, LLC;   :
Scotia Capital (USA) Inc.; Scott Trade, Inc.; SG Americas    :
Securities, LLC; State Street Bank & Trust Company;         :
Sterne, Agee & Leach, Inc.; Stifel, Nicolaus & Company      :
Incorporated; Swiss American Advisors, LLC; Swiss American  :
Corporation; Swiss American Express, Ltd.; Terra Nova       :
Financial, LLC; The Bank of New York Mellon Corporation;    :
Mellon Trust of New England, National Association;          :
The Depository Trust & Clearing Corporation; TradeStation   :
Securities, Inc.; U.S. Bank, N.A.; UBS Financial Services, Inc.; :
Wachovia Bank, N.A.; Wells Fargo Bank, N.A.;                :
William Blair & Company, L.L.C.; Martha P. Pope as          :
Executrix of Estate of Leavitt J. Pope; Valuation Research  :
Corporation and John Doe 1 through John Doe 2000,           :
                                                            :
              Defendants.                                   :
                                                            :
-----------------------------------------------------------X

To the above named Defendant(s):

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiffs' attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Venue of this action is in New York County on the basis of multiple plaintiffs and defendants residing within the County, including, but, not limited to, the following plaintiff addresses: (a) Steven L. Isenberg - 151 Central Park West, Apt 3N, New York, New York, 10023; (b) Patrick Clifford - 1185 Park Avenue, Apt 3E, New York, New York, 10028 and (c) Alexander Sann - 165 E. 72nd Street, Apt 8K, New York, New York 10021.

Dated: White Plains, New York
      June 2, 2011

Teitelbaum & Baskin, LLP
Attorneys for Plaintiff
By: /s/ Jay Teitelbaum
3 Barker Avenue Third Floor
White Plains, New York 10601
Tel.: (914) 437-7670
Email: jteitelbaum@tblawllp.com

See attached Schedule A for addresses

## SCHEDULE A

| Entity Stock, Individual Stock and Advisor Transferees | Agent for Service/Defendant's Office | Street/Floor | City | State | Zip |
|---|---|---|---|---|---|
| AllianceBernstein L.P. | CT Corporation System | 111 Eighth Avenue, 13th Floor | New York | New York | 10011 |
| Alpine Associated LLC | Mark Nathanson | 820 Hempstead Turnpike | Franklin Square | New York | 11010 |
| Alpine Associates Access | CT Corporation System | 111 Eighth Avenue | New York | New York | 10011 |
| Amalgamated Bank | New York Department of State | One Commerce Plaza 99 Washington Avenue 6th Floor | Albany | New York | 12231 |
| Assent LLC | CT Corporation System | 111 Eighth Avenue | New York | New York | 10011 |
| Bank of America, N.A. | New York Secretary of State Department of State | One Commerce Plaza 99 Washington Avenue 6th Floor | Albany | New York | 12231 |
| LaSalle Bank, N.A. | New York Secretary of State Department of State | One Commerce Plaza 99 Washington Avenue 6th Floor | Albany | New York | 12231 |
| Barclays Capital, Inc. | CT Corporation System | 111 Eighth Avenue | New York | New York | 10011 |
| BlackRock Institutional Trust | New York Secretary of State Department of State | One Commerce Plaza 99 Washington Avenue 6th Floor | Albany | New York | 12231 |
| BMO Nesbitt Burns Employee Co-Investment Fund I Management (U.S.) Inc. | Michael G. Zeiss | 430 Park Avenue, 15th Floor | New York | New York | 10022 |
| BMO Nesbitt Burns Corp. | Michael G. Zeiss | 430 Park Avenue, 15th Floor | New York | New York | 10022 |
| BMO Nesbitt Burns Trading Corp. S.A. | New York Secretary of State Department of State | One Commerce Plaza 99 Washington Avenue 6th Floor | Albany | New York | 12231 |
| BNP Paribas Securities Corp. | | 787 Seventh Ave. | New York | New York | 10019 |
| BNP Paribas Prime Brokerage, Inc. | CT Corporation System | 111 Eighth Avenue | New York | New York | 10011 |
| Brown Brothers Harriman & Co., Inc. | | 140 Broadway | New York | New York | 10005 |
| Brown Brothers Harriman & Co., Inc. | | 140 Broadway | New York | New York | 10005 |
| BZV Securities, Inc. | CT Corporation System | 111 Eighth Avenue | New York | New York | 10019 |
| Cantor Fitzgerald & Co. | | 499 Park Avenue | New York | New York | 10022 |
| Charles Schwab & Co., Inc. | CT Corporation System | 111 Eighth Avenue | New York | New York | 10011 |
| CIBC World Markets Corp. | Corporation Service Company | 80 State Street | Albany | New York | 12207 |
| CIBC World Markets, Inc. | Corporation Service Company | 80 State Street | Albany | New York | 12207 |
| Citibank, N.A. | New York Secretary of State Department of State | One Commerce Plaza 99 Washington Avenue 8th Floor | Albany | New York | 12231 |
| Citigroup Global Markets, Inc. | Tax & Reporting Dept. | P.O. Box 30509 | Tampa | Florida | 33631 |
| Clearview Correspondent Services, LLC | CT Corporation System | 111 Eighth Avenue | New York | New York | 10011 |
| Comerica Bank | Corporate Creations Network, Inc. | 15 North Mill Street | Nyack | New York | 10960 |
| Commerz Markets LLC | CT Corporation System | 111 Eighth Avenue | New York | New York | 10011 |
| Credit Agricole Securities (USA) Inc. | Legal Department | 1301 Avenue of the Americas | New York | New York | 10019 |
| Credit Suisse-Investment Banking and Security Investment Division | New York Secretary of State Department of State | One Commerce Plaza 99 Washington Avenue 8th Floor | Albany | New York | 12231 |
| Credit Suisse (USA), Inc. | Corporation Service Company | 80 State Street | Albany | New York | 12207 |
| Credit Suisse Securities (USA) LLC | Corporation Service Company | 80 State Street | Albany | New York | 12207 |

| Name | Agent/Attn | Address | City | State | Zip |
|---|---|---|---|---|---|
| Crowell, Weedon & Co. | National Registered Agents, Inc. | 875 Avenue of the Americas, Suite 501 | New York | New York | 10001 |
| D.A. Davidson & Co. | CT Corporation System | 111 Eighth Avenue, 13th Floor | New York | New York | 10011 |
| D.E. Shaw Investment Management, L.L.C. | General Counsel | 120 West 45th Street, 39th Floor | New York | New York | 10036 |
| Deutsche Bank - Private Banking and Investment Banking Investments Division | New York Secretary of State Department of State | One Commerce Plaza 99 Washington Avenue 6th Floor | Albany | New York | 12231 |
| Eaton Vance Management | New York Secretary of State Department of State | One Commerce Plaza 99 Washington Avenue 6th Floor | Albany | New York | 12231 |
| Eaton Vance Management, Inc. | New York Secretary of State Department of State | One Commerce Plaza 99 Washington Avenue 6th Floor | Albany | New York | 12231 |
| Edward D. Jones & Co., L.P. | c/o CT Corporation System | 111 Eighth Avenue | New York | New York | 10011 |
| EWT, LLC | c/o Corporation Service Company | 80 State Street | Albany | New York | 12207 |
| Fiduciary Trust Company | New York Secretary of State Department of State | One Commerce Plaza 99 Washington Avenue 6th Floor | Albany | New York | 12231 |
| Fifth Third Bank | c/o Corporation Service Company | 80 State Street | Albany | New York | 12207 |
| First Option Consulting, Inc. | | 2820 Bragg Street, Floor 1 | Brooklyn | New York | 11235 |
| First Option Debt Solutions Ltd | | 76 East Main Street | Huntington | New York | 11743 |
| First Option Funding Corp. | | 112-18 Jamaica Avenue, Richmond Hill | New York | New York | 11418 |
| First Southwest Company | c/o Capital Services, Inc. | 1218 Central Avenue, Suite 100 | Albany | New York | 12205 |
| GAMCO Investors, Inc. | Legal Department | 1 Corporate Center | Rye | New York | 10580 |
| Glenmede Trust Company, N.A. | | 660 Madison Avenue, 31st Floor | New York | New York | 10022 |
| Goldman Sachs Execution & Clearing, L.P. | Goldman Sachs Execution & Clearing, L.P. | One New York Plaza | New York | New York | 10004 |
| Goldman, Sachs & Co. | | 200 West Street | New York | New York | 10282 |
| Greywolf Capital Management L.P. | | 4 Manhattanville Road, Suite 201 | Purchase | New York | 10577 |
| Interactive Brokers Inc. | | 82-21 Britton Avenue, Unit 4M | Elmhurst | New York | 11373 |
| Jefferies & Company, Inc. | c/o CT Corporation System | 111 Eighth Avenue | New York | New York | 10011 |
| Key Bank, N.A. | New York Secretary of State Department of State | One Commerce Plaza 99 Washington Avenue 6th Floor | Albany | New York | 12231 |
| Legent Clearing LLC | c/o CT Corporation System | 111 Eighth Avenue | New York | New York | 10011 |
| Lehman Brothers, Inc. | c/o The Prentice - Hall Corporation System, Inc. | 80 State Street | Albany | New York | 12207 |
| LPL Financial Corporation | c/o CT Corporation System | 111 Eighth Avenue | New York | New York | 10011 |
| Manufacturers and Traders Trust Company | Attention: Legal Department | One M&T Plaza | Buffalo | New York | 14203 |
| Merrill Lynch, Pierce, Fenner & Smith Incorporated | c/o CT Corporation System | 111 Eighth Avenue | New York | New York | 10011 |
| Merrill Lynch Capital Corporation | c/o CT Corporation System | 111 Eighth Avenue | New York | New York | 10011 |
| Merrill Lynch & Co., Inc. | c/o CT Corporation System | 111 Eighth Avenue | New York | New York | 10011 |
| Mesirow Financial, Inc. | c/o CT Corporation System | 111 Eighth Avenue | New York | New York | 10011 |
| | c/o Corporation Creations Network, Inc. | 15 North Mill Street | Nyack | New York | 10960 |
| Mizuho Trust & Banking Co. (USA) | New York Secretary of State Department of State | One Commerce Plaza 99 Washington Avenue 6th Floor | Albany | New York | 12231 |
| Morgan Stanley & Co. Incorporated | c/o CT Corporation System | 111 Eighth Avenue | New York | New York | 10011 |
| Morgan Stanley Smith Barney LLC | c/o CT Corporation System | 111 Eighth Avenue | New York | New York | 10011 |
| Morgan, Keegan & Company, Inc. | c/o Corporation Service Company | 80 State Street | Albany | New York | 12207 |
| National Financial Services LLC | CT Corporation System | 111 Eighth Avenue, 13th Floor | New York | New York | 10011 |
| Natixis Bleichroeder Inc. | | 1345 Avenue of the Americas | New York | New York | 10105 |
| Natixis Securities North America Inc. | CDC Capital Inc. | 9 West 57th Street | New York | New York | 10019 |

