**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------X

PARENT COMPANY PLAINTIFFS

William A. Niese;  James R. Simpson;  W. Thomas Johnson,
Jr.;  Richard T. Schlosberg, III;  Efrem Zimbalist, III;  Fred A.
Abatemarco;  Gerald J. Alcantar;  Richard S. Alfano;
C. Michael Armstrong;  Gary M. Arnold;  John M. Arthur;
William H. Barlow;  David S. Barrett;  Bruce E. Barwick;
Todd A. Becker;  George Bell;  Susan P. Bell;  Horst A.
Bergmann;  Edward L. Blood;  Gregory L. Bowlin;  Robert F.
Brandt;  Alan L. Brauer;  Leo Brennan;  Kenneth H. Brief;
Robert N. Brisco;   Patricia G. Campbell;
Dian S. Carpenter;  John S. Carroll;  Kathleen M. Casey;
Rajender K. Chandhok;  Randolph R. Charles;  Janet T.
Clayton;  Patrick A. Clifford;  Andrew W. Clurman;  C.
Shelby Coffey, III;  Stuart K. Coppens;  George J. Cotliar;
William D. Crawford;  Barbara R. DeYoung;  John F. Dill;
Ann E. Dilworth;  Kathryn M. Downing;  Beverly Dreher;
Elizabeth V. Drewry;  Michael S. Dubester;  John M. Dyer;
Robert F. Erburu;  David A. Esgro;  Joanne K. Falk;  Peter J.
Fernald;  James E. Fitzgerald;  Michael J. Forgione;  Donald
H. Forst;  Douglas Fox;  Vance I. Furukawa;  Debra A.
Gastler;  Gary P. Goldstein;  Edward J. Gottsman;  Marian
Lewis (for the estate of Kenneth Graham);  Robert T. Grant;
Richard Guerrero;  Lee J. Guittar;  James F. Guthrie;  Delynn
T. Guttry;  Kenneth L. Halajian;  Charlotte H. Hall;  Jean
Halle;  Michael J. Haugh;  Janis Heaphy;  James D. Helin;
Curtis A. Hessler;  James H. Higby;  Lawrence M. Higby;
Raymond Holton;  Karen Laukka Horn;  Leslie M. Howard;
Mark E. Howe;  Joseph M. Hughes;  Alberto Ibarguen;  James
Imbriaco;  Steven L. Isenberg;  William R. Isinger;  Raymond
Jansen, Jr.;  Edward E. Johnson;  Robert M. Johnson;  Mary E.
Junck;  Scott W. Kabak;  Judith S. Kallet;  William F. Keller;
Joan Kellermann (for the estate of Donald S. Kellermann);
Victoria King;  Jason E. Klein;  Jeffrey S. Klein;  Susan K.
Klutnick;  James L. Kopper;  Sally Kuekes;  Mark H. Kurtich;
Kimberly McCleary LaFrance;  Jeffrey W. Lankey;  David A.
Laventhol;  R. Marilyn Lee Schneider;  Martin P. Levin;
Jesse E. Levine;  Nancy Lobdell;  Robert G. Magnuson;
Anthony J. Marro;  Donald S Maxwell;  Kathleen G.
McGuinness;  John C. McKeon;  Jack E. Meadows;  Stephen
C. Meier;  Janie Molvar;  Roger H. Molvar;  Durham J.
Monsma;  John T. Nash;  Nicholas H. Niles;  James H. Norris;
James H. Nuckols;  Nancy W. O'Neill;  Robert T. O'Sullivan;
Francis P. Pandolfi;  Michael C. Parks;  Jeffrey N. Paro;  John



Case No. 11-CV-4538

**Hon. George B. Daniels**

**FIRST AMENDED**
**COMPLAINT TO**
**AVOID AND RECOVER**
**TRANSFERS OF**
**PROPERTY OF**
**TRIBUNE COMPANY**
**AND TRIBUNE**
**COMPANY AFFILIATES**
**AND SUBSIDIARIES**
**UNDER THE UNIFORM**
**FRAUDULENT**
**TRANSFER ACT**

F. Patinella; Janette O. Payne; Carol Perruso; Victor A. Perry;
Maureen G. Peterson; Martha A. Petty; Jack L. Plank;
Elizabeth F. Redmond; S. Keating Rhoads; Michael R. Riley;
Michael G. Rose; William J. Rowe; Jerome S. Rubin;
Alexander Sann; Geraldine Scally; Herbert K. Schnall;
Charles I. Schneider; Hilary A. Schneider; Howard S.
Schneider; Brian J. Sellstrom; James D. Shaw; Dennis A.
Shirley; Gary K. Shorts; Louis Sito; Richard W. Stanton;
Judith L. Sweeney; Stender E. Sweeney; James S.
Toedtman; Sharon S. Tunstall; Michael S. Udovic; Michael
J. Valenti; Karen J. Wada; Claudia A. Wade; James W.
Wallace; Michael E. Waller; Larry W. Wangberg; Howard
Weinstein; William D. Wiegand; Mary A. Wild; Mark H.
Willes; Phillip L. Williams; Hazel E. Wilson; Julia C.
Wilson; Harold F. Woldt, Jr.; Leo Wolinsky; Donald F.
Wright; John W. Young; John J. Zakarian; Norene Zapanta
(trustee for Dr. Edward Zapanta Trust);

SUBSIDIARY PLAINTIFFS (without duplicates)

Sharon M. Bowen; James Willard Colston; Grace E. Crowder;
John Darnall; Kenneth G. Davis; Mary M. Downes; Paul
H. Egan; Arnold J. Kleiner; John R. Murphy; Barbara Sample
(for the estate of Jack W. Neely); Carolyn Selzer; William F.
Thomas; Caroline Thorpe; Robert E. Trainor; Herbert J. Vida.

Plaintiffs,

-against-

AllianceBernstein L.P.; Alpine Associated LLC; Alpine
Associates LLC; Amalgamated Bank; Assent LLC; Bank of
America, N.A.; LaSalle Bank, N.A.; Barclays Capital Inc.;
BlackRock Institutional Trust; BMO Nesbitt Burns Employee
Co-Investment Fund I Management (U.S.) Inc.; BMO
Nesbitt Burns Corp.; BMO Nesbitt Burns Trading Corp.
S.A.; BNP Paribas Securities Corp.; BNP Paribas Prime
Brokerage, Inc.; Brown Brothers Harriman & Co.; Brown
Brothers Harriman & Co., Inc.; BZV Securities Inc.; Cantor
Fitzgerald & Co.; Charles Schwab & Co., Inc.; CIBC World
Markets Corp.; CIBC World Markets Inc.; Citibank, N.A.;
Citigroup Global Markets Inc.; Clearview Correspondent
Services, LLC; Comerica Bank;
Commerz Markets LLC; Credit Agricole Securities (USA)
Inc.; Credit Suisse – Investment Banking and Security
Investment Division; Credit Suisse (USA), Inc.; Credit
Suisse Securities (USA) LLC; Crowell, Weedon & Co.; D.A.
Davidson & Co.; D.E. Shaw Investment Management, L.L.C.;

Deutsche Bank – Private Banking and Investment Banking                    :
Investments Division; Eaton Vance Management;                             :
Eaton Vance Management, Inc.; Edward D. Jones & Co.,                      :
L.P.; EWT, LLC; Fiduciary Trust Company; Fifth Third                     :
Bank; First Option Consulting, Inc.; First Option Debt                   :
Solutions Ltd.; First Option Funding Corp.; First                        :
Southwest Company; GAMCO Investors, Inc.;                                 :
Glenmede Trust Company, N.A.; Goldman Sachs                              :
Execution & Clearing, L.P.; Goldman, Sachs & Co.;                        :
Greywolf Capital Management L.P.; Interactive Brokers Inc.;               :
Jeffries & Company, Inc.; Key Bank, N.A.; Legent Clearing                :
LLC;  LPL Financial Corporation;                                         :
Manufacturers and Traders Trust Company; Merrill Lynch, Pierce,           :
Fenner & Smith Incorporated; Merrill Lynch Capital Corporation;           :
Merrill Lynch & Co., Inc.; Mesirow Financial, Inc.; Mizuho               :
Trust & Banking Co. (USA); Morgan Stanley & Co.                          :
Incorporated; Morgan Stanley Smith Barney LLC;                           :
Morgan, Keegan & Company, Inc.; National Financial                       :
Services LLC; Natixis Bleichroeder Inc.; Natixis Securities North         :
America Inc.; Neuberger Berman Inc.; Neuberger Berman LLC;               :
Newedge USA, LLC; Nomura Securities International, Inc.;                  :
Oppenheimer & Co. Inc.; OptionsXpress, Inc.; Penson Financial            :
Services, Inc.; Perry Capital L.L.C.; Pershing LLC; PrimeVest            :
Financial Services, Inc.; RABO Capital Services Inc.; Raymond,            :
James & Associates, Inc.; Raymond James Ltd. (USA), Inc.;               :
Raymond James Financial Services, Inc.; RBC Capital Markets,              :
LLC; RBS Securities Inc.; Schultze Asset Management, LLC;                 :
Scotia Capital (USA) Inc.; Scott Trade, Inc.; SG Americas                :
Securities, LLC; State Street Bank & Trust Company;                      :
Sterne, Agee & Leach, Inc.; Stifel, Nicolaus & Company                  :
Incorporated; Swiss American Advisors, LLC; Swiss American               :
Corporation; Swiss American Express, Ltd.; Terra Nova                    :
Financial, LLC; The Bank of New York Mellon Corporation;                 :
Mellon Trust of New England, National Association;                       :
The Depository Trust & Clearing Corporation; TradeStation               :
Securities, Inc.; U.S. Bank, N.A.; UBS Financial Services, Inc.;         :
Wachovia Bank, N.A.; Wells Fargo Bank, N.A.;                            :
William Blair & Company, L.L.C.; Martha P. Pope as                       :
Executrix of Estate of Leavitt J. Pope;                                  :
                                                                         :
                                                                         :