| Company | Agent / Attention | Address | City | State | Zip |
|---|---|---|---|---|---|
| Neuberger Berman Inc. | Corporate Secretary | 605 Third Avenue | New York | New York | 10158 |
| Neuberger Berman LLC | Corporate Secretary | 605 Third Avenue | New York | New York | 10158 |
| Newedge USA, LLC | c/o CT Corporation System | 630 Fifth Avenue, Suite 500 | New York | New York | 10111 |
| Nomura Securities International, Inc. | c/o CT Corporation System | 111 Eighth Avenue, 13th Floor | New York | New York | 10011 |
| Oppenheimer & Co. Inc. | Attention: Corporate Secretary | 125 Broad Street | New York | New York | 10004 |
| OptionsXpress, Inc. | Attention Rong Nie | 228 Park Avenue, Suite 85556 | New York | New York | 10003 |
| Penson Financial Services, Inc. | New York Secretary of State Department of State | One Commerce Plaza 99 Washington Avenue 8th Floor | Albany | New York | 12231 |
| Perry Capital L.L.C. | Corporation Service Company | 80 State Street | Albany | New York | 12207 |
| Pershing LLC | c/o Corporation Service Company | 80 State Street | Albany | New York | 12207 |
| PrimeVest Financial Services, Inc. | c/o CT Corporation System | 111 Eighth Avenue | New York | New York | 10011 |
| RABO Capital Services Inc. | c/o RABO Bank Nederland | 245 Park Avenue | New York | New York | 10167 |
| Raymond James & Associates, Inc. | c/o CT Corporation System | 111 Eighth Avenue | New York | New York | 10011 |
| Raymond James Ltd. (USA), Inc. | c/o William M. Pinzler | 111 Eighth Avenue | New York | New York | 10011 |
| Raymond James Financial Services, Inc. | c/o CT Corporation System | 420 Lexington Avenue, Suite 2310 | New York | New York | 10170 |
| RBC Capital Markets, LLC | Corporation Service Company | 111 Eighth Avenue | New York | New York | 10011 |
| RBS Securities Inc. | Corporation Service Company | 80 State Street | Albany | New York | 12207 |
| Schultze Asset Management, LLC | c/o Richard Agata | 50 Main Street, Suite 1000 | White Plains | New York | 10606 |
| Scotia Capital (USA) Inc. | c/o CT Corporation System | One Liberty Plaza, 165 Broadway, 28th Floor | New York | New York | 10006 |
| Scott Trade, Inc. | c/o CT Corporation System | 111 Eighth Avenue | New York | New York | 10011 |
| SG Americas Securities, LLC | c/o CT Corporation System | 111 Eighth Avenue | New York | New York | 10011 |
| State Street Bank & Trust Company | New York Secretary of State Department of State | One Commerce Plaza 99 Washington Avenue 6th Floor | Albany | New York | 12231 |
| Sterne, Agee & Leach, Inc. | c/o National Registered Agents, Inc. | 875 Avenue of the Americas | New York | New York | 10001 |
| Stifel, Nicolaus & Company Incorporated | c/o CT Corporation System | 111 Eighth Avenue | New York | New York | 10011 |
| Swiss American Advisors, LLC | Attention Mireille Burnand | 1088 Squaretown Road | Hampton Bays | New York | 11946 |
| Swiss American Corporation | c/o Credit Suisse | 11 Madison Avenue | New York | New York | 10010 |
| Swiss American Express, Ltd. | | 8 Harmony Road | Huntington | New York | 11743 |
| Terra Nova Financial, LLC | c/o CT Corporation System | 111 Eighth Avenue, 13th Floor | New York | New York | 10011 |
| The Bank of New York Mellon Corporation | Attention: General Counsel | One Wall Street | New York | New York | 10286 |
| Mellon Trust of New England, National Association | New York Secretary of State Department of State | One Commerce Plaza 99 Washington Avenue 6th Floor | Albany | New York | 12231 |
| The Depository Trust & Clearing Corporation | Attention: Larry Thompson | 55 Water Street, 22nd Floor | New York | New York | 10041 |
| TradeStation Securities, Inc. | General Counsel | 8050 SW 10th Street, Suite 2000 | Plantation | Florida | 33324 |
| U.S. Bank, N.A. | New York Secretary of State Department of State | One Commerce Plaza 99 Washington Avenue 6th Floor | Albany | New York | 12231 |
| UBS Financial Services, Inc. | c/o Corporation Service Company | 80 State Street | Albany | New York | 12207 |
| Wachovia Bank, N.A. | New York Secretary of State Department of State | One Commerce Plaza 99 Washington Avenue 6th Floor | Albany | New York | 12231 |
| Wells Fargo Bank, N.A. | New York Secretary of State Department of State | One Commerce Plaza 99 Washington Avenue 6th Floor | Albany | New York | 12231 |
| William Blair & Company, L.L.C. | c/o CT Corporation System | 111 Eighth Avenue | Albany | New York | 12231 |
| | c/o Corporation Service Company | 80 State Street | Albany | New York | 12207 |
| Martha P. Pope, as executrix for the Estate of Leavitt J. Pope | | 173 Dorchester Road | Scarsdale | New York | 10583 |

| Valuation Research Corporation | Attan: Chantal Knier | 330 E. Kilbourn Avenue, Suite 1020 | Milwaukee | Wisconsin | 53202 |
|---|---|---|---|---|---|
| **Confidential Stock Transferee** | **Additional Stock Transferee Info** | **Address** | **City** | **State** | **Zip** |
| 1A SPX1 | | 9 W. 57TH STREET | NEW YORK | NY | 10019 |
| A/C CSFB Prop Trading US | Attn: Program Trading Manager / Credit Suisse First Boston | ELLVEN MADISON AVENUE / SSY1 | NEW YORK | NY | 10010-3643 |
| Alberta - WCB | (Alliance Bernstein) | 1 N LEXINGTON AVEMAIL BOX10 | WHITE PLAINS | NY | 10601 |
| Alexandria Global Master Fund Ltd | 39TH FLOOR 767 THIRD AVENUE | NEW YORK NY 10017 / DAN WILSON | | NY | |
| Allianz Invest Kag - Siemens | (SENA/S801-Allianz/Sanford) | ONE NORTH LEXINGTON AVENUE | WHITE PLAINS | NY | 10601-1785 |
| Am Master Fund 111, LP | CFP/ RR From CGML | 350 PARK AVENUE 4TH FLOOR | NEW YORK | NY | 10022-5067 |
| Amida Partners Master Fund Ltd | Walker House SPV Ltd | 415 MADISON AVENUE / 2ND FLOOR | NEW YORK | NY | 10017-7958 |
| Atm Intl Program Trades | Programs Average Price #1 | 1301 AVE OF AMERICAS | NEW YORK | NY | 10019-0001 |
| B Trade Services LLC | | 461 FIFTH AVE 24TH FLOOR | NEW YORK | NY | 10017-2513 |
| Bessemer Trust Company | | 100 WOODBRIDGE CENTER DRIVE | WOODBRIDGE | NY | 7095 |
| Blackport Capital Fund Ltd | | 280 PARK AVENUE | NEW YORK | NY | 10017-1216 |
| Canadian Imperial $55Arb | HOLDINGS INC:INDEX ABRITRAGE - Attn: | 300 MADISON AVE | NEW YORK NY 10017-3903 | | |
| Carlyle Multi-Strategy Master | Fund LTD | 117 AVENUE OF THE AMERICAS / 16TH FLOOR | NEW YORK | NY | 10013-1505 |
| CBS Master Trust | CBS Master Trust | 51 WEST 52ND STREET 16TH FLOOR | NEW YORK | NY | 10019-6188 |
| Cedar Grove Cem Assn Perp Care | RESERVE FUND | P O BOX 228 | FLUSHING NY 1352-0228 | | |
| CIM XVI LLC | CIM XVI LLC | 405 LEXINGTON AVE, 63RD FL. | NEW YORK | NY | 10174 |
| CMA Omnibus | CFTC#82103 | 1 LIBERTY PLAZA | NEW YORK NY 10006 | | |
| Collective Trust Of The Bank | Of New York | ONE WALL ST | NEW YORK | NY | 10286 |
| Consolidated Edison Of NY K801 | (Consolidated Edison Co. Of Ny) / JANET KRONE / (BVB) | 4 IRVING PLACE | NEW YORK | NY | 10003 |
| Convertibles Strategic Hold | C/O Ken Stiller (BVB) / "Eq Convertibles Middle Office | 390 GREENWICH STREET 3RD FL | NEW YORK | NY | 10013-2375 |
| Credit Suisse First Boston | Attn: Mr. Scott Van Pelt | FIVE CABOT SQUARE | NEW YORK | NY | 10017-7711 |
| D E Shaw Valence Portfolio LLC | Fao Deephaven Capital Manageme | 120 WEST 45TH ST/39TH FL | NEW YORK | NY | 10036 |
| DB AG Equity Swaps Offshore - Consolidated Account | DEUTSCHE BANK SEC INC | 31 WEST 52 ST. | NEW YORK NY 10019 | | |
| DBSO Securities Ltd. | Delaware Charter G&T Ttee FBO | 1345 AVENUE OF THE AMERICAS 29TH FLOOR | NEW YORK | NY | 10105-0302 |
| De Shaw Oculus Port LLC - Us A | PLEDGOR FOR HYMF LTD AS PLEDGE - Stock Loan Collateral / c/o The Corporation Trust Company | 120 WEST 45TH STREET | NEW YORK NY 10036 | | |
| Delos Insurance Company | Attn: Mr. Scott Van Pelt | 120 WEST 45TH STREET 36TH FLOOR | NEW YORK | NY | 10036 |
| Deutsche Bank Secs Inc | Fao Deephaven Capital Manageme | 60 WALL STREET | NEW YORK | NY | 10005-2836 |
| Dr. David L. Hoexter IRA R/O | Delaware Charter G&T Ttee FBO | 300 EAST 74TH ST. | NEW YORK | NY | 10021-3712 |
| Drawbridge Global Macro | Master Fund Ltd - K / Attn: Edouard Choute | 1345 AVENUE OF THE AMERICAS 23RD FLOOR | NEW YORK | NY | 10105-0200 |

| Name | Sub | Address | City | State | Zip |
|---|---|---|---|---|---|
| Dreyfus Index Funds, Inc Dreyf | Dreyfus Index Funds, Inc Dreyf | US S&P 500 INDEX FUND 200 PARK AVENUE | NEW YORK, | NY | 10166 |
| Dreyfus Stock Index Fund, Inc. | Dreyfus Stock Index Fund, Inc. | 200 PARK AVENUE | NEW YORK, | NY | 10166 |
| E-Connectivity Avg Px | Attn Richard Montesano | 3 WORLD FINCL CENTER 6TH FL | NEW YORK | NY | 10285-0001 |
| Eric D. Werthman | | 484 1ST STREET | BROOKLYN | NY | 11215-2606 |
| Fao Deephaven | Citibank | 390 GREENWICH STREET 5TH FLOOR | NEW YORK | NY | 10013-2375 |
| Fao Havens Advisors LLC | Bear Stearns | 1 METROTECH CENTER NORTH | BROOKLYN | NY | 11201-3832 |
| First Investors Life Series Fund - Utilities Series | Utilities Series | 95 WALL STREET | NEW YORK | NY | 10005 |
| First Investors Life Series Fund-Blue Chip Series | Blue Chip Series | 95 WALL STREET | NEW YORK | NY | 10005 |
| Firstar Trust Company | Fao The Merger Fund Attn Bonnie Smith | 100 SUMMIT LAKE DRIVE | VALHALLA | NY | 10595-1339 |
| Flexible US Equity Managers | Portfolio T Offshore Master LP LSV C/O GS&Co | 180 MAIDEN LANE - 37TH FLOOR | NEW YORK | NY | 10038-4925 |
| Forestal Funding Master Trust | Wilmington Trust Co. As Owner & Trustee For The C/O US Trust - Attn: Janet O'Hara | 100 WALL STREET 16TH FLOOR | NEW YORK | NY | 10005-3716 |
| Gabelli Asset Management Company | ATTN: PROXY DEPARTMENT | ONE CORPORATE CENTER | RYE NY 10580-1435 | | |
| Gabelli Asset Management Company | ATTN: PROXY DEPARTMENT | ONE CORPORATE CENTER | RYE NY 10580-1435 | | |
| Gabelli Avg Price 2 | Gabelli & Company Inc. | ONE CORPORATE CENTER | RYE | NY | 10580 |
| Gabelli Equity Trust Inc | The Gabelli Equity Trust Inc. | ONE CORPORATE CENTER | RYE | NY | 10580 |
| Gabelli Funds, Inc. | (The Gabelli Global Multimed Tr) | BRUCE ALPERT ONE CORPORATE CENTER | RYE | NY | 10580-1434 |
| Gabelli Funds, Inc. - The Gabelli Equity Inc. Fd | (The Gabelli Equity Inc Fd) | GABELLI FUNDS INC BRUCE N ALPERT ONE CORPORATE CENTER | RYE | NY | 10580-1434 |
| Gabelli Funds, Inc. - Gabelli ABC Fund | (Gabelli ABC Fund) | GABELLI FUNDS INC BRUCE N ALPERT CORPORATE CENTER AT RYE | RYE | NY | 10580-1434 |
| Gabelli Funds, Inc. - Gabelli Funds Inc. | (Gabelli Funds Inc) | BRUCE M. ALPERT ONE CORPORATE CENTER | RYE | NY | 10580-1434 |
| Gabelli Funds, Inc. - The Gabelli Asset Fund | (The Gabelli Asset Fund) | GABELLI FUNDS INC BRUCE ALPERT ONE CORPORATE CENTER | RYE | NY | 10580-1434 |
| Gabelli Funds, Inc. - The Gabelli Equity Inc. Fd | (The Gabelli Equity Inc Fd) | GABELLI FUNDS INC BRUCE N ALPERT ONE CORPORATE CENTER | RYE | NY | 10580-1434 |
| Gabelli Funds, Inc. -The Gabelli Global Multimed Tr | (The Gabelli Global Multimed Tr) | BRUCE ALPERT ONE CORPORATE CENTER | RYE | NY | 10580-1434 |
| Gabelli Global Deal Fund | The Gabelli Global Deal Fund | ONE CORPORATE CENTER | RYE | NY | 10580-1422 |
| Gabelli Value Fund Inc | ATTN BRUCE ALPERT | ONE CORPORATE CENTER | RYE NY 10580 1434 | | |
| Gabelli Value Fund, Inc. | The Gabelli Value Fund, Inc. | ONE CORPORATE CENTER | RYE | NY | 10580-1422 |
| GMIMCO Trust | (General Motors) | BRUCE MARQUAND 767 FIFTH AVE. 15TH FLR | NEW YORK | NY | 10153 |
| Goldentree Master Fund II, Ltd. | C/O Goldman Tree Asset Management LP | 300 PARK AVENUE 20TH FLOOR | NEW YORK | NY | 10022 |
| Goldentree Master Fund Ltd. | C/O Goldman Tree Asset Management LP | 300 PARK AVENUE 20TH FLOOR | NEW YORK | NY | 10022 |