and

1IA SPX1; A/C CSFB Prop Trading US; Alberta - WCB;
Alexandra Global Master Fund Ltd; Allianz Invest Kag –
Siemens; Am Master Fund 111, LP; Amida Partners Master
Fund Ltd; Attn Intl Program Trades; B Trade Services LLC;
Bessemer Trust Company; Blackport Capital Fund Ltd;

3

Canadian Imperial $55Arb; Carlyle Multi-Strategy Master Fund Ltd.;
CBS Master Trust; Cedar Grove Cem Assn Perp Care;
CIM XVI LLC; CMA Omnibus; Collective Trust Of The Bank of
New York; Consolidated Edison Of NY K801; Convertibles
Strategic Hold; Credit Suisse First Boston; D. E. Shaw Valence
Portfolio LLC; DB AG Equity Swaps Offshore - Consolidated
Account I; DBSO Securities Ltd.; De Shaw Oculus Port LLC -
USA; Delos Insurance Company; Deutsche Bank Secs Inc;
Dr. David L. Hoexter IRA R/O; Drawbridge Global Macro Master
Fund Ltd.; Dreyfus Index Funds, Inc Dreyf; Dreyfus Stock Index
Fund, Inc.; E-Connectivity Avg Px; Eric D. Werthman; Fao
Deephaven; Fao Havens Advisors LLC; First Investors Life Series
Fund – Utilities Series; First Investors Life Series Fund-Blue
Chip Series; Firstar Trust Company; Flexible US Equity
Managers; Forestal Funding Master Trust; Gabelli Asset
Management Company; Gabelli Asset Management Company;
Gabelli Avg Price 2; Gabelli Equity Trust Inc; Gabelli
Funds, Inc.; Gabelli Funds, Inc.  - The Gabelli Equity Inc. Fd;
Gabelli Funds, Inc. - Gabelli ABC Fund; Gabelli Funds, Inc. –
Gabelli Funds Inc.; Gabelli Funds, Inc. - The Gabelli Asset Fund;
Gabelli Funds, Inc. - The Gabelli Equity Inc. Fd; Gabelli Funds,
Inc. -The Gabelli Global Multimed Tr; Gabelli Global Deal Fund;
Gabelli Value Fund Inc; Gabelli Value Fund, Inc.; GMIMCO
Trust; Goldentree Master Fund II, Ltd.; Goldentree Master
Fund Ltd.; Goldentree Multistrategy Offshore Fund; Greenock
Multi-Strategy Master Fund Ltd.; Gryphon Hidden Value VIII LP;
Gryphon Hidden Values VIII Ltd; Halcyon Diversified Fund LP;
Havens Partners Enhanced Fund, L.P.; Havens Partners, L.P.; Himan
Brown; Hudson Bay Fund LP; Hudson Bay Master Fund Ltd; IBM
Personal Pension Plan Trust; Instinet Corp NY; Investment Tech
Group Inc; Iolaire Investors LLP; Irving H. Picard, Esq. Trustee;
ITG Inc; Jianshi Mao; Labranche Structured Products LLC;
Legg Mason Partners; Lispenard Street Credit Master Fund;
Loeb Arbitrage Management LP; Mary F Brown; Mergers
Invtmt Trd; Met Life; Metropolitan Life; Millenco LLC;
Ms Select-Value Added Market; New York City Deferred
Compensation Plan; New York State Teachers Retire; Nicholas H.
Werthman; NYC District Council Carpenters Pension; NYC
Employees Retirement System; O'Shaughnessy; Paris Trading;
Pension Commingle Fund; Polly H. Howells; Pond View Credit
(Master) LP - Tradi; Prime Broker CSSI Stock Split and Reorg
Processing Account; Prism Partners Offshore; Putnam Lovell NBF
Securities Inc; QES QVT Fund LP; Rabo Capital Services, Inc.; Rief
Rmp LLC; Rief Trading LLC; Sandelman Partners; SBI Swaps;
Securities Lending Ops - P&L 74878; Spear Leeds And Kellogg; State
Street Lux; Stock Borrow - P&L 74878; Stock Borrowed-Ny;
Strategic Funds, Inc.; Suttonbrook Capital Portfolio LP; TBK Partners,
LLC; The Dreyfus/Laurel Funds Inc; TIAA-CREF; Time Warner

Inc Master Pension; TMS/ITS SETT A/C FOR HFF I LLC;
Traits Omni; TRE Pension Eft Acct PPS; Tweedy, Browne Value
Fund; Value Line, Inc; Vanderbilt Partners, LLC; White Mountains
Reinsurance Company; William J Brown; and John Doe 1 through
John Doe 2000,

Defendants.

------------------------------------------------------------------------X

### FIRST AMENDED COMPLAINT TO AVOID AND RECOVER TRANSFERS OF PROPERTY OF TRIBUNE COMPANY AND TRIBUNE COMPANY AFFILIATES AND SUBSIDIARIES UNDER THE UNIFORM FRAUDULENT TRANSFER ACT

Plaintiffs, as retirees of The Times Mirror Company (**"Times Mirror"**), the Tribune

Company (**"Tribune"**) and/or one or more of 110 affiliates or subsidiaries of Tribune Company

(**"Tribune Entities"**), and as creditors of Tribune and/or one or more of the Tribune Entities,

holding claims of in excess of $109 Million (the **"Plaintiffs"**), by and through their counsel,

**Teitelbaum & Baskin, LLP,** complaining of each of the defendants named herein and each of the

John Doe defendants (each a **"Defendant"** and collectively, the **"Defendants"**), allege as follows:

### PRELIMINARY STATEMENT

1.      In 2000, Times Mirror was merged into Tribune, with Tribune as the surviving entity.

Tribune, among other things, assumed various obligations and commitments to the Plaintiffs,

most of whom had given a lifetime of service to Times Mirror. In 2007, during the peak of the

financial excesses, Tribune, pressured by its majority shareholders and lured by a scheme

orchestrated by Sam Zell, abandoned its duties and obligations to its retirees, its employees and

its creditors. Tribune incurred approximately $11 Billion in debt to complete a leveraged buyout

transaction (the **"LBO Transaction"**) which contemplated the use of approximately $8 Billion of

such borrowed funds to purchase, repurchase, redeem and/or cancel the publicly held common

stock of Tribune and the Tribune Entities by and through a private Employee Stock Ownership

5

Plan (the "**ESOP**") for no consideration to Tribune and the Tribune Entities. The LBO

Transaction not only lined the pockets of certain Tribune's insiders and controlling shareholders

with billions of dollars, it rendered Tribune and the Tribune Entities insolvent or with

unreasonably small capital or with insufficient assets to pay its debts as they came due. The

mountain of debt resulting from the LBO did not allow Tribune to adjust to the changing media

business and drove this icon of the media world into Chapter 11 less than a year after the LBO

Transaction closed.[1] As a result, the Plaintiffs were advised that their retirement benefits would be

---

[1] Tribune, the parent company, on December 8, 2008, filed for Chapter 11 bankruptcy protection in the United States District Court for the District of Delaware (the "**Bankruptcy Court**") under lead case *In re Tribune Company, et al.* (Case No. 08-13141-KJC)(jointly administered)(collectively, the "**Bankruptcy Case**"). In addition, the following affiliates or subsidiaries of Tribune filed bankruptcy petitions under Chapter 11 of the Bankruptcy Code in the Bankruptcy Court (these affiliates and subsidiaries are collectively referred to as the "**Tribune Entities**"): 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); Chicago Land Microwave Licensee, Inc. (1579); Chicago Land Publishing Company (3237); Chicago Land Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); Green Co, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); Insert Co, Inc. (2663); Internet Foreclosure Service, Inc. (6550); Julius Air Company, LLC (9479); Julius Air Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune

(Cont'd on following page)

treated as general unsecured claims of the now bankrupt Tribune; that their periodic retirement payments would cease; and that their retirement nest egg upon which they were relying for their "golden years" be may be worth a few pennies on the dollar. More than two and one half years into the Bankruptcy Case and after the expenditure of more than *$200 Million* of Tribune's assets on professional fees (more than double what all retirees of Tribune and the Tribune Entities are owed) the Plaintiffs have been further burdened with the task of avoiding and recovering the wrongful transfers of their retirement funds to stockholders and financial advisors as part of the LBO Transaction.