| Name | Detail | Address | City | State | Zip |
|---|---|---|---|---|---|
| Goldentree Multistrategy Offshore Fund | C/O Goldren Tree Asset Management LP | 300 PARK AVENUE 20TH FLOOR | NEW YORK | NY | 10022 |
| | Master Fund Ltd | 1450 BROADWAY 28TH FLOOR | NEW YORK | NY | 10018-2228 |
| Greenock Multi-Strategy | | 477 MADISON AVENUE | NEW YORK | NY | 10022-5802 |
| Gryphon Hidden Value VIII LLP | Halcyon Management Co. LLC | 477 MADISON AVENUE/8TH FLOOR | NEW YORK | NY | 10022-5802 |
| Gryphon Hidden Values VIII Ltd | Mike Fields | 477 MADISON AVE/8 FL | NEW YORK | NY | 10022 |
| Halcyon Diversified Fund LP | | 600 LEXINGTON AVENUE | NEW YORK | NY | 10022 |
| Havens Partners Enhanced Fund, L.P. | | 600 LEXINGTON AVENUE | NEW YORK | NY | 10022 |
| Himan Brown | Tr-UA 11/20/02 Himan Brown Revocable Trust | 285 CENTRAL PARK W | NEW YORK | NY | 10024-3006 |
| Hudson Bay Fund LP | | 120 BROADWAY 40TH FLOOR | NEW YORK | NY | 10271-4099 |
| Hudson Bay Master Fund Ltd | | 120 BROADWAY 40TH FLOOR | NEW YORK | NY | 10271-4099 |
| IBM Personal Pension Plan Trust | | 1133 WESTCHESTER AVENUE | WHITE PLAINS | NY | 10604 |
| Instinet Corp NY | | 757 THIRD AVE | NEW YORK | NY | 10017-2013 |
| Investment Tech Group Inc | | 380 MADISON AVE | NEW YORK | NY | 10017-2533 |
| | | C/O ASB ADVISORS LLC ATTN: DANIELLE ATTERBERRY | | | |
| Iolaire Investors LLP | | 1345 AVENUE OF AMERICAS | NEW YORK | NY | 10105 |
| Irving H. Picard, Esq, Trustee | | 45 ROCKEFELLER PLAZA | NEW YORK | NY | 10111 |
| ITG Inc | | 380 MADISON AVENUE 4TH FLOOR | NEW YORK | NY | 10017-2533 |
| Jianebi Mao | | 1010 CATHERINES WOODS DRIVE | NISKAYUNA | NY | 12309 |
| Labranche Structured Products LLC | | 33 WHITEHALL 9TH FL | NEW YORK | NY | 10004-3008 |
| | KAPREL OSSOLAK | | | | |
| Legg Mason Partners | (Legg Mason Partners) | 55 WATER STREET | NEW YORK | NY | 10041 |
| Lispenard Street Credit Master Fund | C/O DIMAIO AHMAD CAPITAL LLC | 245 PARK AVENUE 44TH FLOOR | NEW YORK | NY | 10167 |
| Loeb Arbitrage Management LP | | 61 BROADWAY | NEW YORK | NY | 10006 |
| Mary F Brown | | 6 LEDDY LANE | PLEASANTVILLE | NY | 10570 |
| Marques Invstmt Trd | A/C Long Attn Will Yeistis Risk Arbitrage | 399 PARK AVENUE19TH FL | NEW YORK | NY | 10022-4614 |
| | NORA GERENA | | | | |
| Met Life | (Metropolitan Life Insurance Co) | 1095 AVE OF THE AMERICAS | NEW YORK | NY | 10036-3690 |
| | NANCY D'AGOSTINO | | | | |
| Metropolitan Life | (Metropolitan Life Insurance Co) | ONE MADISON AVE | NEW YORK | NY | 10010 |
| Millenco LLC | | 666 FIFTH AVE/8TH FL | NEW YORK | NY | 10103 |
| Ms Select Value Added Market | | 1221 AVENUE OF THE AMERICAS | NEW YORK | NY | 10020 |
| New York City Deferred Compensation | Plan | 40 RECTOR STREET-3RD FLOOR | NEW YORK | NY | 10006 |
| | NEW YORK STATE TEACHERS RET SY DAN BARZOWSKAS | | | | |
| New York State Teachers Retire | (NYSTRS) | 10 CORPORATE WOODS DRIVE | ALBANY | NY | 12211-2395 |
| Nicholas H. Werthman | | 74 RUTLAND RD | BROOKLYN | NY | 11225-5313 |
| NYC District Council Carpenters | Pension | 395 HUDSON ST, 9FL | NEW YORK | NY | |
| NYC Employees Retirement System | %NYC Retirement System | 1 CENTRE STREET | NEW YORK | NY | 10007 |
| O'Shaughnessy | O'Shaughnessy | 253 PARK AVE | NEW YORK | NY | 10017 |
| Paris Trading | | 787 SEVENTH AVE – 3rd Floor | NEW YORK | NY | 10019 |
| Pension Commingle Fund | The Sumitomo Trust & Banking Co. Ltd. Trust | 527 MADISON AVENUE | NEW YORK | NY | 10022 |

| Name | Detail | Address | City | State | Zip |
|---|---|---|---|---|---|
| Polly H. Howells | | 484 FIRST STREET | BROOKLYN | NY | 11215-2806 |
| Pond View Credit (Master) LP - Tradi | | 245 PARK AVE | NYC NY 10167 | | |
| Prime Broker CSSI Stock Split | And Reorg Processing Account | | | | |
| | Attn Prime Broker | | | | |
| Prism Partners Offshore | Citibank NA A/C | 390 GREENWICH STREET | NEW YORK | NY | 10013-2375 |
| Putnam Lovell NBF Securities Inc | Attn: Brad Stehle | 399 PARK AVENUE 7TH FLOOR | NEW YORK | NY | 10043-0001 |
| QES QVT Fund LP | 31ST FLOOR | 65 EAST 55TH STREET | NEW YORK NY 10022 | | |
| Rabo Capital Services, Inc. | C/O Oxi Financial LP | 1177 AVE OF AMERICAS 9TH FLR | NEW YORK | NY | 10036 |
| | | 245 PARK AVENUE | NEW YORK | NY | 10167 |
| Rief Rmp LLC | C/O Renaissance Technologies LLC | 800 THIRD AVENUE | NEW YORK | NY | 10022 |
| | Attn: Mark Silber | | | | |
| Rief Trading LLC | C/O Renaissance Technologies LLC | 800 THIRD AVENUE | NEW YORK | NY | 10022 |
| | Attn: Mark Silber | | | | |
| Sandelman Partners | MULTI-STRATEGY MASTER FUND | 500 PARK AVENUE 3RD FLOOR | NEW YORK NY 100221608 | | |
| | Attn: Controllers Manager | | | | |
| SBI Swaps | *Eq US Derivatives Traders | 388 GREENWICH ST. | NEW YORK | NY | |
| | Eq Deriv Prod Ctrl 6FL | | | | |
| Securities Lending Ops - P&L 74878 | LOAN COLLATERAL ACCOUNT, c/o Louise | 390 GREENWICH STREET | NEW YORK NY 10013 | | |
| Spear Leeds And Kellogg | | 115 BROADWAY | NEW YORK | NY | 10006-1604 |
| | LAURA LYNN FORD | | | | |
| State Street Lux | (Tweedy Browne Company LLC) | 350 PARK AVENUE 9TH FLOOR | NEW YORK | NY | 10022 |
| Stock Borrow - P&L 74878 | C/O PETER GRANT | 390 GREENWICH STREET | NEW YORK NY 10013 | | |
| Stock Borrowed-NY | | 3 TIMES SQUARE 3RD FLOOR 8 FL | NEW YORK NY 10036 | | |
| | DREYFUS ACTIVE MIDCAP FUND | | | | |
| Strategic Funds, Inc. | | 200 PARK AVENUE | NEW YORK | NY | |
| Suttonbrook Capital Portfolio LP | ATTN: CAROL BALE | 598 MADISON AVE 8TH FLOOR | NEW YORK NY 10022 | | |
| TBK Partners, LLC | TBK Partners LLC | 350 PARK AVENUE 8TH FLOOR | NEW YORK | NY | 10022 |
| | DREYFUS BBC S&P 500 ST INDX FD | | | | |
| The Dreyfus/Laurel Funds Inc | The Dreyfus/Laurel Funds Inc | 200 PARK AVENUE | NEW YORK | NY | 10166 |
| | TIM GEHMAN | | | | |
| TIAA-CREF | (TIAA-CREF) | 730 THIRD AVE | NEW YORK | NY | 10017 |
| Time Warner Inc Master Pension | Trust | 75 ROCKEFELLER PLAZA | NEW YORK | NY | 10019 |
| TMSITS SETT A/C FOR REF-I LLC | | 257 PARK AVE SOUTH 15TH FLOOR | NEW YORK | NY | 10010-7304 |
| Trafs Omni | | 280 PARK AVE | NEW YORK NY 10017 | | |
| TRE Pension Eft Acct PPS | | 1 CENTRE STREET | NEW YORK | NY | 10007 |
| Tweedy, Browne Value Fund | Tweedy, Browne Value Fund | 350 PARK AVENUE | NEW YORK | NY | 10022 |
| | VALUE LINE ASSET MANAGEMENT | | | | |
| | PORTFOLIO ADMINISTRATION | | | | |
| Value Line, Inc. | (The Value Line Income Fund) | 220 EAST 42ND ST. 5TH FLOOR | NEW YORK | NY | 10017 |
| Vandebilt Partners, LLC | Vandebilt Partners, LLC. | 560 PARK AVE. 9TH FLOOR | NEW YORK | NY | 10019 |
| White Mountains Reinsurance Company | Of America | ONE LIBERTY PLAZA 4TH FLOOR | NEW YORK | NY | 10006 |
| William J Brown | | 6 LEDDY LANE | PLEASANTVILLE NY 10570-3512 | | |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK - COMMERCIAL DIVISION
--------------------------------------------------------------X

PARENT COMPANY PLAINTIFFS

William A. Niese; James R. Simpson; W. Thomas Johnson,
Jr.; Richard T. Schlosberg, III; Efrem Zimbalist, III; Fred A.
Abatemarco; Gerald J. Alcantar; Richard S. Alfano;
C. Michael Armstrong; Gary M. Arnold; John M. Arthur;
William H. Barlow; David S. Barrett; Bruce E. Barwick;
Todd A. Becker; George Bell; Susan P. Bell; Horst A.
Bergmann; Edward L. Blood; Gregory L. Bowlin; Robert F.
Brandt; Alan L. Brauer; Leo Brennan; Kenneth H. Brief;
Robert N. Brisco;   Patricia G. Campbell;
Dian S. Carpenter; John S. Carroll; Kathleen M. Casey;
Rajender K. Chandhok; Randolph R. Charles; Janet T.
Clayton; Patrick A. Clifford; Andrew W. Clurman; C.
Shelby Coffey, III; Stuart K. Coppens; George J. Cotliar;
William D. Crawford; Barbara R. DeYoung; John F. Dill;
Ann E. Dilworth; Kathryn M. Downing; Beverly Dreher;
Elizabeth V. Drewry; Michael S. Dubester; John M. Dyer;
Robert F. Erburu; David A. Esgro; Joanne K. Falk; Peter J.
Fernald; James E. Fitzgerald; Michael J. Forgione; Donald
H. Forst; Douglas Fox; Vance I. Furukawa; Debra A.
Gastler; Gary P. Goldstein; Edward J. Gottsman; Marian
Lewis (for the estate of Kenneth Graham); Robert T. Grant;
Richard Guerrero; Lee J. Guittar; James F. Guthrie; Delynn
T. Guttry; Kenneth L. Halajian; Charlotte H. Hall; Jean
Halle; Michael J. Haugh; Janis Heaphy; James D. Helin;
Curtis A. Hessler; James H. Higby; Lawrence M. Higby;
Raymond Holton; Karen Laukka Horn; Leslie M. Howard;
Mark E. Howe; Joseph M. Hughes; Alberto Ibarguen; James
Imbriaco; Steven L. Isenberg; William R. Isinger; Raymond
Jansen, Jr.; Edward E. Johnson; Robert M. Johnson; Mary E.
Junck; Scott W. Kabak; Judith S. Kallet; William F. Keller;
Joan Kellermann (for the estate of Donald S. Kellermann);
Victoria King; Jason E. Klein; Jeffrey S. Klein; Susan K.
Klutnick; James L. Kopper; Sally Kuekes; Mark H. Kurtich;
Kimberly McCleary LaFrance; Jeffrey W. Lankey; David A.
Laventhol; R. Marilyn Lee Schneider; Martin P. Levin;
Jesse E. Levine; Nancy Lobdell; Robert G. Magnuson;
Anthony J. Marro; Donald S Maxwell; Kathleen G.
McGuinness; John C. McKeon; Jack E. Meadows; Stephen
C. Meier; Janie Molvar; Roger H. Molvar; Durham J.
Monsma; John T. Nash; Nicholas H. Niles; James H. Norris;
James H. Nuckols; Nancy W. O'Neill; Robert T. O'Sullivan;
Francis P. Pandolfi; Michael C. Parks; Jeffrey N. Paro; John

Index No. _____

COMPLAINT TO
AVOID AND RECOVER
TRANSFERS OF
PROPERTY OF
TRIBUNE COMPANY
AND TRIBUNE
COMPANY AFFILIATES
AND SUBSIDIARIES
UNDER THE UNIFORM
FRAUDULENT
TRANSFER ACT

F. Patinella; Janette O. Payne; Carol Perruso; Victor A. Perry;
Maureen G. Peterson; Martha A. Petty; Jack L. Plank;
Elizabeth F. Redmond; S. Keating Rhoads; Michael R. Riley;
Michael G. Rose; William J. Rowe; Jerome S. Rubin;
Alexander Sann; Geraldine Scally; Herbert K. Schnall;
Charles I. Schneider; Hilary A. Schneider; Howard S.
Schneider; Brian J. Sellstrom; James D. Shaw; Dennis A.
Shirley; Gary K. Shorts; Louis Sito; Richard W. Stanton;
Judith L. Sweeney; Stender E. Sweeney; James S.
Toedtman; Sharon S. Tunstall; Michael S. Udovic; Michael
J. Valenti; Karen J. Wada; Claudia A. Wade; James W.
Wallace; Michael E. Waller; Larry W. Wangberg; Howard
Weinstein; William D. Wiegand; Mary A. Wild; Mark H.
Willes; Phillip L. Williams; Hazel E. Wilson; Julia C.
Wilson; Harold F. Woldt, Jr.; Leo Wolinsky; Donald F.
Wright; John W. Young; John J. Zakarian; Norene Zapanta
(trustee for Dr. Edward Zapanta Trust);

SUBSIDIARY PLAINTIFFS (without duplicates)

Sharon M. Bowen; James Willard Colston; Grace E. Crowder;
John Darnall; Kenneth G. Davis; Mary M. Downes; Paul
H. Egan; Arnold J. Kleiner; John R. Murphy; Barbara Sample
(for the estate of Jack W. Neely); Carolyn Selzer; William F.
Thomas; Caroline Thorpe; Robert E. Trainor; Herbert J. Vida.