2. As such, the Plaintiffs bring this action to recover at least $109 Million pursuant to the Uniform Fraudulent Transfer Act (the "**UFTA**") to recover fraudulent transfers made by Tribune and/or Tribune Entities to or for the benefit of the Defendants.

### STAY OF THIS ACTION

3. Neither Tribune nor the Official Committee of Unsecured Creditors appointed in the Bankruptcy Case (the "**Creditors' Committee**") sought to preserve the approximately $8 Billion in state law constructive fraud claims against stockholders and others who received transfers from an insolvent Tribune as part of the LBO Transaction (the "**SLCF Claims**").

4. In or around May 4, 2011, the Creditors' Committee provided a notice to creditors of the Bankruptcy Case that the SLCF Claims, including the SLCF Claims asserted herein, would not be prosecuted by the Bankruptcy estate or a creditors' trust to be formed under any plan of

---

(Cont'd from preceding page)

Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191).

reorganization in the Bankruptcy Case and that such claims could face a statute of limitations bar of June 4, 2011. The notice urged creditors who wished to preserve such claims to commence their actions prior to June 4, 2011. A copy of the Creditors' Committee Notice is also annexed hereto as Exhibit A.

5.      As a result, on the eve of the expiration of the statute of limitations, the Bankruptcy Court issued an order dated April 25, 2011 (Docket No. 8740 in the Bankruptcy Case, the "**SLCFC Lift Stay Order**") (Exhibit A hereto), vacating the automatic stay to permit, among others, the Plaintiffs to commence this action to preserve the claims asserted herein.

6.      Paragraph 6 the SLCFC Lift Stay Order, provides in pertinent part, however:

> Absent further order of this Court, litigation commenced by the filing of any complaint referenced in paragraphs 3 and 5 above shall automatically be stayed in the applicable state court(s) where such complaint(s) are filed, or if not automatically in such state court(s), then application for the stay in accordance with the provisions of this Order shall be made . . . .

7.      To the extent necessary, Plaintiffs will seek to extend the time for parties to respond to this complaint and seek a stay of these proceedings in compliance with the SLCFC Lift Stay Order.

## NATURE OF THE ACTION

8.      172 of the Plaintiffs are retirees of Times Mirror and creditors of Tribune in the aggregate amount of at least $104 Million ("**TM Retirees**" or "**Tribune Retiree Creditor Plaintiffs**") pursuant to one or more non-tax qualified retirement, pension, deferred compensation, salary continuation, or supplemental payment or severance plans, each as more fully described below (each a "**Retiree Plan**").

9.     17 of the Plaintiffs are retirees of one or more Tribune Entities and creditors of one or more

Tribune Entities in the aggregate amount of at least $5 Million ("**Tribune Entity Retirees**" or

"**Tribune Entity Retiree Creditor Plaintiffs**") pursuant to one or more Retiree Plans.[2]

10.    The Defendants received transfers of funds from Tribune and/or Tribune Entities in the

amount of at least $109 Million in 2007 for their common stock of Tribune at $34 per share.

11.    The common stock for an insolvent Tribune had little or no value.

12.    The Plaintiffs gave their lives to Times Mirror, Tribune and/or one or more Tribune Entities,

and were relying upon their Retiree Plans in their so-called "golden years" for daily living

expenses and for their retirement nest egg.

13.    The Plaintiffs had the rug pulled out from under them on December 8, 2008 when Tribune

and the Tribune Entities, burdened with over $11 Billion of debt incurred as part of the LBO

Transaction, commenced the Bankruptcy Case.

14.    Immediately following the commencement of the Bankruptcy Case, the Plaintiffs were

advised that their periodic payments under their Retiree Plans would be cut off and the value of

their retirement portfolio would be worth pennies on the dollar.  As detailed below, the Plaintiffs

turned to the Bankruptcy Court and the Creditors' Committee to preserve their retirement funds;

however, neither could save the Plaintiffs from what had been done.

15.    The Retiree Plans were neither ERISA plans nor otherwise tax qualified plans and Tribune

had not segregated funds to support the payment of the Retiree Plans.

---

[2] In total there are 188 Plaintiffs; two Plaintiffs are both Tribune Retiree Creditor Plaintiffs and Tribune Entity Retiree
Creditor Plaintiffs.

16.     As such, the Plaintiffs were general unsecured creditors of Tribune and/or one or more

Tribune Entities at the time of the LBO Transaction and as of the commencement of the

Bankruptcy Case.

17.     Plaintiffs have been treated and classified as general unsecured creditors of Tribune and/or

one or more Tribune Entities in the Bankruptcy Case.

18.     The LBO Transaction (i) rendered Tribune insolvent; (ii) left Tribune with unreasonably

small assets or capital to operate; and/or (iii) left Tribune with debts beyond its ability to pay as

they became due.

19.     The LBO Transaction (i) rendered the Tribune Entities insolvent; (ii) left the Tribune

Entities with unreasonably small assets or capital to operate; and/or (iii) left the Tribune Entities

with debts beyond their ability to pay as they became due.

20.     The transfers to the Defendants were transfers of property of Tribune (i) made while Tribune

was insolvent; (ii) which rendered Tribune insolvent; or (iii) which left Tribune with

unreasonably small capital or assets to operate including to pay debts as such debts became due.

21.     The transfers to the Defendants were transfers of property of one or more Tribune Entities

(i) made while the Tribune Entities were insolvent; (ii) which rendered the Tribune Entities

insolvent; or (iii) which left the Tribune Entities with unreasonably small capital or assets to

operate including to pay debts as such debts became due.

22.     The transfers to the Defendants were made for less than fair or reasonable consideration to

Tribune and/or the Tribune Entities.

**APPLICABLE LAW**

23.     The Plaintiffs bring this action under the UFTA, as adopted in the State of Illinois (S.H.A.

740 ILCS 160 *et seq.*) (the "**UFTA**"), in their capacity as creditors of Tribune and/or one or more

Tribune Entities, to avoid and recover transfers of property of Tribune and/or one or more

Tribune Entities made to or for the benefit of the Defendants (the "**Fraudulent Conveyances**" as more fully defined below) and to the detriment of the Plaintiffs.

24.     Tribune is a corporation incorporated under the laws of the State of Delaware.

25.     Tribune's corporate headquarters are located at 435 North Michigan Avenue, Chicago, Illinois 60611.

26.     Upon information and belief, substantially all of the decisions, negotiations and approvals concerning the LBO Transaction occurred in Chicago, Illinois.

27.     Upon information and belief, all of the Fraudulent Conveyances were approved by Tribune in Illinois and originated in Illinois.

28.     The UFTA as adopted in the States of Delaware and/or Illinois is applicable based upon the nexus of the LBO Transaction, Tribune and the Fraudulent Conveyances to each jurisdiction.

## THE LBO TRANSACTION

29.   In September 2006, as a result of pressure from the majority shareholders[3] of Tribune to

maximize the value of the common stock of Tribune, the Board of Directors of Tribune (the

"Board") announced that it had established a special committee comprised of certain members of

the Board (the "Special Committee") to oversee management's exploration of alternatives to

achieve this goal.

30.   In or around October 2006, Tribune retained Morgan Stanley & Co. Inc. ("**Morgan**

**Stanley**") to act as a financial advisor to the Special Committee and, upon information and belief,

paid Morgan Stanley more than $10 Million in fees and expenses.