Plaintiffs,

-against-

AllianceBernstein L.P.; Alpine Associated LLC; Alpine
Associates LLC; Amalgamated Bank; Assent LLC; Bank of
America, N.A.; LaSalle Bank, N.A.; Barclays Capital Inc.;
BlackRock Institutional Trust; BMO Nesbitt Burns Employee
Co-Investment Fund I Management (U.S.) Inc.; BMO
Nesbitt Burns Corp.; BMO Nesbitt Burns Trading Corp.
S.A.; BNP Paribas Securities Corp.; BNP Paribas Prime
Brokerage, Inc.; Brown Brothers Harriman & Co.; Brown
Brothers Harriman & Co., Inc.; BZV Securities Inc.; Cantor
Fitzgerald & Co.; Charles Schwab & Co., Inc.; CIBC World
Markets Corp.; CIBC World Markets Inc.; Citibank, N.A.;
Citigroup Global Markets Inc.; Clearview Correspondent
Services, LLC; Comerica Bank;
Commerz Markets LLC; Credit Agricole Securities (USA)
Inc.; Credit Suisse – Investment Banking and Security
Investment Division; Credit Suisse (USA), Inc.; Credit
Suisse Securities (USA) LLC; Crowell, Weedon & Co.; D.A.
Davidson & Co.; D.E. Shaw Investment Management, L.L.C.;

2

Deutsche Bank -- Private Banking and Investment Banking
Investments Division; Eaton Vance Management;
Eaton Vance Management, Inc.; Edward D. Jones & Co.,
L.P.; EWT, LLC; Fiduciary Trust Company; Fifth Third
Bank; First Option Consulting, Inc.; First Option Debt
Solutions Ltd.; First Option Funding Corp.; First
Southwest Company; GAMCO Investors, Inc.;
Glenmede Trust Company, N.A.; Goldman Sachs
Execution & Clearing, L.P.; Goldman, Sachs & Co.;
Greywolf Capital Management L.P.; Interactive Brokers Inc.;
Jeffries & Company, Inc.; Key Bank, N.A.; Legent Clearing
LLC; Lehman Brothers, Inc.; LPL Financial Corporation;
Manufacturers and Traders Trust Company; Merrill Lynch, Pierce,
Fenner & Smith Incorporated; Merrill Lynch Capital Corporation;
Merrill Lynch & Co., Inc.; Mesirow Financial, Inc.; Mizuho
Trust & Banking Co. (USA); Morgan Stanley & Co.
Incorporated; Morgan Stanley Smith Barney LLC;
Morgan, Keegan & Company, Inc.; National Financial
Services LLC; Natixis Bleichroeder Inc.; Natixis Securities North
America Inc.; Neuberger Berman Inc.; Neuberger Berman LLC;
Newedge USA, LLC; Nomura Securities International, Inc.;
Oppenheimer & Co. Inc.; OptionsXpress, Inc.; Penson Financial
Services, Inc.; Perry Capital L.L.C.; Pershing LLC; PrimeVest
Financial Services, Inc.; RABO Capital Services Inc.; Raymond,
James & Associates, Inc.; Raymond James Ltd. (USA), Inc.;
Raymond James Financial Services, Inc.; RBC Capital Markets,
LLC; RBS Securities Inc.; Schultze Asset Management, LLC;
Scotia Capital (USA) Inc.; Scott Trade, Inc.; SG Americas
Securities, LLC; State Street Bank & Trust Company;
Sterne, Agee & Leach, Inc.; Stifel, Nicolaus & Company
Incorporated; Swiss American Advisors, LLC; Swiss American
Corporation; Swiss American Express, Ltd.; Terra Nova
Financial, LLC; The Bank of New York Mellon Corporation;
Mellon Trust of New England, National Association;
The Depository Trust & Clearing Corporation; TradeStation
Securities, Inc.; U.S. Bank, N.A.; UBS Financial Services, Inc.;
Wachovia Bank, N.A.; Wells Fargo Bank, N.A.;
William Blair & Company, L.L.C.; Martha P. Pope as
Executrix of Estate of Leavitt J. Pope; Valuation Research
Corporation and John Doe 1 through John Doe 2000,

      Defendants

---------------------------------------------------------------------X

3

**COMPLAINT TO AVOID AND RECOVER TRANSFERS OF PROPERTY OF TRIBUNE COMPANY AND TRIBUNE COMPANY AFFILIATES AND SUBSIDIARIES UNDER THE UNIFORM FRAUDULENT TRANSFER ACT**

Plaintiffs, as retirees of The Times Mirror Company ("**Times Mirror**"), the Tribune Company ("**Tribune**") and/or one or more of 110 affiliates or subsidiaries of Tribune Company ("**Tribune Entities**"), and as creditors of Tribune and/or one or more of the Tribune Entities, holding claims of in excess of $109 Million (the "**Plaintiffs**"), by and through their counsel, **Teitelbaum & Baskin, LLP,** complaining of each of the defendants named herein and each of the John Doe defendants (each a "**Defendant**" and collectively, the "**Defendants**"), allege as follows:

## PRELIMINARY STATEMENT

1.     In 2000, Times Mirror was merged into Tribune, with Tribune as the surviving entity. Tribune, among other things, assumed various obligations and commitments to the Plaintiffs, most of whom had given a lifetime of service to Times Mirror. In 2007, during the peak of the financial excesses, Tribune, pressured by its majority shareholders and lured by a scheme orchestrated by Sam Zell, abandoned its duties and obligations to its retirees, its employees and its creditors. Tribune incurred approximately $11 Billion in debt to complete a leveraged buyout transaction (the "**LBO Transaction**") which contemplated the use of approximately $8 Billion of such borrowed funds to purchase, repurchase, redeem and/or cancel the publicly held common stock of Tribune and the Tribune Entities by and through a private Employee Stock Ownership Plan (the "**ESOP**") for no consideration to Tribune and the Tribune Entities. The LBO Transaction not only lined the pockets of certain Tribune's insiders and controlling shareholders with billions of dollars, it rendered Tribune and the Tribune Entities insolvent or with unreasonably small capital or with insufficient assets to pay its debts as they came due. The mountain of debt resulting from the LBO did not allow Tribune to adjust to the changing media business and drove this icon of the media world into Chapter 11 less than a year after the LBO

4

Transaction closed.[1] As a result, the Plaintiffs were advised that their retirement benefits would be treated as general unsecured claims of the now bankrupt Tribune; that their periodic retirement payments would cease; and that their retirement nest egg upon which they were relying for their "golden years" be may be worth a few pennies on the dollar. More than two and one half years

---

[1] Tribune, the parent company, on December 8, 2008, filed for Chapter 11 bankruptcy protection in the United States District Court for the District of Delaware (the "**Bankruptcy Court**") under lead case *In re Tribune Company, et al.* (Case No. 08-13141-KJC)(jointly administered)(collectively, the "**Bankruptcy Case**"). In addition, the following affiliates or subsidiaries of Tribune filed bankruptcy petitions under Chapter 11 of the Bankruptcy Code in the Bankruptcy Court (these affiliates and subsidiaries are collectively referred to as the "**Tribune Entities**"): 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); Chicago Land Microwave Licensee, Inc. (1579); Chicago Land Publishing Company (3237); Chicago Land Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); Green Co, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); Insert Co, Inc. (2663); Internet Foreclosure Service, Inc. (6550); Julius Air Company, LLC (9479); Julius Air Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191).

into the Bankruptcy Case and after the expenditure of more than *$200 Million* of Tribune's assets

on professional fees (more than double what all retirees of Tribune and the Tribune Entities are

owed) the Plaintiffs have been further burdened with the task of avoiding and recovering the

wrongful transfers of their retirement funds to stockholders and financial advisors as part of the

LBO Transaction.

2.     As such, the Plaintiffs bring this action to recover at least $109 Million pursuant to the

Uniform Fraudulent Transfer Act (the "**UFTA**") to recover fraudulent transfers made by Tribune

and/or Tribune Entities to or for the benefit of the Defendants.

## STAY OF THIS ACTION

3.     Neither Tribune nor the Official Committee of Unsecured Creditors appointed in the

Bankruptcy Case (the "**Creditors' Committee**") sought to preserve the approximately $8 Billion

in state law constructive fraud claims against stockholders and others who received transfers from

an insolvent Tribune as part of the LBO Transaction (the "**SLCF Claims**").

4.     In or around May 4, 2011, the Creditors' Committee provided a notice to creditors of the

Bankruptcy Case that the SLCF Claims, including the SLCF Claims asserted herein, would not be

prosecuted by the Bankruptcy estate or a creditors' trust to be formed under any plan of

reorganization in the Bankruptcy Case and that such claims could face a statute of limitations bar

of June 4, 2011.  The notice urged creditors who wished to preserve such claims to commence

their actions prior to June 4, 2011. A copy of the Creditors' Committee Notice is also annexed

hereto as Exhibit A.

5.     As a result, on the eve of the expiration of the statute of limitations, the Bankruptcy Court

issued an order dated April 25, 2011 (Docket No. 8740 in the Bankruptcy Case, the "**SLCFC Lift**

**Stay Order**") (Exhibit A hereto), vacating the automatic stay to permit, among others, the

Plaintiffs to commence this action to preserve the claims  asserted herein.

6.  Paragraph 6 the SLCFC Lift Stay Order, provides in pertinent part, however:

> Absent further order of this Court, litigation commenced by the filing of any complaint referenced in paragraphs 3 and 5 above shall automatically be stayed in the applicable state court(s) where such complaint(s) are filed, or if not automatically in such state court(s), then application for the stay in accordance with the provisions of this Order shall be made . . . .

7.  To the extent necessary, Plaintiffs will seek to extend the time for parties to respond to this complaint and seek a stay of these proceedings in compliance with the SLCFC Lift Stay Order.

## NATURE OF THE ACTION

8.  172 of the Plaintiffs are retirees of Times Mirror and creditors of Tribune in the aggregate amount of at least $104 Million ("**TM Retirees**" or "**Tribune Retiree Creditor Plaintiffs**") pursuant to one or more non-tax qualified retirement, pension, deferred compensation, salary continuation, or supplemental payment or severance plans, each as more fully described below (each a "**Retiree Plan**").

9.  17 of the Plaintiffs are retirees of one or more Tribune Entities and creditors of one or more Tribune Entities in the aggregate amount of at least $5 Million ("**Tribune Entity Retirees**" or "**Tribune Entity Retiree Creditor Plaintiffs**") pursuant to one or more Retiree Plans.[2]

10. The Defendants received transfers of funds from Tribune and/or Tribune Entities in the amount of at least $109 Million in 2007 for their common stock of Tribune at $34 per share.

11. The common stock for an insolvent Tribune had little or no value.

12. The Plaintiffs gave their lives to Times Mirror, Tribune and/or one or more Tribune Entities, and were relying upon their Retiree Plans in their so-called "golden years" for daily living expenses and for their retirement nest egg.

---

[2] In total there are 188 Plaintiffs; two Plaintiffs are both Tribune Retiree Creditor Plaintiffs and Tribune Entity Retiree Creditor Plaintiffs.

13.    The Plaintiffs had the rug pulled out from under them on December 8, 2008 when Tribune and the Tribune Entities, burdened with over $11 Billion of debt incurred as part of the LBO Transaction, commenced the Bankruptcy Case.

14.    Immediately following the commencement of the Bankruptcy Case, the Plaintiffs were advised that their periodic payments under their Retiree Plans would be cut off and the value of their retirement portfolio would be worth pennies on the dollar. As detailed below, the Plaintiffs turned to the Bankruptcy Court and the Creditors' Committee to preserve their retirement funds; however, neither could save the Plaintiffs from what had been done.