31.   Tribune thereafter engaged Merrill Lynch, Pierce, Fenner & Smith Incorporated ("**Merrill**",

together with Merrill Lynch Capital Corporation, "**Merrill Lynch**") and Citigroup Global

Markets, Inc. ("**CGMI**") as financial advisors in connection with the LBO Transaction.

32.   Merrill Lynch and CGMI also served as lead arrangers for the credit facilities which

provided financing for the LBO Transaction.

33.   By October 2006, seventeen potential outside purchasers had expressed interest in Tribune.

34.   On April 1, 2007, following management's endorsement and the Special Committee's

recommendation, the Board agreed to a proposal by Sam Zell whereby Tribune entered into a

merger agreement which contemplated the purchase, repurchase, redemption and/or cancellation

of 100% of the common stock of Tribune in two steps.

---

[3] Upon information and belief the majority shareholders included (x) The Chandler Trusts which held over 48 Million
shares of common stock of Tribune and (y) the McCormick Foundation Trust which held over 28 Million shares of
the outstanding common stock of Tribune.

35.   The purchase of such stock, the cancellation of existing indebtedness and the payment of millions of dollars in fees was financed with approximately $11 Billion of debt made available to Tribune through the LBO Transaction.

36.   In or around June 4, 2007, Tribune incurred approximately $8 Billion in debt to, among other things, purchase approximately 50% of the outstanding shares (126,000,000 shares) of Tribune common stock in a tender offer for $34.00 per share ("**Step One**").

37.   In or around the period commencing June 4, 2007, Tribune used at least $4.3 Billion of the proceeds of the Step One indebtedness to make transfers to holders of Tribune common stock to purchase, repurchase, redeem, and/or cancel approximately 50% of Tribune common stock and to pay fees and expenses to professionals and advisors (the "**Step One Transfers**").

38.   In or around December 7, 2007, Tribune incurred an additional $3 Billion in debt to, among other things, purchase, repurchase, redeem and/or cancel its remaining outstanding shares of common stock for $34.00 per share ("**Step Two**").

39.   The Tribune Entities guaranteed the indebtedness incurred by Tribune in Step One and Step Two.

40.   In or around the period commencing December 7, 2007, Tribune used the proceeds of the Step One and Step Two indebtedness and other assets of Tribune and/or Tribune Entities to make transfers to holders of Tribune common stock in the aggregate amount of approximately $4 Billion to purchase, repurchase, redeem, and/or cancel the remaining approximately 50% of its common stock and to pay fees and expenses to professionals and advisors (the "**Step Two Transfers**" and together with the Step One Transfers, the "**Fraudulent Conveyances**").

41.   The LBO Transaction was effected through a private S-corporation entity wholly owned by the ESOP so as to generate certain tax benefits.  The tax and other benefits of the LBO

Transaction could only be realized upon consummation of the repurchase of the common stock of Tribune as part of Step Two.

42.     Upon information and belief, Dan Neil and Eric Bailey, former employees of Tribune, have commenced a class action under the Employee Retirement Income Security Act ("**ERISA**"), on their behalf and on behalf of approximately 11,000 ESOP participants who were former employees of Tribune Company against Samuel Zell, GreatBanc Trust Company, and EGI-TRB, LLC  in the United States District Court for the Northern District of Illinois, alleging that the LBO Transaction rendered the stock in the ESOP worthless and the transaction, among other things, violated ERISA. The action is identified as *Dan Neil and Eric Bailey, Individuals, and on Behalf of Themselves on Behalf of all other Similarly Situated Plaintiffs v. Samuel Zell, GreatBanc Trust Company, and EGI-TRB, LLC.*, No. 08 C 6833 (the "**ESOP Action**").

43.     Upon information and belief, by memorandum decision and order dated March 4, 2011, the Illinois District Court certified the class of plaintiffs in the ESOP Action.

44.     Sam Zell, who was elected to Tribune's Board in or around May 2007 and became the Chairman of the Board and President and Chief Executive Officer of Tribune in or around December 2007, upon information and belief, directly or indirectly received Fraudulent Conveyances of in excess of $5 Million through the LBO Transaction at the expense of the creditors of Tribune and Tribune Entities.

45.     Upon information and belief, the commitment letters that were executed in connection with the Step One committed Merrill Lynch Capital Corporation ("**MLCC**"), CGMI and JPMorgan Chase Bank, N.A. (collectively, the "**Lenders**") to provide the requisite financing for both Step One and Step Two.

46.     Upon information and belief, prior to the Board's approval of the LBO Transaction in April 2007, Tribune knew or should have known that financial projections used to support the LBO

14

Transaction were unreliable and that a negative variance of a mere 2% would result in Tribune and/or the Tribune Entities being rendered insolvent upon incurring the LBO indebtedness.

47.     Indeed, as of March 25, 2007, upon information and belief, management knew that both revenue and operating cash flow for the publishing business for the first quarter of 2007 were already at least 2% below the financial projections and management knew that the industry trend was negative.

48.     Tribune retained Valuation Research Corporation ("**VRC**") for a solvency opinion.

49.     Neither Tribune nor VRC acted reasonably in connection with the issuance of any opinions issued by VRC.

50.     Upon information and belief, VRC uncritically accepted financial projections from Tribune and based its opinions on outdated and unreliable financial projections finalized by management and approved by the Board in February 2007 (the "**February Projections**").

51.     Upon information and belief, the February Projections were substantially higher than actual operating results. For example, actual publishing revenues for March 2007 were 4.3% below those in the February Projections. Similarly, actual publishing revenues for April and May were, respectively, 4.9% and 8.6% below the level necessary to sustain the debt level of the LBO Transaction. March 2007 actual broadcasting revenue was 3.0% below the February Projections. May 2007 broadcasting revenues were 6.4% below the February Projections. In the aggregate, for the three months March through May 2007, publishing revenues were $55 Million below those in the February Projections, and broadcasting revenues were $9 Million below the level necessary to service the debt incurred as part of the LBO Transaction.

52.     Upon information and belief, the financial projections were updated by management and presented, in part, to the Board in October 2007 (the "**October Projections**").

53.    Upon information and belief, despite the fact that the October Projections were downwardly revised for the short term, management, and its advisors, including VRC, ignored actual historical results and overall trends in the industry; as such, the October Projections reflected an unsustainable and unrealistic growth model, including (i) generating significant revenues for the internet based businesses despite underperforming 2007 projections by at least 4%; and (ii) outperforming February Projections on a consolidated basis, year after year, with a projected growth of 2.4% per year beginning in 2013 and accelerating through 2017.

54.    In all, VRC upwardly revised its valuation by approximately $613 Million to support the LBO Transaction and was paid in excess of $1.5 Million.

55.    By blindly accepting information and either intentionally or negligently preparing its analysis, VRC failed to provide any reasonable value for the fees it received.

56.    In September 2007, Tribune engaged Morgan Stanley to advise the Board and management concerning the LBO Transaction, including with respect to the issue of solvency.

57.    Morgan Stanley was paid at least $10 Million.

58.    Upon information and belief, Morgan Stanley either negligently or intentionally failed to advise Tribune that the application of reasonable negative assumptions to the financial projections would render Tribune and/or the Tribune Entities insolvent after giving effect to the LBO Transaction.

59.    Morgan Stanley failed to provide any reasonable value to Tribune.

60.    On December 20, 2007, Chandler Bigelow[4] and Donald C. Grenesko[5] delivered the required solvency certificates on behalf of Tribune, thereby consummating the LBO Transaction.

---

[4] Chandler Bigelow ("**Bigelow**") was Tribune's Treasurer at the time of the LBO Transaction, and currently is Tribune's Chief Financial Officer. Bigelow was also the Vice President and Treasurer of one or more of the Tribune Entities which guaranteed the obligations of Tribune. Upon information and belief, Bigelow received monetary special

(Cont'd on following page)

61.     As a result of the LBO Transaction and the Fraudulent Conveyances, Tribune (i) was

rendered insolvent; (ii) was left with unreasonably small capital or assets to operate including to

pay debts as such debts became due creditors; and/or (iii) incurred debts which Tribune Company

knew or reasonably should have known were beyond its ability to repay.

62.     As a result of the LBO Transaction and the Fraudulent Conveyances, the Tribune Entities (i)

were rendered insolvent; (ii) were left with unreasonably small capital or assets to operate

including to pay debts as such debts became due creditors; and/or (iii) incurred debts which the

Tribune Entities knew or reasonably should have known were beyond their ability to repay.