15.    The Retiree Plans were neither ERISA plans nor otherwise tax qualified plans and Tribune had not segregated funds to support the payment of the Retiree Plans.

16.    As such, the Plaintiffs were general unsecured creditors of Tribune and/or one or more Tribune Entities at the time of the LBO Transaction and as of the commencement of the Bankruptcy Case.

17.    Plaintiffs have been treated and classified as general unsecured creditors of Tribune and/or one or more Tribune Entities in the Bankruptcy Case.

18.    The LBO Transaction (i) rendered Tribune insolvent; (ii) left Tribune with unreasonably small assets or capital to operate; and/or (iii) left Tribune with debts beyond its ability to pay as they became due.

19.    The LBO Transaction (i) rendered the Tribune Entities insolvent; (ii) left the Tribune Entities with unreasonably small assets or capital to operate; and/or (iii) left the Tribune Entities with debts beyond their ability to pay as they became due.

20.    The transfers to the Defendants were transfers of property of Tribune (i) made while Tribune was insolvent; (ii) which rendered Tribune insolvent; or (iii) which left Tribune with unreasonably small capital or assets to operate including to pay debts as such debts became due.

8

21.    The transfers to the Defendants were transfers of property of one or more Tribune Entities
(i) made while the Tribune Entities were insolvent; (ii) which rendered the Tribune Entities
insolvent; or (iii) which left the Tribune Entities with unreasonably small capital or assets to
operate including to pay debts as such debts became due.

22.    The transfers to the Defendants were made for less than fair or reasonable consideration to
Tribune and/or the Tribune Entities.

## APPLICABLE LAW

23.    The Plaintiffs bring this action under the UFTA, as adopted in the State of Illinois (S.H.A.
740 ILCS 160 *et seq.*) (the "**UFTA**"), in their capacity as creditors of Tribune and/or one or more
Tribune Entities, to avoid and recover transfers of property of Tribune and/or one or more
Tribune Entities made to or for the benefit of the Defendants (the "**Fraudulent Conveyances**" as
more fully defined below) and to the detriment of the Plaintiffs.

24.    Tribune is a corporation incorporated under the laws of the State of Delaware.

25.    Tribune's corporate headquarters are located at 435 North Michigan Avenue, Chicago,
Illinois 60611.

26.    Upon information and belief, substantially all of the decisions, negotiations and approvals
concerning the LBO Transaction occurred in Chicago, Illinois.

27.    Upon information and belief, all of the Fraudulent Conveyances were approved by Tribune
in Illinois and originated in Illinois.

28.    The UFTA as adopted in the States of Delaware and/or Illinois is applicable based upon the
nexus of the LBO Transaction, Tribune and the Fraudulent Conveyances to each jurisdiction.

### THE LBO TRANSACTION

29.     In September 2006, as a result of pressure from the majority shareholders[3] of Tribune to maximize the value of the common stock of Tribune, the Board of Directors of Tribune (the "Board") announced that it had established a special committee comprised of certain members of the Board (the "Special Committee") to oversee management's exploration of alternatives to achieve this goal.

30.     In or around October 2006, Tribune retained Morgan Stanley & Co. Inc. ("**Morgan Stanley**") to act as a financial advisor to the Special Committee and, upon information and belief, paid Morgan Stanley more than $10 Million in fees and expenses.

31.     Tribune thereafter engaged Merrill Lynch, Pierce, Fenner & Smith Incorporated ("**Merrill**", together with Merrill Lynch Capital Corporation, "**Merrill Lynch**") and Citigroup Global Markets, Inc. ("**CGMI**") as financial advisors in connection with the LBO Transaction.

32.     Merrill Lynch and CGMI also served as lead arrangers for the credit facilities which provided financing for the LBO Transaction.

33.     By October 2006, seventeen potential outside purchasers had expressed interest in Tribune.

34.     On April 1, 2007, following management's endorsement and the Special Committee's recommendation, the Board agreed to a proposal by Sam Zell whereby Tribune entered into a merger agreement which contemplated the purchase, repurchase, redemption and/or cancellation of 100% of the common stock of Tribune in two steps.

---

[3] Upon information and belief the majority shareholders included (x) The Chandler Trusts which held over 48 Million shares of common stock of Tribune and (y) the McCormick Foundation Trust which held over 28 Million shares of the outstanding common stock of Tribune.

35.     The purchase of such stock, the cancellation of existing indebtedness and the payment of millions of dollars in fees was financed with approximately $11 Billion of debt made available to Tribune through the LBO Transaction.

36.     In or around June 4, 2007, Tribune incurred approximately $8 Billion in debt to, among other things, purchase approximately 50% of the outstanding shares (126,000,000 shares) of Tribune common stock in a tender offer for $34.00 per share ("**Step One**").

37.     In or around the period commencing June 4, 2007, Tribune used at least $4.3 Billion of the proceeds of the Step One indebtedness to make transfers to holders of Tribune common stock to purchase, repurchase, redeem, and/or cancel approximately 50% of Tribune common stock and to pay fees and expenses to professionals and advisors (the "**Step One Transfers**").

38.     In or around December 7, 2007, Tribune incurred an additional $3 Billion in debt to, among other things, purchase, repurchase, redeem and/or cancel its remaining outstanding shares of common stock for $34.00 per share ("**Step Two**").

39.     The Tribune Entities guaranteed the indebtedness incurred by Tribune in Step One and Step Two.

40.     In or around the period commencing December 7, 2007, Tribune used the proceeds of the Step One and Step Two indebtedness and other assets of Tribune and/or Tribune Entities to make transfers to holders of Tribune common stock in the aggregate amount of approximately $4 Billion to purchase, repurchase, redeem, and/or cancel the remaining approximately 50% of its common stock and to pay fees and expenses to professionals and advisors (the "**Step Two Transfers**" and together with the Step One Transfers, the "**Fraudulent Conveyances**").

41.     The LBO Transaction was effected through a private S-corporation entity wholly owned by the ESOP so as to generate certain tax benefits. The tax and other benefits of the LBO

11

Transaction could only be realized upon consummation of the repurchase of the common stock of Tribune as part of Step Two.

42.     Upon information and belief, Dan Neil and Eric Bailey, former employees of Tribune, have commenced a class action under the Employee Retirement Income Security Act ("**ERISA**"), on their behalf and on behalf of approximately 11,000 ESOP participants who were former employees of Tribune Company against Samuel Zell, GreatBanc Trust Company, and EGI-TRB, LLC in the United States District Court for the Northern District of Illinois, alleging that the LBO Transaction rendered the stock in the ESOP worthless and the transaction, among other things, violated ERISA. The action is identified as *Dan Neil and Eric Bailey, Individuals, and on Behalf of Themselves on Behalf of all other Similarly Situated Plaintiffs v. Samuel Zell, GreatBanc Trust Company, and EGI-TRB, LLC.*, No. 08 C 6833 (the "**ESOP Action**").

43.     Upon information and belief, by memorandum decision and order dated March 4, 2011, the Illinois District Court certified the class of plaintiffs in the ESOP Action.

44.     Sam Zell, who was elected to Tribune's Board in or around May 2007 and became the Chairman of the Board and President and Chief Executive Officer of Tribune in or around December 2007, upon information and belief, directly or indirectly received Fraudulent Conveyances of in excess of $5 Million through the LBO Transaction at the expense of the creditors of Tribune and Tribune Entities.

45.     Upon information and belief, the commitment letters that were executed in connection with the Step One committed Merrill Lynch Capital Corporation ("**MLCC**"), CGMI and JPMorgan Chase Bank, N.A. (collectively, the "**Lenders**") to provide the requisite financing for both Step One and Step Two.

46.     Upon information and belief, prior to the Board's approval of the LBO Transaction in April 2007, Tribune knew or should have known that financial projections used to support the LBO

12

Transaction were unreliable and that a negative variance of a mere 2% would result in Tribune and/or the Tribune Entities being rendered insolvent upon incurring the LBO indebtedness.

47.    Indeed, as of March 25, 2007, upon information and belief, management knew that both revenue and operating cash flow for the publishing business for the first quarter of 2007 were already at least 2% below the financial projections and management knew that the industry trend was negative.

48.    Tribune retained Valuation Research Corporation ("**VRC**") for a solvency opinion.

49.    Neither Tribune nor VRC acted reasonably in connection with the issuance of any opinions issued by VRC.

50.    Upon information and belief, VRC uncritically accepted financial projections from Tribune and based its opinions on outdated and unreliable financial projections finalized by management and approved by the Board in February 2007 (the "**February Projections**").

51.    Upon information and belief, the February Projections were substantially higher than actual operating results. For example, actual publishing revenues for March 2007 were 4.3% below those in the February Projections. Similarly, actual publishing revenues for April and May were, respectively, 4.9% and 8.6% below the level necessary to sustain the debt level of the LBO Transaction. March 2007 actual broadcasting revenue was 3.0% below the February Projections. May 2007 broadcasting revenues were 6.4% below the February Projections. In the aggregate, for the three months March through May 2007, publishing revenues were $55 Million below those in the February Projections, and broadcasting revenues were $9 Million below the level necessary to service the debt incurred as part of the LBO Transaction.

52.    Upon information and belief, the financial projections were updated by management and presented, in part, to the Board in October 2007 (the "**October Projections**").

53.     Upon information and belief, despite the fact that the October Projections were downwardly revised for the short term, management, and its advisors, including VRC, ignored actual historical results and overall trends in the industry; as such, the October Projections reflected an unsustainable and unrealistic growth model, including (i) generating significant revenues for the internet based businesses despite underperforming 2007 projections by at least 4%; and (ii) outperforming February Projections on a consolidated basis, year after year, with a projected growth of 2.4% per year beginning in 2013 and accelerating through 2017.

54.     In all, VRC upwardly revised its valuation by approximately $613 Million to support the LBO Transaction and was paid in excess of $1.5 Million.

55.     By blindly accepting information and either intentionally or negligently preparing its analysis, VRC failed to provide any reasonable value for the fees it received.

56.     In September 2007, Tribune engaged Morgan Stanley to advise the Board and management concerning the LBO Transaction, including with respect to the issue of solvency.

57.     Morgan Stanley was paid at least $10 Million.

58.     Upon information and belief, Morgan Stanley either negligently or intentionally failed to advise Tribune that the application of reasonable negative assumptions to the financial projections would render Tribune and/or the Tribune Entities insolvent after giving effect to the LBO Transaction.

59.     Morgan Stanley failed to provide any reasonable value to Tribune.

60.     On December 20, 2007, Chandler Bigelow[4] and Donald C. Grenesko[5] delivered the required solvency certificates on behalf of Tribune, thereby consummating the LBO Transaction.

[4] Chandler Bigelow ("**Bigelow**") was Tribune's Treasurer at the time of the LBO Transaction, and currently is Tribune's Chief Financial Officer. Bigelow was also the Vice President and Treasurer of one or more of the Tribune Entities which guaranteed the obligations of Tribune. Upon information and belief, Bigelow received monetary special
(Cont'd on following page)

14

61.     As a result of the LBO Transaction and the Fraudulent Conveyances, Tribune (i) was

rendered insolvent; (ii) was left with unreasonably small capital or assets to operate including to

pay debts as such debts became due creditors; and/or (iii) incurred debts which Tribune Company

knew or reasonably should have known were beyond its ability to repay.

62.     As a result of the LBO Transaction and the Fraudulent Conveyances, the Tribune Entities (i)

were rendered insolvent; (ii) were left with unreasonably small capital or assets to operate

including to pay debts as such debts became due creditors; and/or (iii) incurred debts which the

Tribune Entities knew or reasonably should have known were beyond their ability to repay.

63.     As a result of the LBO Transaction and the Fraudulent Conveyances, the Tribune Retiree

Creditor Plaintiffs sustained economic injury to the extent of their unpaid general unsecured

claims arising from the Retiree Plans against Tribune.

64.     As a result of the LBO Transaction and the Fraudulent Conveyances, the Tribune Entity

Retiree Creditor Plaintiffs sustained economic injury to the extent of their unpaid general

unsecured claims arising from the Retiree Plans against one or more of the Tribune Entities.

65.     Tribune did not receive reasonably equivalent value for the Fraudulent Conveyances to

Defendants.

(Cont'd from preceding page)

incentives in connection with consummation of the LBO Transaction and sold at least 7,183 shares of Tribune stock for
at least $244,000 in connection with the LBO Transaction. Upon information and belief, Bigelow lives in Illinois.

[5] Donald C. Grenesko ("**Grenesko**") was Tribune's Senior Vice President of Finance and Administration at the time of
the LBO Transaction. Upon information and belief, Grenesko sold 242,357 shares of Tribune stock in connection with
the LBO Transaction from which he received approximately $8,240,138 in cash proceeds. Upon information and belief,
Grenesko also received additional monetary special incentives in connection with consummation of the LBO
Transaction. Upon information and belief, Grenesko lives in Illinois.

15

66.     The Tribune Entities did not receive reasonably equivalent value for the guarantee of the
        obligations incurred as part of the LBO Transaction or for the Fraudulent Conveyances to
        Defendants.

67.     Each of the Plaintiffs who are Tribune Retiree Creditor Plaintiffs were creditors of Tribune
        at the time of each of the Step One Transfer and the Step Two Transfer, the commencement of the
        Bankruptcy Case and the commencement of this case.