63.     As a result of the LBO Transaction and the Fraudulent Conveyances, the Tribune Retiree

Creditor Plaintiffs sustained economic injury to the extent of their unpaid general unsecured

claims arising from the Retiree Plans against Tribune.

64.     As a result of the LBO Transaction and the Fraudulent Conveyances, the Tribune Entity

Retiree Creditor Plaintiffs sustained economic injury to the extent of their unpaid general

unsecured claims arising from the Retiree Plans against one or more of the Tribune Entities.

65.     Tribune did not receive reasonably equivalent value for the Fraudulent Conveyances to

Defendants.

---

(Cont'd from preceding page)

incentives in connection with consummation of the LBO Transaction and sold at least 7,183 shares of Tribune stock for
at least $244,000 in connection with the LBO Transaction. Upon information and belief, Bigelow lives in Illinois.

[5] Donald C. Grenesko ("**Grenesko**") was Tribune's Senior Vice President of Finance and Administration at the time of
the LBO Transaction. Upon information and belief, Grenesko sold 242,357 shares of Tribune stock in connection with
the LBO Transaction from which he received approximately $8,240,138 in cash proceeds. Upon information and belief,
Grenesko also received additional monetary special incentives in connection with consummation of the LBO
Transaction. Upon information and belief, Grenesko lives in Illinois.

66.     The Tribune Entities did not receive reasonably equivalent value for the guarantee of the obligations incurred as part of the LBO Transaction or for the Fraudulent Conveyances to Defendants.

67.     Each of the Plaintiffs who are Tribune Retiree Creditor Plaintiffs were creditors of Tribune at the time of each of the Step One Transfer and the Step Two Transfer, the commencement of the Bankruptcy Case and the commencement of this case.

68.     Each of the Plaintiffs who are Tribune Entity Retiree Creditor Plaintiffs were creditors of one or more Tribune Entities at the time of each of the Step One Transfer and the Step Two Transfer, the commencement of the Bankruptcy Case and the commencement of this case.

### THE TRIBUNE COMPANY BANKRUPTCY CASES

69.     As a direct result of the LBO Transaction and the Fraudulent Conveyances, Tribune and the Tribune Entities, among other things, (i) incurred over $11 Billion in debt, (ii) transferred or caused to be transferred  approximately $8.3 Billion to purchase, repurchase, redeem and/or cancel common stock of Tribune, (iii) transferred approximately $207 Million to professionals and lenders for fees, costs and expenses; (iv) transferred approximately $907 Million in interest payments and $978 Million in principal payments on account of the debt incurred; and (v) commenced the Bankruptcy Cases on December 8, 2008, less than a year after the Step Two Transfers.

70.     Pursuant to an affidavit sworn to December 8, 2008 and filed with the Bankruptcy Court in the Bankruptcy Cases the ("**Bigelow Affidavit**"), Tribune Vice President and Chief Financial Officer, Chandler Bigelow stated that prior to the LBO Tribune and the Tribune Entities had approximately $3 Billion of indebtedness; but following the LBO Transaction, Tribune had approximately $13 Billion of debt and approximately $7.6 Billion in assets. (Bigelow Affidavit at ¶11).

18

71.    Further, pursuant to the Bigelow Affidavit, in 2007 (i) the Tribune Entities had revenues of approximately $5.1 Billion, approximately 72% of which was from publishing and approximately 28% of which was from broadcasting and entertainment; (ii) publishing revenues had declined by approximately 9% and broadcasting and entertainment revenues had declined by approximately 2% due to decreased circulation and advertizing. (Bigelow Affidavit at ¶11)

72.    Bigelow concluded that the Tribune Entities "faced increasing constraints on their liquidity, including their ability to service approximately $13 Billion in indebtedness. . . ." (Bigelow Affidavit at ¶12).

73.    Thus, the LBO Transaction rendered Tribune and the Tribune Entities insolvent or with unreasonably small capital or assets to operate including to pay debts as such debts became due to creditors.

74.    As a result of the LBO Transaction and the Bankruptcy Case, the Plaintiffs were advised that payments due to them arising from or in connection with the Retiree Plans would be treated as general unsecured claims in the Bankruptcy Cases.

75.    Consequently, the periodic benefit payments to Plaintiffs under any such Retiree Plans were immediately discontinued and all accrued and unpaid amounts due in connection with such Retiree Plans would be paid to the Plaintiffs only pursuant to the Bankruptcy Code and the terms of a confirmed plan of reorganization.

76.    The Plaintiffs had relied upon the payment of their retirement funds as a substantial part of their income and for their retirement savings.

77.    Plaintiffs, William A. Niese, James R. Simpson, Jr., W. Thomas Johnson, Jr., Richard T. Schlosberg, III and Efrem Zimblist, III, immediately formed a steering committee to protect the rights of Tribune Retiree Creditors and Tribune Entity Retiree Creditors (the "**Steering Committee**") in the Bankruptcy Cases.

78.     In December 2008, the Steering Committee engaged Teitelbaum & Baskin, LLP ("**T&B**") to
        represent the interests of the Steering Committee, and such other Tribune Retiree Creditors and
        Tribune Entity Retiree Creditors who may join them, in the Bankruptcy Case.

79.     Ultimately, approximately 194 Tribune Retiree Creditors and Tribune Entity Retiree
        Creditors joined the Steering Committee and engaged T&B to represent their interests in the
        Bankruptcy Case.

80.     Plaintiff, William A. Niese was appointed to the Official Committee of Unsecured Creditors
        (the "**Creditors' Committee**") as the representative of all retiree interests in the Bankruptcy
        Case.

81.     Since December 2008, Niese and T&B have actively participated in the Bankruptcy Case on
        behalf retirees of Tribune, Tribune Entities and Times Mirror and in furtherance of the interests of
        general unsecured creditors of Tribune and Tribune Entities.

82.     The Tribune Retiree Creditor Plaintiffs represent over $104 Million of the approximately
        $113 Million in similar claims asserted against Tribune in the Bankruptcy Cases.

83.     The Tribune Entity Retiree Creditor Plaintiffs represent over $5 Million of the
        approximately $13 Million in similar claims asserted against the Tribune Entities in the
        Bankruptcy Cases.

84.     Upon information and belief, all Plaintiff claims are liquidated in amount and not disputed
        or subject to offsets, counterclaims or defenses of any kind.

85.     After nearly 2 ½ years in bankruptcy, the Bankruptcy Court has been presented with two
        competing plans of reorganization.

86.     The DCL Plan, as amended as of April 26, 2011(Bankruptcy Court Docket No. 8769) ("the
        **DCL Plan**"), is jointly proposed by Tribune and the Tribune Entities, the Official Committee of

Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P. and JPMorgan Chase Bank, N.A. (the "**DCL Plan Proponents**").

87.    The Noteholder Plan, as amended as of April 25, 2011 (Bankruptcy Court Docket No. 8755) (the "**Noteholder Plan**"), is jointly proposed by Aurelius Capital Management, L.P., Deutsche Bank Trust Company Americas, Law Debenture Trust Company of New York and Wilmington Trust Company (the "**Noteholder Plan Proponents**").

88.    The Bankruptcy Court is presently considering which, if either, plan should be confirmed.

89.    Under each plan, each Tribune Retiree Creditor Plaintiff claim against Tribune is classified together and treated identically, irrespective of which Retiree Plan formed the basis of the claim.

90.    Under the DCL Plan (i) each Tribune Retiree Creditor Plaintiff claim against Tribune is grouped as a general unsecured claim in Class 1F (other than a convenience claim which is Class 1G), and each such claim is treated identically; and (ii) each Tribune Entity Retiree Creditor Plaintiff claim against a Tribune Entity is grouped as a general unsecured claim in Classes 2E through 111E, and each such claim is treated identically.

91.    Under the Noteholder Plan (i) each Tribune Retiree Creditor Plaintiff claim against Tribune is grouped as a general unsecured claim in Class 1G and each such claim is treated identically; and (ii) each Tribune Retiree Creditor Plaintiff claim against a Tribune Entity is grouped as a general unsecured claim in Classes 50G through 111G, and each such claim is treated identically.

92.    The Plaintiffs and retirees in general have overwhelmingly voted in favor of the DCL Plan and against the Noteholder Plan.

93.    Contested confirmation proceedings have been conducted before the Bankruptcy Court with respect to both the DCL Plan and the Noteholder Plan.

94.    Upon information and belief, in or around mid June 2011, the proponents of each of the

DCL Plan and the Noteholder Plan will have made their final submissions to the Bankruptcy

Court.

95.    It is uncertain if or when either the DCL Plan or the Noteholder Plan will be confirmed or

become effective such that distributions will be made to creditors of Tribune and Tribune Entities,

including the Plaintiffs.