68.     Each of the Plaintiffs who are Tribune Entity Retiree Creditor Plaintiffs were creditors of
        one or more Tribune Entities at the time of each of the Step One Transfer and the Step Two
        Transfer, the commencement of the Bankruptcy Case and the commencement of this case.

## THE TRIBUNE COMPANY BANKRUPTCY CASES

69.     As a direct result of the LBO Transaction and the Fraudulent Conveyances, Tribune and the
        Tribune Entities, among other things, (i) incurred over $11 Billion in debt, (ii) transferred or
        caused to be transferred  approximately $8.3 Billion to purchase, repurchase, redeem and/or
        cancel common stock of Tribune, (iii) transferred approximately $207 Million to professionals
        and lenders for fees, costs and expenses; (iv) transferred approximately $907 Million in interest
        payments and $978 Million in principal payments on account of the debt incurred; and (v)
        commenced the Bankruptcy Cases on December 8, 2008, less than a year after the Step Two
        Transfers.

70.     Pursuant to an affidavit sworn to December 8, 2008 and filed with the Bankruptcy Court in
        the Bankruptcy Cases the ("**Bigelow Affidavit**"), Tribune Vice President and Chief Financial
        Officer, Chandler Bigelow stated that prior to the LBO Tribune and the Tribune Entities had
        approximately $3 Billion of indebtedness; but following the LBO Transaction, Tribune had
        approximately $13 Billion of debt and approximately $7.6 Billion in assets. (Bigelow Affidavit at
        ¶11).

16

71.   Further, pursuant to the Bigelow Affidavit, in 2007 (i) the Tribune Entities had revenues of approximately $5.1 Billion, approximately 72% of which was from publishing and approximately 28% of which was from broadcasting and entertainment; (ii) publishing revenues had declined by approximately 9% and broadcasting and entertainment revenues had declined by approximately 2% due to decreased circulation and advertizing. (Bigelow Affidavit at ¶11)

72.   Bigelow concluded that the Tribune Entities "faced increasing constraints on their liquidity, including their ability to service approximately $13 Billion in indebtedness. . . ." (Bigelow Affidavit at ¶12).

73.   Thus, the LBO Transaction rendered Tribune and the Tribune Entities insolvent or with unreasonably small capital or assets to operate including to pay debts as such debts became due to creditors.

74.   As a result of the LBO Transaction and the Bankruptcy Case, the Plaintiffs were advised that payments due to them arising from or in connection with the Retiree Plans would be treated as general unsecured claims in the Bankruptcy Cases.

75.   Consequently, the periodic benefit payments to Plaintiffs under any such Retiree Plans were immediately discontinued and all accrued and unpaid amounts due in connection with such Retiree Plans would be paid to the Plaintiffs only pursuant to the Bankruptcy Code and the terms of a confirmed plan of reorganization.

76.   The Plaintiffs had relied upon the payment of their retirement funds as a substantial part of their income and for their retirement savings.

77.   Plaintiffs, William A. Niese, James R. Simpson, Jr., W. Thomas Johnson, Jr., Richard T. Schlosberg, III and Efrem Zimblist, III, immediately formed a steering committee to protect the rights of Tribune Retiree Creditors and Tribune Entity Retiree Creditors (the "**Steering Committee**") in the Bankruptcy Cases.

17

78.     In December 2008, the Steering Committee engaged Teitelbaum & Baskin, LLP ("**T&B**") to

represent the interests of the Steering Committee, and such other Tribune Retiree Creditors and

Tribune Entity Retiree Creditors who may join them, in the Bankruptcy Case.

79.     Ultimately, approximately 194 Tribune Retiree Creditors and Tribune Entity Retiree

Creditors joined the Steering Committee and engaged T&B to represent their interests in the

Bankruptcy Case.

80.     Plaintiff, William A. Niese was appointed to the Official Committee of Unsecured Creditors

(the "**Creditors' Committee**") as the representative of all retiree interests in the Bankruptcy

Case.

81.     Since December 2008, Niese and T&B have actively participated in the Bankruptcy Case on

behalf retirees of Tribune, Tribune Entities and Times Mirror and in furtherance of the interests of

general unsecured creditors of Tribune and Tribune Entities.

82.     The Tribune Retiree Creditor Plaintiffs represent over $104 Million of the approximately

$113 Million in similar claims asserted against Tribune in the Bankruptcy Cases.

83.     The Tribune Entity Retiree Creditor Plaintiffs represent over $5 Million of the

approximately $13 Million in similar claims asserted against the Tribune Entities in the

Bankruptcy Cases.

84.     Upon information and belief, all Plaintiff claims are liquidated in amount and not disputed

or subject to offsets, counterclaims or defenses of any kind.

85.     After nearly 2 ½ years in bankruptcy, the Bankruptcy Court has been presented with two

competing plans of reorganization.

86.     The DCL Plan, as amended as of April 26, 2011(Bankruptcy Court Docket No. 8769) ("the

**DCL Plan**"), is jointly proposed by Tribune and the Tribune Entities, the Official Committee of

18

Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P. and JPMorgan Chase Bank, N.A. (the "**DCL Plan Proponents**").

87.     The Noteholder Plan, as amended as of April 25, 2011 (Bankruptcy Court Docket No. 8755) (the "**Noteholder Plan**"), is jointly proposed by Aurelius Capital Management, L.P., Deutsche Bank Trust Company Americas, Law Debenture Trust Company of New York and Wilmington Trust Company (the "**Noteholder Plan Proponents**").

88.     The Bankruptcy Court is presently considering which, if either, plan should be confirmed.

89.     Under each plan, each Tribune Retiree Creditor Plaintiff claim against Tribune is classified together and treated identically, irrespective of which Retiree Plan formed the basis of the claim.

90.     Under the DCL Plan (i) each Tribune Retiree Creditor Plaintiff claim against Tribune is grouped as a general unsecured claim in Class 1F (other than a convenience claim which is Class 1G), and each such claim is treated identically; and (ii) each Tribune Entity Retiree Creditor Plaintiff claim against a Tribune Entity is grouped as a general unsecured claim in Classes 2E through 111E, and each such claim is treated identically.

91.     Under the Noteholder Plan (i) each Tribune Retiree Creditor Plaintiff claim against Tribune is grouped as a general unsecured claim in Class 1G and each such claim is treated identically; and (ii) each Tribune Retiree Creditor Plaintiff claim against a Tribune Entity is grouped as a general unsecured claim in Classes 50G through 111G, and each such claim is treated identically.

92.     The Plaintiffs and retirees in general have overwhelmingly voted in favor of the DCL Plan and against the Noteholder Plan.

93.     Contested confirmation proceedings have been conducted before the Bankruptcy Court with respect to both the DCL Plan and the Noteholder Plan.

19

94.    Upon information and belief, in or around mid June 2011, the proponents of each of the

DCL Plan and the Noteholder Plan will have made their final submissions to the Bankruptcy

Court.

95.    It is uncertain if or when either the DCL Plan or the Noteholder Plan will be confirmed or

become effective such that distributions will be made to creditors of Tribune and Tribune Entities,

including the Plaintiffs.

96.    Assuming the DCL Plan is confirmed and becomes effective (i) Tribune Retiree Creditor

Plaintiffs who are classified as Class 1F general unsecured creditors of Tribune, would receive

initial distributions of between 32% and 35% of their allowed claims and certain such Plaintiffs

(depending upon elections they make) could receive additional distributions on account of

litigation recoveries in connection with an action commenced by the Creditors' Committee

against various parties who participated in and/or received benefits from the LBO Transaction

(the "**Committee Action**"); and (ii) the Tribune Entity Retiree Creditor Plaintiffs who are

classified as Class 2E through 111E general unsecured creditors of Tribune Entities could receive

a distribution of 100% of their allowed claims.

97.    Assuming the Noteholder Plan is confirmed and becomes effective (i) Tribune Retiree

Creditor Plaintiffs who are classified as Class 1G general unsecured creditors of Tribune, would

receive initial distributions of approximately 4% of their allowed claims and could receive

additional distributions on account of litigation recoveries; and (ii) Tribune Entity Retiree

Creditor Plaintiffs who are classified as Class 50G through 111G general unsecured creditors of

Tribune Entities could receive an initial distribution of approximately 8% of their allowed claims

and could receive additional distributions on account of litigation recoveries.

98.    On or about November 1, 2010, the Creditors' Committee commenced the Committee

Action as an adversary proceeding captioned *The Official Committee Of Unsecured Creditors Of*

20

*Tribune Company, on behalf of Tribune Company, et al., vs. Dennis J. Fitzsimons, et al.*(Case No. 08-13141) (Adv. Pro. No. 10-54010) (Docket No. 1). Many of the allegations made herein "upon information and belief" are based upon the detailed allegations set forth in the Creditors' Committee first amended complaint dated December 7, 2010 (Docket No. 61) (the "**Committee Action Complaint**").

99.     In addition, certain allegations made herein "upon information and belief" are based upon the report, dated July 26, 2010, filed by Kenneth Klee as the court appointed examiner in the Bankruptcy Case (the "**Examiner's Report**" available on the Bankruptcy Court's Docket at Nos. 5130 through 5134).

100.    Under both the DCL Plan and the Noteholder Plan, the prosecution of state law constructive fraud claims, such as those asserted herein, are left to the creditors holding such claims.

## JURISDICTION AND VENUE

101.    Upon information and belief, the Defendants are all similarly situated transferees of the Fraudulent Conveyances, either in their capacity as common stockholders, clearing houses for ultimate transferees, professionals or advisors.

102.    Upon information and belief, the Defendants reside in this jurisdiction, have an office in this jurisdiction, or are otherwise subject to the jurisdiction of this Court. Venue is proper based upon the residence, domicile or place of business of some or all of the Defendants.

## THE PLAINTIFFS

103.    172 Tribune Retiree Creditor Plaintiffs hold claims against Tribune in the aggregate amount of at least $104 Million based upon one or more of the Retiree Plans.

104.    17 Tribune Entity Retiree Creditor Plaintiffs hold claims against one or more Tribune Entities in the aggregate amount of at least $5 Million based upon one or more of the Retiree Plans.

21

105. The Tribune Retiree Creditor Plaintiffs seek to avoid transfers made by Tribune to or for the benefit of the Defendants and to recover such funds on account of the their claims against Tribune pursuant to the UFTA as adopted in Illinois.

106. The Tribune Entity Retiree Creditor Plaintiffs seek to avoid transfers made by Tribune Entities to or for the benefit of the Defendants and to recover such funds on account of the their claims against the Tribune Entities pursuant to the UFTA as adopted in Illinois.

107. The Tribune Retiree Creditor Plaintiffs:

    (a) are retirees of Times Mirror and/or Tribune;

    (b) at the time of the Step One and Step Two Transfers had claims against Tribune based upon one or more of the following Retiree Plans:

- Times Mirror Excess Pension Plan (the "**Excess Plan**") which covered employees of Times Mirror whose benefits under Times Mirror's qualified pension plan were capped by IRS regulation;

- Times Mirror Supplemental Retirement Plan (the "**SERP**") which covered a limited number of senior executives of Times Mirror and provided benefits based upon salary plus bonus and a subsidized survivor annuity;

- Times Mirror Deferred Compensation Plans which permitted eligible employees or directors of Times Mirror to defer some of their annual compensation, some, or all, of their annual bonus. and in the case of directors, some or all of their annual retainer, and select a payment start date and payment period; the deferred amounts were to accrue interest at 9% per annum; and Tribune Supplemental 401(k) Plan (together with the Times Mirror Deferred Compensation Plans, the "**DC-Plans**") which

22

permitted eligible employees of Tribune to receive a supplemental company contribution related to their 401(k) benefits; and

- Special Letter Agreements, including severance, pension, salary continuation and/or supplemental payment agreements, ("**Letter Agreements**") which were entered into with certain executives to provide an additional severance, salary continuation, supplemental payments or pension package.

108.  The Tribune Entity Retiree Creditor Plaintiffs:

(a)  are retirees of one or more Tribune Entities; and

(b)  who at the time of the LBO Transaction had claims against one or more Tribune Entities based upon Special Letter Agreements, including severance, pension, salary continuation and/or supplemental payment agreements, ("**Subsidiary Letter Agreements**") which were entered into with certain executives to provide additional severance, salary continuation, supplemental payments or pension package.

109.  None of the Plaintiffs has released their SLCF Claims asserted herein by electing to grant a release as part of the DCL Plan election form, distributed in May 2011 (the "**DCL Plan Election Form**").

110.  None of the Plaintiffs has contributed their SLCF Claims asserted herein to a creditors' trust as part of the DCL Plan Election Form.

**Tribune Retiree Creditor Plaintiffs**

111.  Each of the Tribune Retiree Creditor Plaintiffs identified herein are creditors of Tribune and were creditors of Tribune as of the Step One and Step Two Transfers and the commencement of the Bankruptcy Case:

23

(a) **William A. Niese:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $1,894,702.51.

(b) **James R. Simpson:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $3,924,877.86.

(c) **W. Thomas Johnson, Jr.:** (i) is a citizen and/or resident of the State of Georgia; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $2,091,151.24.

(d) **Richard T. Schlosberg, III:** (i) is a citizen and/or resident of the State of Texas; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $2,760,068.72.

(e) **Efrem Zimbalist, III:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $2,206,657.73.