96.    Assuming the DCL Plan is confirmed and becomes effective (i) Tribune Retiree Creditor

Plaintiffs who are classified as Class 1F general unsecured creditors of Tribune, would receive

initial distributions of between 32% and 35% of their allowed claims and certain such Plaintiffs

(depending upon elections they make) could receive additional distributions on account of

litigation recoveries in connection with an action commenced by the Creditors' Committee

against various parties who participated in and/or received benefits from the LBO Transaction

(the "**Committee Action**"); and (ii) the Tribune Entity Retiree Creditor Plaintiffs who are

classified as Class 2E through 111E general unsecured creditors of Tribune Entities could receive

a distribution of 100% of their allowed claims.

97.    Assuming the Noteholder Plan is confirmed and becomes effective (i) Tribune Retiree

Creditor Plaintiffs who are classified as Class 1G general unsecured creditors of Tribune, would

receive initial distributions of approximately 4% of their allowed claims and could receive

additional distributions on account of litigation recoveries; and (ii) Tribune Entity Retiree

Creditor Plaintiffs who are classified as Class 50G through 111G general unsecured creditors of

Tribune Entities could receive an initial distribution of approximately 8% of their allowed claims

and could receive additional distributions on account of litigation recoveries.

98.    On or about November 1, 2010, the Creditors' Committee commenced the Committee

Action as an adversary proceeding captioned *The Official Committee Of Unsecured Creditors Of*

*Tribune Company, on behalf of Tribune Company, et al., vs. Dennis J. Fitzsimons, et al.* (Case No. 08-13141) (Adv. Pro. No. 10-54010) (Docket No. 1). Many of the allegations made herein "upon information and belief" are based upon the detailed allegations set forth in the Creditors' Committee first amended complaint dated December 7, 2010 (Docket No. 61) (the "**Committee Action Complaint**").

99.    In addition, certain allegations made herein "upon information and belief" are based upon the report, dated July 26, 2010, filed by Kenneth Klee as the court appointed examiner in the Bankruptcy Case (the "**Examiner's Report**" available on the Bankruptcy Court's Docket at Nos. 5130 through 5134).

100.   Under both the DCL Plan and the Noteholder Plan, the prosecution of state law constructive fraud claims, such as those asserted herein, are left to the creditors holding such claims.

## JURISDICTION AND VENUE

101.   Upon information and belief, the Defendants are all similarly situated transferees of the Fraudulent Conveyances, either in their capacity as common stockholders, clearing houses for ultimate transferees, professionals or advisors.

102.   Upon information and belief, the Defendants reside in this jurisdiction, have an office in this jurisdiction, or are otherwise subject to the jurisdiction of this Court. Venue is proper based upon the residence, domicile or place of business of some or all of the Defendants.

## THE PLAINTIFFS

103.   172 Tribune Retiree Creditor Plaintiffs hold claims against Tribune in the aggregate amount of at least $104 Million based upon one or more of the Retiree Plans.

104.   17 Tribune Entity Retiree Creditor Plaintiffs hold claims against one or more Tribune Entities in the aggregate amount of at least $5 Million based upon one or more of the Retiree Plans.

105.   The Tribune Retiree Creditor Plaintiffs seek to avoid transfers made by Tribune to or for the benefit of the Defendants and to recover such funds on account of the their claims against Tribune pursuant to the UFTA as adopted in Illinois.

106.   The Tribune Entity Retiree Creditor Plaintiffs seek to avoid transfers made by Tribune Entities to or for the benefit of the Defendants and to recover such funds on account of the their claims against the Tribune Entities pursuant to the UFTA as adopted in Illinois.

107.   The Tribune Retiree Creditor Plaintiffs:

(a)   are retirees of Times Mirror and/or Tribune;

(b)   at the time of the Step One and Step Two Transfers had claims against Tribune based upon one or more of the following Retiree Plans:

- Times Mirror Excess Pension Plan (the "**Excess Plan**") which covered employees of Times Mirror whose benefits under Times Mirror's qualified pension plan were capped by IRS regulation;

- Times Mirror Supplemental Retirement Plan (the "**SERP**") which covered a limited number of senior executives of Times Mirror and provided benefits based upon salary plus bonus and a subsidized survivor annuity;

- Times Mirror Deferred Compensation Plans which permitted eligible employees or directors of Times Mirror to defer some of their annual compensation, some, or all, of their annual bonus. and in the case of directors, some or all of their annual retainer, and select a payment start date and payment period; the deferred amounts were to accrue interest at 9% per annum; and Tribune Supplemental 401(k) Plan (together with the Times Mirror Deferred Compensation Plans, the "**DC-Plans**") which

24

permitted eligible employees of Tribune to receive a supplemental company contribution related to their 401(k) benefits; and

- Special Letter Agreements, including severance, pension, salary continuation and/or supplemental payment agreements, ("**Letter Agreements**") which were entered into with certain executives to provide an additional severance, salary continuation, supplemental payments or pension package.

108.   The Tribune Entity Retiree Creditor Plaintiffs:

(a)   are retirees of one or more Tribune Entities; and

(b)   who at the time of the LBO Transaction had claims against one or more Tribune Entities based upon Special Letter Agreements, including severance, pension, salary continuation and/or supplemental payment agreements, ("**Subsidiary Letter Agreements**") which were entered into with certain executives to provide additional severance, salary continuation, supplemental payments or pension package.

109.   None of the Plaintiffs has released their SLCF Claims asserted herein by electing to grant a release as part of the DCL Plan election form, distributed in May 2011 (the "**DCL Plan Election Form**").

110.   None of the Plaintiffs has contributed their SLCF Claims asserted herein to a creditors' trust as part of the DCL Plan Election Form.

**Tribune Retiree Creditor Plaintiffs**

111.   Each of the Tribune Retiree Creditor Plaintiffs identified herein are creditors of Tribune and were creditors of Tribune as of the Step One and Step Two Transfers and the commencement of the Bankruptcy Case:

(a) **William A. Niese:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $1,894,702.51.

(b) **James R. Simpson:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $3,924,877.86.

(c) **W. Thomas Johnson, Jr.:** (i) is a citizen and/or resident of the State of Georgia; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $2,091,151.24.

(d) **Richard T. Schlosberg, III:** (i) is a citizen and/or resident of the State of Texas; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $2,760,068.72.

(e) **Efrem Zimbalist, III:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $2,206,657.73.

(f) **Fred A. Abatemarco:** (i) is a citizen and/or resident of the State of New York; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $105,156.30.

(g) **Gerald J. Alcantar:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $11,811.29.

(h) **Richard S. Alfano:** (i) is a citizen and/or resident of the State of Texas; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $56,537.94.

(i)   **C. Michael Armstrong:** (i) is a citizen and/or resident of the State of Florida; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $195,890.45.

(j)   **Gary M. Arnold:** (i) is a citizen and/or resident of the State of Illinois; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $103,730.01.

(k)   **John M. Arthur:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $78,075.76.

(l)   **William H. Barlow:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $30,213.16.

(m)  **David S. Barrett:** (i) is a citizen and/or resident of the State of Connecticut; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $4,685.88.

(n)   **Bruce E. Barwick:** (i) is a citizen and/or resident of the State of Maryland; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $46,913.69.

(o)   **Todd A. Becker:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $130,317.53.

(p)   **George Bell:** (i) is a citizen and/or resident of the State of Massachusetts; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $21,758.70.

(q)  **Susan P. Bell:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $43,290.37.

(r)  **Horst A. Bergmann:** (i) is a citizen and/or resident of the State of Colorado; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $5,868,608.14.

(s)  **Edward L. Blood:** (i) is a citizen and/or resident of the State of Arizona; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $85,974.55.

(t)  **Gregory L. Bowlin:** (i) is a citizen and/or resident of the State of Colorado; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $548.59.

(u)  **Robert F. Brandt:** (i) is a citizen and/or resident of the State of Maryland; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $51,409.08.

(v)  **Alan L. Brauer:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $27,545.56.

(w)  **Leo Brennan:** (i) is a citizen and/or resident of the State of Georgia; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $650,642.48.

(x)  **Kenneth H. Brief:** (i) is a citizen and/or resident of the State of Maine; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $79,868.36.

(y) **Robert N. Brisco:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $55,918.19.

(z) **Patricia G. Campbell:** (i) is a citizen and/or resident of the State of Pennsylvania; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $102,312.38.

(aa) **Dian S. Carpenter:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $703,514.32.

(bb) **John S. Carroll:** (i) is a citizen and/or resident of the State of Kentucky; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $1,523,628.61.