(f) **Fred A. Abatemarco:** (i) is a citizen and/or resident of the State of New York; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $105,156.30.

(g) **Gerald J. Alcantar:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $11,811.29.

(h) **Richard S. Alfano:** (i) is a citizen and/or resident of the State of Texas; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $56,537.94.

(i)   **C. Michael Armstrong:** (i) is a citizen and/or resident of the State of Florida; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $195,890.45.

(j)   **Gary M. Arnold:** (i) is a citizen and/or resident of the State of Illinois; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $103,730.01.

(k)   **John M. Arthur:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $78,075.76.

(l)   **William H. Barlow:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $30,213.16.

(m)  **David S. Barrett:** (i) is a citizen and/or resident of the State of Connecticut; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $4,685.88.

(n)   **Bruce E. Barwick:** (i) is a citizen and/or resident of the State of Maryland; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $46,913.69.

(o)   **Todd A. Becker:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $130,317.53.

(p)   **George Bell:** (i) is a citizen and/or resident of the State of Massachusetts; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $21,758.70.

(q) **Susan P. Bell:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $43,290.37.

(r) **Horst A. Bergmann:** (i) is a citizen and/or resident of the State of Colorado; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $5,868,608.14.

(s) **Edward L. Blood:** (i) is a citizen and/or resident of the State of Arizona; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $85,974.55.

(t) **Gregory L. Bowlin:** (i) is a citizen and/or resident of the State of Colorado; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $548.59.

(u) **Robert F. Brandt:** (i) is a citizen and/or resident of the State of Maryland; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $51,409.08.

(v) **Alan L. Brauer:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $27,545.56.

(w) **Leo Brennan:** (i) is a citizen and/or resident of the State of Georgia; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $650,642.48.

(x) **Kenneth H. Brief:** (i) is a citizen and/or resident of the State of Maine; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $79,868.36.

26

(y) **Robert N. Brisco:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $55,918.19.

(z) **Patricia G. Campbell:** (i) is a citizen and/or resident of the State of Pennsylvania; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $102,312.38.

(aa) **Dian S. Carpenter:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $703,514.32.

(bb) **John S. Carroll:** (i) is a citizen and/or resident of the State of Kentucky; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $1,523,628.61.

(cc) **Kathleen M. Casey:** (i) is a citizen and/or resident of the State of Texas; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $111,836.75.

(dd) **Rajender K. Chandhok:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $49,874.04.

(ee) **Randolph R. Charles:** (i) is a citizen and/or resident of the State of Pennsylvania; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $53,190.66.

(ff) **Janet T. Clayton:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $122,035.39.

27

(gg) **Patrick A. Clifford:** (i) is a citizen and/or resident of the State of New York; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $1,161,516.02.

(hh) **Andrew W. Clurman:** (i) is a citizen and/or resident of the State of Colorado; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $50,625.17.

(ii) **C. Shelby Coffey, III:** (i) is a citizen and/or resident of the State of Virginia; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $239,849.60.

(jj) **Stuart K. Coppens:** (i) is a citizen and/or resident of the State of Florida; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $22,713.20.

(kk) **George J. Cotliar:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $239,050.32.

(ll) **William D. Crawford:** (i) is a citizen and/or resident of the State of Florida; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $81,779.00.

(mm) **Barbara R. DeYoung:** (i) is a citizen and/or resident of the State of New York; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $140,144.34.

(nn) **John F. Dill:** (i) is a citizen and/or resident of the State of Florida; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $109,100.04.

28

(oo) **Ann E. Dilworth:** (i) is a citizen and/or resident of the State of New Mexico; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $184,998.00.

(pp) **Kathryn M. Downing:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $1,350,233.65.

(qq) **Beverly Dreher:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $58,882.23.

(rr) **Elizabeth V. Drewry:** (i) is a citizen and/or resident of the State of South Carolina; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $159,351.22.

(ss) **Michael S. Dubester:** (i) is a citizen and/or resident of the State of New York; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $38,404.01.

(tt) **John M. Dyer:** (i) is a citizen and/or resident of the State of Georgia; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $592,605.17.

(uu) **Robert F. Erburu:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $8,976,796.34.

(vv) **David A. Esgro:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $32,602.00.

29

(ww)     **Joanne K. Falk:**  (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $133,983.00.

(xx) **Peter J. Fernald:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than **$174,235.31.**

(yy) **James E. Fitzgerald:** (i) is a citizen and/or resident of the State of New York; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $133,437.04.

(zz) **Michael J. Forgione:** (i) is a citizen and/or resident of the State of New York; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $44,838.32.

(aaa)     **Donald H. Forst:** (i) is a citizen and/or resident of the State of New York; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $115,977.12.

(bbb)     **Douglas Fox:** (i) is a citizen and/or resident of the State of New York; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $154,934.21.

(ccc)     **Vance I. Furukawa:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $318,241.94.

(ddd)     **Debra A. Gastler:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $105,061.35.

30

(eee)    **Gary P. Goldstein:** (i) is a citizen and/or resident of the State of New York; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $217,241.76.

(fff) **Edward J. Gottsman:** (i) is a citizen and/or resident of the State of New York; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $181,031.90.

(ggg)    **Marian Lewis (for the estate of Kenneth Graham):** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $14,288.91.

(hhh)    **Robert T. Grant:** (i) is a citizen and/or resident of the State of Florida; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $37,899.74.

(iii) **Richard Guerrero:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $569,312.18.

(jjj) **Lee J. Guittar:** (i) is a citizen and/or resident of the State of Florida; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $126,217.54.

(kkk)    **James F. Guthrie:** (i) is a citizen and/or resident of the State of Texas; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $577,807.24.

31

(lll) **Delynn T. Guttry:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $70,638.34.

(mmm) **Kenneth L. Halajian:** (i) is a citizen and/or resident of the State of New York; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $279,880.66.

(nnn) **Charlotte H. Hall:** (i) is a citizen and/or resident of the State of Pennsylvania; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $532,387.27.

(ooo) **Jean Halle:** (i) is a citizen and/or resident of the State of Maryland; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $45,477.17.

(ppp) **Michael J. Haugh:** (i) is a citizen and/or resident of the State of New Jersey; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $173,043.24.

(qqq) **Janis Heaphy:** (i) is a citizen and/or resident of the State of Texas; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $116,041.17.

(rrr) **James D. Helin:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $34,404.38.

(sss) **Curtis A. Hessler:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $1,022,521.60.

32

(ttt) **James H. Higby:** (i) is a citizen and/or resident of the State of Connecticut; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $57,086.86.

(uuu)   **Lawrence M. Higby:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $191,250.95.

(vvv)   **Raymond Holton:** (i) is a citizen and/or resident of the State of Pennsylvania; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $86,402.16.

(www)   **Karen Laukka Horn:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $329,826.52.

(xxx)   **Leslie M. Howard:** (i) is a citizen and/or resident of the State of New York; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $145,496.90.

(yyy)   **Mark E. Howe:** (i) is a citizen and/or resident of the State of New York; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $187,208.77.

(zzz)   **Joseph M. Hughes:** (i) is a citizen and/or resident of the State of Arizona; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $188,913.12.

(aaaa)   **Alberto Ibarguen:** (i) is a citizen and/or resident of the State of Florida; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $59,577.00.

33

(bbbb)  **James Imbriaco:** (i) is a citizen and/or resident of the State of New Jersey; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $63,028.95.

(cccc)  **Steven L. Isenberg:** (i) is a citizen and/or resident of the State of New York; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $577,618.26.

(dddd)  **William R. Isinger:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $298,855.71.

(eeee)  **Raymond A. Jansen, Jr.:** (i) is a citizen and/or resident of the State of Florida; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $6,439,394.24.

(ffff)  **Edward E. Johnson:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $1,183,611.96.

(gggg)  **Robert M. Johnson:** (i) is a citizen and/or resident of the State of Michigan; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $314,859.81.

(hhhh)  **Mary E. Junck:** (i) is a citizen and/or resident of the State of Iowa; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $687,471.28.

(iiii)  **Scott W. Kabak:** (i) is a citizen and/or resident of the State of New York; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $135,856.56.

(jjjj)**Judith S. Kallet:** (i) is a citizen and/or resident of the State of Florida; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $86,874.62.

(kkkk)     **William F. Keller:** (i) is a citizen and/or resident of the State of Illinois; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $43,819.77.

(llll)**Joan Kellermann (for the estate of Donald S. Kellermann):** (i) is a citizen and/or resident of Washington DC; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $202,942.77.

(mmmm)   **Victoria King:** (i) is a citizen and/or resident of the State of New York; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $74,235.11.

(nnnn)     **Jason E. Klein:** (i) is a citizen and/or resident of the State of New York; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $113,350.42.

(oooo)     **Jeffrey S. Klein:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $214,771.81.

(pppp)     **Susan K. Klutnick:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $381,723.02.

(qqqq)    **James L. Kopper:** (i) is a citizen and/or resident of the State of Florida; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $353,362.22.

(rrrr)    **Sally Kuekes:** (i) is a citizen and/or resident of the State of Arizona; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $49,664.99.

(ssss)    **Mark H. Kurtich:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $90,448.02.

(tttt) **Kimberly McCleary LaFrance:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $44,006.64.

(uuuu)    **Jeffrey W. Lankey:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $8,600.23.

(vvvv)    **David A. Laventhol:** (i) is a citizen and/or resident of the State of New York; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $3,598,937.76.

(wwww)    **R. Marilyn Lee Schneider:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $63,947.25.

(xxxx)   **Martin P. Levin:** (i) is a citizen and/or resident of the State of New York; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages **in the amount of not less than $103,195.50.**

(yyyy)   **Jesse E. Levine:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $49,524.89.

(zzzz)   **Nancy Lobdell:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $115,583.28.

(aaaaa)   **Robert G. Magnuson:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $230,074.32.

(bbbbb)   **Anthony J. Marro:** (i) is a citizen and/or resident of the State of Vermont; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $324,038.35.

(ccccc)   **Donald S Maxwell:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $375,385.65.

(ddddd)   **Kathleen G. McGuinness:** (i) is a citizen and/or resident of the State of Iowa; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $1,800,192.32.

(eeeee)   **John C. McKeon:** (i) is a citizen and/or resident of the State of Texas; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $91,979.56.

37

(fffff)     **Jack E. Meadows:** (i) is a citizen and/or resident of the State of Arkansas; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $108,100.07.

(ggggg)     **Stephen C. Meier:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $232,480.68.

(hhhhh)     **Janie Molvar:** (i) is a citizen and/or resident of the State of Oregon; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $843,787.40.

(iiiii)     **Roger H. Molvar:** (i) is a citizen and/or resident of the State of Washington; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $560,764.12.

(jjjjj)     **Durham J. Monsma:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $107,492.11.

(kkkkk)     **John T. Nash:** (i) is a citizen and/or resident of the State of Hawaii; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $373,594.11.

(lllll)     **Nicholas H. Niles:** (i) is a citizen and/or resident of the State of Pennsylvania; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $43,691.01.

(mmmmm)     **James H. Norris:** (i) is a citizen and/or resident of the State of New York; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $244,398.59.

(nnnnn)   **James H. Nuckols:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $159,526.04.

(ooooo)   **Nancy W. O'Neill:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and **damages in the amount of not less than $473,600.44.**

(ppppp)   **Robert T. O'Sullivan:** (i) is a citizen and/or resident of the State of New Jersey; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $317,971.62.

(qqqqq)   **Francis P. Pandolfi:** (i) is a citizen and/or resident of the State of Connecticut; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $172,194.00.

(rrrrr)   **Michael C. Parks:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $1,963,183.90.

(sssss)   **Jeffrey N. Paro:** (i) is a citizen and/or resident of the State of New Jersey; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $57,050.82.

(ttttt)   **John F. Patinella:** (i) is a citizen and/or resident of the State of Florida; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $150,001.24.

(uuuuu)   **Janette O. Payne:** (i) is a citizen and/or resident of the State of New York; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $35,393.07.

39

(vvvvv)   **Carol Perruso:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages **in the amount of not less than $93,718.73.**

(wwwww) **Victor A. Perry: (i) is a citizen and/or resident of the State of Georgia; (ii) or the duly authorized representative of the** Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $32,377.21.

(xxxxx)   **Maureen G. Peterson:** (i) is a citizen and/or resident of the State of Connecticut; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $594,751.05.

(yyyyy)   **Martha A. Petty:** (i) is a citizen and/or resident of the State of Florida; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $149,885.51.

(zzzzz)   **Jack L. Plank:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $316,088.85.

(aaaaaa)   **Elizabeth F. Redmond:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $838,434.21.

(bbbbbb)   **S. Keating Rhoads:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $98,744.57.

40

(cccccc)  **Michael R. Riley:** (i) is a citizen and/or resident of the State of Pennsylvania; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $123,950.91.

(dddddd)  **Michael G. Rose:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $352,557.60.

(eeeeee)  **William J. Rowe:** (i) is a citizen and/or resident of the State of Florida; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $308,021.09.

(ffffff)  **Jerome S. Rubin:** (i) is a citizen and/or resident of the State of New York; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $151,876.68.

(gggggg)  **Alexander Sann:** (i) is a citizen and/or resident of the State of New York; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $1,456,012.18.