(cc) **Kathleen M. Casey:** (i) is a citizen and/or resident of the State of Texas; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $111,836.75.

(dd) **Rajender K. Chandhok:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $49,874.04.

(ee) **Randolph R. Charles:** (i) is a citizen and/or resident of the State of Pennsylvania; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $53,190.66.

(ff) **Janet T. Clayton:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $122,035.39.

(gg) **Patrick A. Clifford:** (i) is a citizen and/or resident of the State of New York; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $1,161,516.02.

(hh) **Andrew W. Clurman:** (i) is a citizen and/or resident of the State of Colorado; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $50,625.17.

(ii) **C. Shelby Coffey, III:** (i) is a citizen and/or resident of the State of Virginia; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $239,849.60.

(jj) **Stuart K. Coppens:** (i) is a citizen and/or resident of the State of Florida; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $22,713.20.

(kk) **George J. Cotliar:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $239,050.32.

(ll) **William D. Crawford:** (i) is a citizen and/or resident of the State of Florida; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $81,779.00.

(mm) **Barbara R. DeYoung:** (i) is a citizen and/or resident of the State of New York; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $140,144.34.

(nn) **John F. Dill:** (i) is a citizen and/or resident of the State of Florida; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $109,100.04.

(oo) **Ann E. Dilworth:** (i) is a citizen and/or resident of the State of New Mexico; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $184,998.00.

(pp) **Kathryn M. Downing:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $1,350,233.65.

(qq) **Beverly Dreher:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $58,882.23.

(rr) **Elizabeth V. Drewry:** (i) is a citizen and/or resident of the State of South Carolina; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $159,351.22.

(ss) **Michael S. Dubester:** (i) is a citizen and/or resident of the State of New York; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $38,404.01.

(tt) **John M. Dyer:** (i) is a citizen and/or resident of the State of Georgia; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $592,605.17.

(uu) **Robert F. Erburu:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $8,976,796.34.

(vv) **David A. Esgro:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $32,602.00.

(ww)     **Joanne K. Falk:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $133,983.00.

(xx) **Peter J. Fernald:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than **$174,235.31.**

(yy) **James E. Fitzgerald:** (i) is a citizen and/or resident of the State of New York; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $133,437.04.

(zz) **Michael J. Forgione:** (i) is a citizen and/or resident of the State of New York; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $44,838.32.

(aaa)     **Donald H. Forst:** (i) is a citizen and/or resident of the State of New York; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $115,977.12.

(bbb)     **Douglas Fox:** (i) is a citizen and/or resident of the State of New York; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $154,934.21.

(ccc)     **Vance I. Furukawa:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $318,241.94.

(ddd)     **Debra A. Gastler:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $105,061.35.

(eee)     **Gary P. Goldstein:** (i) is a citizen and/or resident of the State of New York; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $217,241.76.

(fff) **Edward J. Gottsman:** (i) is a citizen and/or resident of the State of New York; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $181,031.90.

(ggg)     **Marian Lewis (for the estate of Kenneth Graham):** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $14,288.91.

(hhh)     **Robert T. Grant:** (i) is a citizen and/or resident of the State of Florida; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $37,899.74.

(iii) **Richard Guerrero:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $569,312.18.

(jjj) **Lee J. Guittar:** (i) is a citizen and/or resident of the State of Florida; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $126,217.54.

(kkk)     **James F. Guthrie:** (i) is a citizen and/or resident of the State of Texas; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $577,807.24.

(lll) **Delynn T. Guttry:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $70,638.34.

(mmm)   **Kenneth L. Halajian:** (i) is a citizen and/or resident of the State of New York; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $279,880.66.

(nnn)   **Charlotte H. Hall:** (i) is a citizen and/or resident of the State of Pennsylvania; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $532,387.27.

(ooo)   **Jean Halle:** (i) is a citizen and/or resident of the State of Maryland; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $45,477.17.

(ppp)   **Michael J. Haugh:** (i) is a citizen and/or resident of the State of New Jersey; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $173,043.24.

(qqq)   **Janis Heaphy:** (i) is a citizen and/or resident of the State of Texas; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $116,041.17.

(rrr) **James D. Helin:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $34,404.38.

(sss)   **Curtis A. Hessler:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $1,022,521.60.

(ttt) **James H. Higby:** (i) is a citizen and/or resident of the State of Connecticut; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $57,086.86.

(uuu)     **Lawrence M. Higby:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $191,250.95.

(vvv)     **Raymond Holton:** (i) is a citizen and/or resident of the State of Pennsylvania; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $86,402.16.

(www)     **Karen Laukka Horn:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $329,826.52.

(xxx)     **Leslie M. Howard:** (i) is a citizen and/or resident of the State of New York; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $145,496.90.

(yyy)     **Mark E. Howe:** (i) is a citizen and/or resident of the State of New York; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $187,208.77.

(zzz)     **Joseph M. Hughes:** (i) is a citizen and/or resident of the State of Arizona; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $188,913.12.

(aaaa)     **Alberto Ibarguen:** (i) is a citizen and/or resident of the State of Florida; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $59,577.00.

(bbbb)   **James Imbriaco:** (i) is a citizen and/or resident of the State of New Jersey; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $63,028.95.

(cccc)   **Steven L. Isenberg:** (i) is a citizen and/or resident of the State of New York; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $577,618.26.

(dddd)   **William R. Isinger:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $298,855.71.

(eeee)   **Raymond A. Jansen, Jr.:** (i) is a citizen and/or resident of the State of Florida; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $6,439,394.24.

(ffff)   **Edward E. Johnson:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $1,183,611.96.

(gggg)   **Robert M. Johnson:** (i) is a citizen and/or resident of the State of Michigan; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $314,859.81.

(hhhh)   **Mary E. Junck:** (i) is a citizen and/or resident of the State of Iowa; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $687,471.28.

(iiii)   **Scott W. Kabak:** (i) is a citizen and/or resident of the State of New York; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $135,856.56.

(jjjj)**Judith S. Kallet:** (i) is a citizen and/or resident of the State of Florida; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $86,874.62.

(kkkk)   **William F. Keller:** (i) is a citizen and/or resident of the State of Illinois; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $43,819.77.

(llll)**Joan Kellermann (for the estate of Donald S. Kellermann):** (i) is a citizen and/or resident of Washington DC; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $202,942.77.

(mmmm) **Victoria King:** (i) is a citizen and/or resident of the State of New York; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $74,235.11.

(nnnn)   **Jason E. Klein:** (i) is a citizen and/or resident of the State of New York; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $113,350.42.

(oooo)   **Jeffrey S. Klein:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $214,771.81.

(pppp)   **Susan K. Klutnick:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $381,723.02.

(qqqq)    **James L. Kopper:** (i) is a citizen and/or resident of the State of Florida; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $353,362.22.

(rrrr)    **Sally Kuekes:** (i) is a citizen and/or resident of the State of Arizona; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $49,664.99.

(ssss)    **Mark H. Kurtich:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $90,448.02.

(tttt)**Kimberly McCleary LaFrance:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $44,006.64.

(uuuu)    **Jeffrey W. Lankey:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $8,600.23.

(vvvv)    **David A. Laventhol:** (i) is a citizen and/or resident of the State of New York; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $3,598,937.76.

(wwww)    **R. Marilyn Lee Schneider:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $63,947.25.

(xxxx)    **Martin P. Levin:** (i) is a citizen and/or resident of the State of New York; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages **in the amount of not less than $103,195.50.**

(yyyy)    **Jesse E. Levine:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $49,524.89.

(zzzz)    **Nancy Lobdell:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $115,583.28.

(aaaaa)    **Robert G. Magnuson:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $230,074.32.

(bbbbb)    **Anthony J. Marro:** (i) is a citizen and/or resident of the State of Vermont; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $324,038.35.

(ccccc)    **Donald S Maxwell:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $375,385.65.

(ddddd)    **Kathleen G. McGuinness:** (i) is a citizen and/or resident of the State of Iowa; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $1,800,192.32.

(eeeee)    **John C. McKeon:** (i) is a citizen and/or resident of the State of Texas; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $91,979.56.

(fffff)    **Jack E. Meadows:** (i) is a citizen and/or resident of the State of Arkansas; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $108,100.07.

(ggggg)    **Stephen C. Meier:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $232,480.68.

(hhhhh)    **Janie Molvar:** (i) is a citizen and/or resident of the State of Oregon; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $843,787.40.

(iiiii)    **Roger H. Molvar:** (i) is a citizen and/or resident of the State of Washington; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $560,764.12.