(hhhhhh)  **Geraldine Scally:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $28,433.38.

(iiiiii)  **Herbert K. Schnall:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $601,401.39.

(jjjjjj)  **Charles I. Schneider:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $300,413.12.

41

(kkkkkk)   **Hilary A. Schneider:**  (i) is a citizen and/or resident of the State of California;
(ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this
action and asserts a claim and damages in the amount of not less than $116,920.23.

(llllll)   **Howard S. Schneider:**  (i) is a citizen and/or resident of the State of New York;
(ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this
action and asserts a claim and damages in the amount of not less than $111,725.93.

(mmmmmm)  **Brian J. Sellstrom:**  (i) is a citizen and/or resident of the State of California;
(ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this
action and asserts a claim and damages in the amount of not less than $59,424.51.

(nnnnnn)   **James D. Shaw:**  (i) is a citizen and/or resident of the State of Virginia; (ii) or
the duly authorized representative of the Plaintiff, has the legal right to bring this action
and asserts a claim and damages in the amount of not less than $188,663.28.

(oooooo)   **Dennis A. Shirley:**  (i) is a citizen and/or resident of the State of California; (ii)
or the duly authorized representative of the Plaintiff, has the legal right to bring this
action and asserts a claim and damages in the amount of not less than $1,374,704.51.

(pppppp)   **Gary K. Shorts:**  (i) is a citizen and/or resident of the State of Pennsylvania; (ii)
or the duly authorized representative of the Plaintiff, has the legal right to bring this
action and asserts a claim and damages in the amount of not less than $169,089.46.

(qqqqqq)   **Louis Sito:**  (i) is a citizen and/or resident of the State of South Carolina; (ii) or
the duly authorized representative of the Plaintiff, has the legal right to bring this action
and asserts a claim and damages in the amount of not less than $100,409.32.

(rrrrrr)   **Richard W. Stanton:**  (i) is a citizen and/or resident of the State of
Pennsylvania; (ii) or the duly authorized representative of the Plaintiff, has the legal right

to bring this action and asserts a claim and damages in the amount of not less than $58,991.00.

(ssssss)   **Judith L. Sweeney:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $37,827.72.

(tttttt)   **Stender E. Sweeney:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $92,525.62.

(uuuuuu)   **James S. Toedtman:** (i) is a citizen and/or resident of the State of Virginia; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $7,503.51.

(vvvvvv)   **Sharon S. Tunstall:** (i) is a citizen and/or resident of the State of Michigan; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $8,684.60.

(wwwwww)   **Michael S. Udovic:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and **damages in the amount of not less than $6,875.50.**

(xxxxxx)   **Michael J. Valenti:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $1,228,403.25.

(yyyyyy)   **Karen J. Wada:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $277,091.87.

43

(zzzzzz)   **Claudia A. Wade:**  (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $25,214.57.

(aaaaaaa)   **James W. Wallace:**  (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $319,337.67.

(bbbbbbb)   **Michael E. Waller:**  (i) is a citizen and/or resident of the State of South Carolina; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $1,856,802.57.

(ccccccc)   **Larry W. Wangberg:**  (i) is a citizen and/or resident of the State of Idaho; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $403,201.80.

(ddddddd)  **Howard Weinstein:**  (i) is a citizen and/or resident of the State of Maryland; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $346,023.78.

(eeeeeee)   **William D. Wiegand:**  (i) is a citizen and/or resident of the State of Washington; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $348,721.05.

(fffffff)   **Mary A. Wild:**  (i) is a citizen and/or resident of the State of Colorado; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $36,816.87.

44

(ggggggg) **Mark H. Willes:** (i) is a citizen and/or resident of the State of Utah; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $19,534,351.47.

(hhhhhhh) **Phillip L. Williams:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $572,842.71.

(iiiiiii)  **Hazel E. Wilson:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages **in the amount of not less than $26,114.05.**

(jjjjjjj)  **Julia C. Wilson:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $219,353.70.

(kkkkkkk) **Harold F. Woldt, Jr.:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $35,533.16.

(lllllll)  **Leo Wolinsky:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $606,750.39.

(mmmmmmm)  **Donald F. Wright:** (i) is a citizen and/or resident of the State of New Mexico; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $2,713,574.92.

45

(nnnnnnn) **John W. Young:** (i) is a citizen and/or resident of the State of New York; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $73,452.93.

(ooooooo) **John J. Zakarian:** (i) is a citizen and/or resident of the State of Connecticut; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $295,629.56.

(ppppppp) **Norene Zapanta (trustee for Dr. Edward Zapanta Trust):** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $11,482.47.

**Tribune Entity Retiree Creditor Plaintiffs**

112. Each of the Tribune Entity Retiree Creditor Plaintiffs identified herein are creditors of one or more Tribune Entities and were creditors of one or more Tribune Entities as of the Step One and Step Two Transfers and the commencement of the Bankruptcy Case:

(a) **Sharon M. Bowen:** (i) is a citizen and/or resident of the State of Maryland; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $7,928.66.

(b) **Janet T. Clayton:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $15,217.72.

(c) **James Willard Colston:** (i) is a citizen and/or resident of the State of Maine; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $341,112.31.

46

(d) **Grace E. Crowder:** (i) is a citizen and/or resident of the State of Pennsylvania; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $328,983.31.

(e) **John Darnall:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $12,067.23.

(f) **Kenneth G. Davis:** (i) is a citizen and/or resident of the State of Maryland; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $85,588.75.

(g) **Mary M. Downes:** (i) is a citizen and/or resident of the State of South Carolina; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $107,609.85.

(h) **Paul H. Egan:** (i) is a citizen and/or resident of the State of Oregon; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $23,494.71.

(i) **Arnold J. Kleiner:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $2,428,807.91.

(j) **John C. McKeon:** (i) is a citizen and/or resident of the State of Texas; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $4,949.00.

(k) **John R. Murphy:** (i) is a citizen and/or resident of the State of Georgia; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $1,259,218.77.

47

(l)  **Barbara Sample (for the estate of Jack W. Neely):** (i) is a citizen and/or resident of the State of Virginia; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $8,957.24.

(m)  **Carolyn Selzer:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $8,834.93.

(n)  **William F. Thomas:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $395,688.06.

(o)  **Caroline Thorpe:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $60,000.00.

(p)  **Robert E. Trainor:** (i) is a citizen and/or resident of the State of Maryland; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $74,825.54.

(q)  **Herbert J. Vida:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $45,399.65.

## THE DEFENDANTS

### Entity Stock Transferee Defendants:

113.  Upon information and belief, **Defendant AllianceBernstein L.P.** is a Limited Partnership formed under the laws of the State of Delaware, authorized to do business in the State of New

York, and has designated C T Corporation System, with an address of 111 Eighth Avenue, 13th Floor, New York, New York 10011 as its agent for service of process.

114.  Upon information and belief, Defendant AllianceBernstein L.P., received Step One and/or Step Two Transfers from Tribune in the amount of at least $40,039,896.00 as payment for the common stock interests in Tribune owned by either (i) AllianceBernstein L.P., and/or (ii) other unknown persons or entities for whose benefit AllianceBernstein L.P. held, transferred or exchanged such stock interests.

115.  Upon information and belief, **Defendant Alpine Associated LLC** is a Limited Liability Company formed under the laws of the State of New York, and has designated with the New York Department of State its address for service of process as c/o Mark Nathanson, 820 Hempstead Turnpike, Franklin Square, New York 11010.

116.  Upon information and belief, Defendant Alpine Associated LLC received Step One and/or Step Two Transfers from Tribune in the amount of at least $15,300,000.00 as payment for the common stock interests in Tribune owned by either (i) Alpine Associated LLC, and/or (ii) other unknown persons or entities for whose benefit Alpine Associated LLC held, transferred or exchanged such stock interests.

117.  Upon information and belief, **Defendant Alpine Associates Access LLC** is a Limited Liability Company formed under the laws of the State of Delaware, is authorized to do business in the State of New York, and has designated with the New York Department of State its address for service of process as c/o CT Corporation, 111 Eighth Avenue, New York, New York 10011.

118.  Upon information and belief, Defendant Alpine Associates Access LLC received Step One and/or Step Two Transfers from Tribune in the amount of at least $15,300,000.00 as payment for the common stock interests in Tribune owned by either (i) Alpine Associates Access LLC, and/or

(ii) other unknown persons or entities for whose benefit Alpine Associates Access LLC held, transferred or exchanged such stock interests.

119.    Upon information and belief, **Defendant Amalgamated Bank** is a Corporation formed under the laws of the State of New York, has an address of 275 Seventh Avenue, New York, New York 10001, and has designated with the California Secretary of State its address for service of process as c/o Rodel Hidalgo, 60 South Los Robles Ave, Pasadena, California 91101.

120.    Upon information and belief, Defendant Amalgamated Bank received Step One and/or Step Two Transfers from Tribune in the amount of at least $4,883,182.00 as payment for the common stock interests in Tribune owned by either (i) Amalgamated Bank, and/or (ii) other unknown persons or entities for whose benefit Amalgamated Bank held, transferred or exchanged such stock interests.

121.    Upon information and belief, **Defendant Assent LLC** is a Limited Liability Company formed under the laws of the State of Delaware, is authorized to do business in the State of New York, and has designated with the New York Department of State its address for service of process as c/o CT Corporation, 111 Eighth Avenue, New York, New York 10011.

122.    Upon information and belief, Defendant Assent LLC received Step One and/or Step Two Transfers from Tribune in the amount of at least $479,602.00 as payment for the common stock interests in Tribune owned by either (i) Assent LLC, and/or (ii) other unknown persons or entities for whose benefit Assent LLC held, transferred or exchanged such stock interests.

123.    Upon information and belief, **Defendant Bank of America, N.A.** is a national banking association chartered under the laws of the United States, with a principal office located at One Bryant Park, 3rd Floor, New York, New York 10036.

50

124.   Upon information and belief, **Defendant LaSalle Bank, N.A.** is a national banking association chartered under the laws of the United States, with offices in New York, New York, and was acquired by Bank of America, N.A. in or around May 2008.

125.   Upon information and belief, either one or both of Defendant Bank of America, N.A. and/or Defendant LaSalle Bank, N.A. received Step One and/or Step Two Transfers from Tribune in the amount of at least $58,393,708.00 as payment for the common stock interests in Tribune owned by either (i) one or both of Bank of America, N.A. or LaSalle Bank, N.A., and/or (ii) other unknown persons or entities for whose benefit one or both of Bank of America, N.A. or LaSalle Bank, N.A. held, transferred or exchanged such stock interests.

126.   Upon information and belief, **Defendant Barclays Capital Inc.** is a Corporation formed under the laws of the State of Connecticut, is authorized to do business in the State of New York, and has designated with the New York Department of State its address for service of process as c/o CT Corporation, 111 Eighth Avenue, New York, New York 10011.

127.   Upon information and belief, Defendant Barclays Capital Inc. received Step One and/or Step Two Transfers from Tribune in the amount of at least $767,278.00 as payment for the common stock interests in Tribune owned by either (i) Barclays Capital Inc., and/or (ii) other unknown persons or entities for whose benefit  Barclays Capital Inc. held, transferred or exchanged such stock interests.

128.   Upon information and belief, Defendant **BlackRock Institutional Trust** is a Corporation which conductions business in the State of New York, with offices located in New York, New York.

129.   Upon information and belief, Defendant BlackRock Institutional Trust received Step One and/or Step Two Transfers from Tribune in the amount of at least $59,109,578.00 as payment for the common stock interests in Tribune owned by either (i) BlackRock Institutional Trust, and/or

51

(ii) other unknown persons or entities for whose benefit BlackRock Institutional Trust held, transferred or exchanged such stock interests.

130.   Upon information and belief, **Defendant BMO Nesbitt Burns Employee Co-Investment Fund I Management (U.S.) Inc.** is a Corporation formed under the laws of the State of Delaware, is authorized to do business in the State of New York, and has designated with the New York Department of State its address for service of process as c/o Michael G. Zeiss, 430 Park Avenue, 15th Floor, New York, New York 10022.

131.   Upon information and belief, **Defendant BMO Nesbitt Burns Corp.** is a Corporation formed under the laws of the State of Delaware, is authorized to do business in the State of New York, and has an address for service of process as c/o Michael G. Zeiss, 430 Park Avenue, 15th Floor, New York, New York 10022.

132.   Upon information and belief, **Defendant BMO Nesbitt Burns Trading Corp., S.A.** is a Corporation conducting business in the state of New York, with offices located in 3 Times Square, New York, New York 10036.

133.   Upon information and belief, one or more of Defendants BMO Nesbitt Burns Corp., BMO Nesbitt Burns Trading Corp., S.A., and BMO Nesbitt Burns Employee Co-Investment Fund I Management (U.S.) Inc. (collectively, the "BMO Nesbitt Entities") received Step One and/or Step Two Transfers from Tribune in the amount of at least $1,958,298.00 as payment for the common stock interests in Tribune owned by either (i) by one or more of the BMO Nesbitt Entities, and/or (ii) other unknown persons or entities for whose benefit one or more of the BMO Nesbitt Entities held, transferred or exchanged such stock interests.

134.   Upon information and belief, **Defendant BNP Paribas Securities Corp.** is a Corporation formed under the laws of the State of Delaware, is authorized to do business in the State of New

52