(jjjjj)    **Durham J. Monsma:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $107,492.11.

(kkkkk)    **John T. Nash:** (i) is a citizen and/or resident of the State of Hawaii; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $373,594.11.

(lllll)    **Nicholas H. Niles:** (i) is a citizen and/or resident of the State of Pennsylvania; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $43,691.01.

(mmmmm)    **James H. Norris:** (i) is a citizen and/or resident of the State of New York; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $244,398.59.

(nnnnn)   **James H. Nuckols:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $159,526.04.

(ooooo)   **Nancy W. O'Neill:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and **damages in the amount of not less than $473,600.44.**

(ppppp)   **Robert T. O'Sullivan:** (i) is a citizen and/or resident of the State of New Jersey; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $317,971.62.

(qqqqq)   **Francis P. Pandolfi:** (i) is a citizen and/or resident of the State of Connecticut; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $172,194.00.

(rrrrr)   **Michael C. Parks:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $1,963,183.90.

(sssss)   **Jeffrey N. Paro:** (i) is a citizen and/or resident of the State of New Jersey; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $57,050.82.

(ttttt)   **John F. Patinella:** (i) is a citizen and/or resident of the State of Florida; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $150,001.24.

(uuuuu)   **Janette O. Payne:** (i) is a citizen and/or resident of the State of New York; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $35,393.07.

41

(vvvvv)   **Carol Perruso:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages **in the amount of not less than $93,718.73.**

(wwwww) **Victor A. Perry: (i) is a citizen and/or resident of the State of Georgia; (ii) or the duly authorized representative of the** Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $32,377.21.

(xxxxx)   **Maureen G. Peterson:** (i) is a citizen and/or resident of the State of Connecticut; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $594,751.05.

(yyyyy)   **Martha A. Petty:** (i) is a citizen and/or resident of the State of Florida; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $149,885.51.

(zzzzz)   **Jack L. Plank:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $316,088.85.

(aaaaaa)   **Elizabeth F. Redmond:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $838,434.21.

(bbbbbb)  **S. Keating Rhoads:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $98,744.57.

(cccccc)   **Michael R. Riley:** (i) is a citizen and/or resident of the State of Pennsylvania; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $123,950.91.

(dddddd)   **Michael G. Rose:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $352,557.60.

(eeeeee)   **William J. Rowe:** (i) is a citizen and/or resident of the State of Florida; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $308,021.09.

(ffffff)   **Jerome S. Rubin:** (i) is a citizen and/or resident of the State of New York; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $151,876.68.

(gggggg)   **Alexander Sann:** (i) is a citizen and/or resident of the State of New York; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $1,456,012.18.

(hhhhhh)   **Geraldine Scally:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $28,433.38.

(iiiiii)   **Herbert K. Schnall:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $601,401.39.

(jjjjjj)   **Charles I. Schneider:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $300,413.12.

(kkkkkk)  **Hilary A. Schneider:**  (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $116,920.23.

(llllll)  **Howard S. Schneider:**  (i) is a citizen and/or resident of the State of New York; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $111,725.93.

(mmmmmm)  **Brian J. Sellstrom:**  (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $59,424.51.

(nnnnnn)  **James D. Shaw:**  (i) is a citizen and/or resident of the State of Virginia; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $188,663.28.

(oooooo)  **Dennis A. Shirley:**  (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $1,374,704.51.

(pppppp)  **Gary K. Shorts:**  (i) is a citizen and/or resident of the State of Pennsylvania; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $169,089.46.

(qqqqqq)  **Louis Sito:**  (i) is a citizen and/or resident of the State of South Carolina; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $100,409.32.

(rrrrrr)  **Richard W. Stanton:**  (i) is a citizen and/or resident of the State of Pennsylvania; (ii) or the duly authorized representative of the Plaintiff, has the legal right

to bring this action and asserts a claim and damages in the amount of not less than $58,991.00.

(ssssss)   **Judith L. Sweeney:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $37,827.72.

(tttttt)   **Stender E. Sweeney:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $92,525.62.

(uuuuuu)   **James S. Toedtman:** (i) is a citizen and/or resident of the State of Virginia; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $7,503.51.

(vvvvvv)   **Sharon S. Tunstall:** (i) is a citizen and/or resident of the State of Michigan; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $8,684.60.

(wwwwww)   **Michael S. Udovic:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and **damages in the amount of not less than $6,875.50.**

(xxxxxx)   **Michael J. Valenti:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $1,228,403.25.

(yyyyyy)   **Karen J. Wada:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $277,091.87.

(zzzzzz)   **Claudia A. Wade:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $25,214.57.

(aaaaaaa)   **James W. Wallace:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $319,337.67.

(bbbbbbb)   **Michael E. Waller:** (i) is a citizen and/or resident of the State of South Carolina; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $1,856,802.57.

(ccccccc)   **Larry W. Wangberg:** (i) is a citizen and/or resident of the State of Idaho; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $403,201.80.

(ddddddd)   **Howard Weinstein:** (i) is a citizen and/or resident of the State of Maryland; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $346,023.78.

(eeeeeee)   **William D. Wiegand:** (i) is a citizen and/or resident of the State of Washington; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $348,721.05.

(fffffff)   **Mary A. Wild:** (i) is a citizen and/or resident of the State of Colorado; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $36,816.87.

(ggggggg) **Mark H. Willes:** (i) is a citizen and/or resident of the State of Utah; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $19,534,351.47.

(hhhhhhh) **Phillip L. Williams:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $572,842.71.

(iiiiiii)     **Hazel E. Wilson:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages **in the amount of not less than $26,114.05.**

(jjjjjjj)     **Julia C. Wilson:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $219,353.70.

(kkkkkkk) **Harold F. Woldt, Jr.:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $35,533.16.

(lllllll)     **Leo Wolinsky:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $606,750.39.

(mmmmmmm)     **Donald F. Wright:** (i) is a citizen and/or resident of the State of New Mexico; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $2,713,574.92.

(nnnnnnn) **John W. Young:** (i) is a citizen and/or resident of the State of New York; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $73,452.93.

(ooooooo) **John J. Zakarian:** (i) is a citizen and/or resident of the State of Connecticut; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $295,629.56.

(ppppppp) **Norene Zapanta (trustee for Dr. Edward Zapanta Trust):** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $11,482.47.

### Tribune Entity Retiree Creditor Plaintiffs

112.    Each of the Tribune Entity Retiree Creditor Plaintiffs identified herein are creditors of one or more Tribune Entities and were creditors of one or more Tribune Entities as of the Step One and Step Two Transfers and the commencement of the Bankruptcy Case:

(a)   **Sharon M. Bowen:** (i) is a citizen and/or resident of the State of Maryland; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $7,928.66.

(b)   **Janet T. Clayton:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $15,217.72.

(c)   **James Willard Colston:** (i) is a citizen and/or resident of the State of Maine; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $341,112.31.

(d) **Grace E. Crowder:** (i) is a citizen and/or resident of the State of Pennsylvania; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $328,983.31.

(e) **John Darnall:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $12,067.23.

(f) **Kenneth G. Davis:** (i) is a citizen and/or resident of the State of Maryland; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $85,588.75.

(g) **Mary M. Downes:** (i) is a citizen and/or resident of the State of South Carolina; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $107,609.85.

(h) **Paul H. Egan:** (i) is a citizen and/or resident of the State of Oregon; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $23,494.71.

(i) **Arnold J. Kleiner:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $2,428,807.91.

(j) **John C. McKeon:** (i) is a citizen and/or resident of the State of Texas; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $4,949.00.

(k) **John R. Murphy:** (i) is a citizen and/or resident of the State of Georgia; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $1,259,218.77.

(l)  **Barbara Sample (for the estate of Jack W. Neely):** (i) is a citizen and/or resident of the State of Virginia; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $8,957.24.

(m)  **Carolyn Selzer:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $8,834.93.

(n)  **William F. Thomas:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $395,688.06.

(o)  **Caroline Thorpe:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $60,000.00.

(p)  **Robert E. Trainor:** (i) is a citizen and/or resident of the State of Maryland; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $74,825.54.

(q)  **Herbert J. Vida:** (i) is a citizen and/or resident of the State of California; (ii) or the duly authorized representative of the Plaintiff, has the legal right to bring this action and asserts a claim and damages in the amount of not less than $45,399.65.

## THE DEFENDANTS

**Entity Stock Transferee Defendants:**

113.  Upon information and belief, **Defendant AllianceBernstein L.P.** is a Limited Partnership formed under the laws of the State of Delaware, authorized to do business in the State of New